IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.* [4] | CASE NO.: 21-32351 |
| Debtors. | (Joint Administration Requested) |

**ORDER GRANTING DEBTORS' <u>EMERGENCY</u> APPLICATION
FOR ORDER APPOINTING BMC GROUP, INC. AS CLAIMS, NOTICING,
SOLICITATION, AND ADMINISTRATIVE AGENT**

Upon the application (the "**Application**")[5] of the debtors and debtor in possession (the "**Debtors**") in the above-captioned case for entry of an order (this "**Order**") (a) authorizing the retention and appointment of BMC Group, Inc. ("**BMC**") as claims and noticing agent ("**Claims and Noticing Agent**") pursuant to 28 U.S.C. § 156(c) and Sections 105(a) and 327(a) of the Bankruptcy Code and (b) granting related relief, all as more fully set forth in the Application; and upon the Court's review of the Feil Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, the Debtors' estates, its creditors and other parties in interest; and this

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[5] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

4840-3137-7393.1

Court having found that the Debtors' notice of the Application and opportunity for a hearing:

**IT IS HEREBY ORDERED:**

1. The Debtors are authorized to retain and appoint BMC as Claims and Noticing Agent under the terms of the Claims Agent Agreement as set forth in this Order, and BMC is authorized and directed to perform noticing and balloting services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and other related tasks as described in the Application, the Claims Agent Agreement, and this Order. The Clerk shall provide BMC with ECF credentials that allow BMC to receive ECF notifications and file certificates of service. BMC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim (if any) filed in these Chapter 11 Cases and is authorized and directed to maintain an official claims register for the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

2. BMC is authorized and directed to provide an electronic interface for filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim. BMC shall provide public access to the claims register, including complete proofs of claim with attachments, if any, without charge. No redaction is permitted unless ordered by the Court.

3. BMC is authorized to take such other action to comply with all duties and Services set forth in the Application.

4. Notwithstanding the Application or Claims Agent Agreement, to the extent the Debtors wish to expand the scope of BMC's services beyond those services set forth in the Application and Claims Agent Agreement, the Debtors shall be required to seek further approval from this Court.

5. Notwithstanding Sections 330 and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016, the Debtors are authorized to compensate BMC in accordance with the terms of the Claims Agent Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by BMC and the rates charged for each, and to reimburse BMC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for BMC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

6. BMC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

7. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Claims Agent Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

8. Without further order of the Court, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of BMC under this Order shall be an administrative expense of the Debtors' estates.

9. BMC may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, BMC may hold its advance under the Claims Agent Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Claims Agent Agreement.

10. The Debtors shall indemnify BMC under the terms of the Claims Agent Agreement, as modified pursuant to this Order.

11.  BMC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Claims Agent Agreement for services other than the services provided under the Claims Agent Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

12.  Notwithstanding anything to the contrary in the Claims Agent Agreement, the Debtors shall have no obligation to indemnify BMC, or provide contribution or reimbursement to BMC, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from BMC's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtors allege the breach of BMC's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which BMC should not receive indemnity, contribution, or reimbursement under the terms of the Claims Agent Agreement as modified by this Order.

13.  If before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) or (b) the entry of an order closing these Chapter 11 Cases, BMC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Claims Agent Agreement (as modified by this Order), including the advancement of defense costs, BMC must file an

application therefor in this Court, and the Debtors may not pay any such amounts to BMC before the entry of an order by this Court approving the payment. If BMC seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Claims Agent Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in BMC's own applications, both interim and final, but determined by this Court after notice and a hearing. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BMC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BMC. All parties in interest shall retain the right to object to any demand by BMC for indemnification, contribution, or reimbursement.

14. In the event BMC is unable to provide the Services set out in this Order, BMC will immediately notify the Clerk and the Debtors' attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

15. After entry of an order terminating BMC's services, upon the closing of the Chapter 11 Cases, or for any other reason, BMC shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Debtors in connection therewith.

16. BMC shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

17. In the event the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code and if claims agent representation would be necessary in the converted chapter

5

7 case, BMC shall continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms set forth herein.

18. In the event of any inconsistency between the Claims Agent Agreement, the Application, including the Feil Declaration, and this Order, this Order shall govern.

19. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20. The requirements of Bankruptcy Rule 6004(a) are waived and, notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry

21. The Debtors and BMC are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DATED:

_____
Honorable David R. Jones
United States Bankruptcy Judge

4840-3137-7393.1