**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LIMETREE BAY SERVICES, LLC,** *et al.* [1] | **CASE NO.: 21-32351** |
| **Debtors.** | **(Joint Administration Requested)** |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363, AND 364 AUTHORIZING:
(I) THE CONTINUED USE OF THE DEBTORS' PREPETITION CASH
MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS,
BUSINESS FORMS, AND COMPANY CREDIT CARDS; (II) CONTINUED USE OF
INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES; AND
(III) OPENING NEW DEBTOR IN POSSESSION ACCOUNTS, IF NECESSARY**

**Emergency relief has been requested. A hearing will be conducted on this matter on July 13, 2021, at 3:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk St., Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than July 13, 2021.**

Limetree Bay Services, LLC ("**Limetree**") and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**").

## Relief Requested

1. Pursuant to Sections 105(a), 345(b), 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of interim and final orders authorizing the Debtors to: (i) continue using their prepetition cash management system, including using existing bank accounts and business forms; (ii) continue intercompany arrangements and historical practices; and (iii) open new debtor in possession accounts, if necessary.

2. A proposed form of interim order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Interim Order**"). A proposed form of final order shall be submitted before the final hearing on the Motion (the "**Final Hearing**").

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Background**

4. On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

5. By separate motion submitted to the Court, the Debtors have sought entry of an order authorizing the joint administration of the Debtors' respective bankruptcy cases with the Limetree Bay Services, LLC case, as the lead case, and permission to use a consolidated case caption as detailed therein.

6. A discussion of the facts and circumstances surrounding these Chapter 11 Cases and underlying the relief requested herein is set forth in the *Declaration of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), which is being filed simultaneously with this Motion and incorporated herein by reference in its entirety.

**The Debtors and their Cash Management System**

7. In the ordinary course of business, the Debtors maintain a cash management system (the "**Cash Management System**"). The Cash Management System is comprised of 20 bank accounts (collectively, the "**Bank Accounts**") with Oriental Bank, Deutsche Bank (defined below), and CitiBank (collectively, the "**Depositors**"). The Cash Management System allows the Debtors to efficiently identify and track the Debtors' revenues, cash requirements, and liabilities, transfer cash as needed, forecast cash needs, maintain accounting records, and pay necessary expenses. The Cash Management System is generally described below.

8. The Cash Management System is maintained in accordance with the terms of the Amended and Restated Depositary and Intercreditor Agreement by and among Limetree Bay Refining, LLC ("**LBR**"), Limetree Bay Refining Marketing, LLC ("**LBRM**"), Limetree Bay Refining Operating, LLC ("**LBRO**"), Goldman Sachs Bank USA, J. Aron & Company LLC, and Deutsche Bank Trust Company Americas (together with its affiliates, "**Deutsche Bank**") dated March 3, 2020 (the "**Prepetition Depositary Agreement**"). Under the terms of the Prepetition Depositary Agreement, revenues from the Debtors' operations are deposited in revenue accounts with Deutsche Bank (collectively, the "**Revenue Accounts**") maintained by LBR and LBRM. Following receipt of the revenues, funds are disbursed to operating accounts with Oriental Bank (collectively, the "**Operational Accounts**") maintained LBR and/or LBRM, from which LBR and LBRM pay operational expenses associated with the Debtors' enterprise, either directly or through further distribution of revenues to affiliates in accordance with the provisions of the Prepetition Depositary Agreement.

9. In addition to the distribution of funds pursuant to the Prepetition Depositary Agreement, the Debtors make certain periodic intercompany transfers (the "**Intercompany Arrangements**") to affiliates. For example, premiums for the Debtors' health insurance program are debited from the LBR bank account and, thereafter, the other Debtors' respective portions of the premiums are recouped by LBR via Intercompany Arrangements. Additionally, the Debtors provide corporate credit cards to certain employees for purposes of paying business-related expenses. LBR pays the amounts due on the corporate credit card accounts via a single payment for all enrolled Debtors and, thereafter, payments attributable to cardholders employed by other Debtors are recouped via Intercompany Arrangements. The Debtors' accounting

system tracks the Intercompany Arrangements by detailing loans to and from certain Debtors and allocates expenses between the Debtors for these Intercompany Arrangements.

10.   In the ordinary course of business, the Debtors also use numerous checks and other business forms (collectively, the "**Business Forms**").  To minimize expenses to their estates and to avoid confusion and unnecessary distraction on the part of employees and business partners, the Debtors believe it is appropriate for them to continue to use the same Business Forms, without reference to the Debtors' status as debtors in possession.  Requiring otherwise will cause the Debtors to incur the expense, delay, and distraction of ordering entirely new business forms and moving them into daily use.

### Relief Requested

11.   The Office of the United States Trustee has established certain operating guidelines that are imposed on debtors in possession to ensure the proper administration of chapter 11 cases and to allow them to properly supervise case administration (the "**Guidelines**"). The Guidelines require chapter 11 debtors to, among other things: (i) close all existing bank accounts and open new debtor in possession bank accounts; and (ii) obtain checks for all debtor in possession accounts which bear the designation "debtor in possession," the bankruptcy case number, and the type of accounts.  The Guidelines are designed to provide a clear line of demarcation between prepetition and postpetition claims.

12.   By this Motion, and subject to the terms of the Proposed Interim Order, the Debtors respectfully request authority to (i) continue to use, with the same account numbers, the Bank Accounts listed on **Exhibit B**, (ii) treat the Bank Accounts listed on **Exhibit B** for all purposes as accounts of the Debtors as debtors in possession; (iii) use, in their present form, all Business Forms including, but not limited to, letterhead, invoices, checks, and other documents related to the Cash Management System existing immediately before the Petition Date, without

reference to the Debtors' status as debtors in possession; (iv) continue the Intercompany Arrangements; and (v) open new debtor in possession accounts, if necessary. Further, allowing the Debtors to continue its business practices on an interim basis, pending the Final Hearing, will enable the Debtors to (i) quickly create status reports on the location and amount of funds, allowing management to track and control corporate funds, (ii) ensure cash availability, and (iii) reduce administrative expenses by facilitating the movement of funds.

13. Additionally, the Debtors request that the Court authorize all financial institutions with which the Debtors maintain Bank Accounts to continue to maintain, service, and administer such accounts, except that such financial institutions shall not be authorized to honor any check issued or dated prior to the Petition Date, unless the Debtors represent that the payment is authorized by an order of this Court. To ensure that banks at which the Debtors maintain Bank Accounts only honor checks in accordance with orders issued by this Court, the Debtors have served a copy of this Motion on Deutsche Bank, Oriental Bank and Citibank. The Debtors will also serve Deutsche Bank, Oriental Bank and Citibank with a copy of any order approving the relief requested herein and any other orders issued by this Court by which those banks are authorized to honor prepetition obligations.

## Supporting Authority

14. In complex chapter 11 cases such as these, the Debtors submit it is appropriate for the Court to waive the Debtors' compliance with the Guidelines because requiring the Debtors to adhere to the Guidelines would prove detrimental to the Debtors transition to bankruptcy and provide little benefit to the Debtors' estates and creditors. *See e.g., In re General Growth Properties, Inc*., 412 B.R. 122 (Bankr. S.D.N.Y. 2009); *In re Lehman Brothers Holdings, Inc*., Case No. 08-13555, 2008 WL 4902202 at *1 (Bankr. S.D.N.Y. Nov. 6, 2008); *In re Charter Behavioral Health Systems, LLC,* 292 B.R. 36 (Bankr. D. Del. 2003).

15. An integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *See In re Columbia Gas Sys., Inc.,* 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in relevant part and rev'd in part*, 997 F.2d 1039, 1061 (3d Cir. 1993). *See also In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (stating that debtor's cash management systems allowed the debtor to "to administer more efficiently and effectively its financial operations and assets").

16. The uninterrupted use of the Debtors' Cash Management System and existing business practices related thereto, as described herein, is important to the Debtors' ability to transition into bankruptcy without interruption to business operations and the satisfaction of financial obligations. Without the relief requested herein, the Debtors will be required to immediately revise their Cash Management System and open new bank accounts as debtors in possession, which would be disruptive, would increase operating costs, and negatively impact the Debtors' cash flow without corresponding benefit. Authorizing the Debtors to maintain their prepetition practices described herein would also greatly facilitate the Debtors' transition into chapter 11, by among other things, minimizing delays in paying postpetition debts and eliminating administrative inefficiencies.

17. The Debtors believe that the relief requested herein is in the best interest of their respective estates and creditors. Preserving a "business as usual" atmosphere and avoiding distractions that would result from an overhaul of the current Cash Management System will facilitate the Debtors' ability to successfully navigate these Chapter 11 Cases.

18. Due to the informal and formal notice that creditors will receive regarding the Debtors' Chapter 11 Cases and status as a debtor in possession, the Debtors believe that

continued use of the Business Forms is appropriate and, moreover, that changing business forms would prove unnecessary and unduly burdensome.

19. Similarly, discontinuing the Intercompany Arrangements could impact the Debtors' ability to pay payroll expenses, maintain employee benefits, and reimburse employees for business expenses charged to corporate credit cards. Therefore, the Debtors respectfully submit that the continuation of the Intercompany Arrangements is in the best interest of the Debtors' estates and their creditors, and therefore, the Debtors should be permitted to continue such Intercompany Arrangements.

### Request for Emergency Relief

20. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Specifically, the relief requested in this Motion will allow the Debtors' businesses to continue with minimal disruption, save costs, and avoid undue administrative burden, but will achieve these goals only if granted shortly after the Petition Date. The Debtors submit that this satisfies the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

21. Pursuant to Local Rule 9013-1(i), this Motion is verified as to its accuracy by Debtors' proposed counsel.

### Waiver of Bankruptcy Rule 6004(a) and (h)

22. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a), to

the extent applicable, and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h), to the extent applicable.

### Request for Final Hearing

23. The Debtors request that the Court set a date for the Final Hearing that is as soon as practicable and fix the time and date prior to the Final Hearing for parties to file objections to this Motion.

### Notice

24. Notice of this Motion, whether by facsimile, electronic mail, or overnight courier, will be given to the following parties: (a) the United States Trustee for the Southern District of Texas; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  **Notice of this Motion is also being provided to Deutsche Bank, Oriental Bank and Citibank**.  The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors respectfully submit that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and for all other relief that is appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 12th day of July, 2021.

        **BAKER & HOSTETLER LLP**

        */s/ Elizabeth A. Green*
        **Elizabeth A. Green, Esq.**
        Fed ID No.: 903144
        **Jimmy D. Parrish, Esq.**
        Fed. ID No. 2687598
        SunTrust Center, Suite 2300
        200 South Orange Avenue
        Orlando, FL  32801-3432
        Telephone:  407.649.4000
        Facsimile:   407.841.0168
        Email: egreen@bakerlaw.com
               jparrish@bakerlaw.com

        **BAKER & HOSTETLER LLP**
        **Jorian L. Rose, Esq.**
        N.Y. Reg. No. 2901783
        45 Rockefeller Plaza
        New York, New York
        Telephone:  212.589.4200
        Facsimile:  212.589.4201
        Email: jrose@bakerlaw.com
        *(Motion for admission pro hac vice to be filed)*

        *Proposed Counsel for the Debtors and Debtors in Possession*

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

        */s/ Elizabeth A. Green*
        Elizabeth A. Green

## Certificate of Service

I certify that on July 12, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

        */s/ Elizabeth A. Green*
        Elizabeth A. Green