

ENTERED
07/14/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.* [1] | CASE NO.: 21-32351 |
| Debtors. | Jointly Administered |
| | (Docket No. 12) |

**INTERIM ORDER GRANTING DEBTORS'
EMERGENCY MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363, AND 364 AUTHORIZING:
(I) THE CONTINUED USE OF THE DEBTORS' PREPETITION CASH
MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS,
BUSINESS FORMS, AND COMPANY CREDIT CARDS; (II) CONTINUED USE OF
INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES; AND
(III) OPENING NEW DEBTOR IN POSSESSION ACCOUNTS, IF NECESSARY**

Upon the motion ("**Motion**")[2] of the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") for entry of an order (the "**Order**") authorizing the Debtors to maintain prepetition cash management systems and business forms on an interim basis, pending a Final Hearing, as more fully set forth in the Motion; finding this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157; finding this Court may enter final orders in this matter consistent with Article III of the United States Constitution; finding that this matter is properly venued in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; finding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

notice of the Motion due and proper under the circumstances and in accordance with all applicable rules and orders, and no further or additional notice of the Motion being warranted; receiving no objections to the relief requested in the Motion; having considered the Motion, the First Day Declaration and all other documents submitted in support of the Motion; and, after due deliberation, finding that the relief requested by and through the Motion is due and proper and serves the best interests of the estates and their creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to: (i) continue to use, with the same account numbers, the Bank Accounts on **Exhibit B** to the Motion, a copy of which is attached hereto; (ii) treat the Bank Accounts listed on **Exhibit B** to the Motion for all purposes as accounts of the Debtors as debtors in possession; (iii) use, in their present form, all Business Forms including, but not limited to, letterhead, invoices, checks, and other documents related to the Cash Management System existing immediately before the Petition Date, without reference to their status as debtors in possession, *provided* that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as it is reasonably practicable to do so, and *provided further,* that with respect to any Business Forms that exist or are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession" within 10 business days; (iv) continue the Intercompany Arrangements, *provided* the Debtors shall continue to maintain current records with respect to all transfers of cash

4821-2285-8225.1

so that all transactions, including the postpetition Intercompany Arrangements, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts, and *provided further* that the Debtors shall make such records available upon request by the U.S. Trustee, the DIP Agent (as defined in the Interim DIP Order (defined below)), the Prepetition Agents (as defined in the Interim DIP Order), and any statutory committee appointed in the chapter 11 cases; and (v) open new debtor in possession accounts, if necessary, at Citibank or with a bank that (i) is insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) is designated as an authorized depository by the U.S. Trustee, and (iii) agrees to be bound by the terms of this Interim Order.  In the event that the Debtors open or close any Bank Account(s) or new account(s), such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, the DIP Agent, the Prepetition Agents and any statutory committee appointed in the chapter 11 cases within ten (10) days after the opening or closing any such account.

3. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, the Debtors shall have until August 25, 2021, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code, provided that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the time periods set forth in this paragraph by entering into a written stipulation with U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

4. All financial institutions with which the Debtors maintain the Bank Accounts shall continue to maintain, service, and administer such accounts, except that such financial institutions shall not be authorized to honor any check issued or dated prior to the Petition Date, unless the Debtors represent that the payment is authorized by an order of this Court. The Debtors shall serve those banks with a copy of this order approving the relief requested in the Motion and any other orders issued by this Court by which those banks are authorized to honor prepetition obligations.

5. Notwithstanding anything in this Order to the contrary, any payment to be made, or any authorization contained, hereunder shall be subject to the terms of any orders granting the use of cash collateral and approving debtor in possession financing in these chapter 11 cases (including with respect to any budget governing or relating to such use) including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Interim DIP Order") and the Final Order (as defined in the Interim DIP Order and collectively, the "DIP Orders"), and to the extent there is any inconsistency between the terms of the DIP Orders and any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

6. A continued hearing on the Motion shall be held on **August 25, 2021, at 9:30 a.m.** (prevailing Central Time) in this Court.

7. Any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

4821-2285-8225.1

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

11. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

**Signed: July 14, 2021.**

_____
**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**

## **EXHIBIT B**

## **SUMMARY OF BANK ACCOUNTS**

| **Debtor** | **Account Number – Last Four Digits** | **Bank** | **Description of Account** | **Approximate Balance in Account on Petition Date** |
|---|---|---|---|---|
| **Limetree Bay Refining Operating, LLC** | x0215 | Oriental Bank | This is the operating account for Limetree Bay Refining Operating, LLC. | $878.15 |
| **Limetree Bay Refining Operating, LLC** | x0216 | Oriental Bank | This is the payroll account for Limetree Bay Refining Operating, LLC. | $20,084.21 |
| **Limetree Bay Refining, LLC** | x0267 | Oriental Bank | This is the operating account for Limetree Bay Refining, LLC. | $2,277,262.99 |
| **Limetree Bay Refining, LLC** | x0268 | Oriental Bank | This is a discretionary operation and maintenance account for Limetree Bay Refining, LLC. | $315.39 |
| **Limetree Bay Refining, LLC** | x001.4 | Deutsche Bank | This is the revenue account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.5 | Deutsche Bank | This is the operation and maintenance account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.6 | Deutsche Bank | This is a reinvestment and repair account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.8 | Deutsche Bank | This is a distribution suspense account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.9 | Deutsche Bank | This is an operating reserve account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x01.10 | Deutsche Bank | This is a construction account for Limetree Bay Refining, LLC. | $107,845.03 |
| **Limetree Bay Refining, LLC** | x01.11 | Deutsche Bank | This is a debt service reserve account for Limetree Bay Refining, LLC. | $3,533.42 |
| **Limetree Bay Refining Marketing, LLC** | x972.1 | Deutsche Bank | This is a revenue account for Limetree Bay Refining Marketing, LLC. | $1,049,979.71 |
| **Limetree Bay Refining Marketing, LLC** | x972.2 | Deutsche Bank | This is an operation and maintenance account for Limetree Bay Refining Marketing, LLC. | $1.49 |
| **Limetree Bay Refining Marketing, LLC** | x972.3 | Deutsche Bank | This is a reinvestment and repair account for Limetree Bay Refining Marketing, LLC. | $0 |
| **Limetree Bay Refining** | x972.4 | Deutsche Bank | This is a tolling agreement payment account for Limetree Bay Refining Marketing, LLC. | $0 |

4821-2285-8225.1

| | | | | |
|---|---|---|---|---|
| Marketing, LLC | | | | |
| Limetree Bay Refining Marketing, LLC | x972.5 | Deutsche Bank | This is a capital expenditure reserve account for Limetree Bay Refining Marketing, LLC. | $0 |
| Limetree Bay Refining Marketing, LLC | x972.6 | Deutsche Bank | This is a turn-around reserve account for Limetree Bay Refining Marketing, LLC. | $0 |
| Limetree Bay Refining Marketing, LLC | x0986 | Oriental Bank | This is a discretionary account for Limetree Bay Refining Marketing, LLC. | $119,310.57 |
| Limetree Bay Refining Holdings II LLC | x7150 | Citibank | This is a B&P checking account for Limetree Bay Refining Holdings II LLC. | $50.00 |
| Limetree Bay Services, LLC | x0919 | Citibank | This is a B&P checking account for Limetree Bay Services, LLC. | $8,306.97 |