

ENTERED
07/14/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> **LIMETREE BAY SERVICES, LLC,** *et al.* [1] <br><br> Debtors. | CHAPTER 11 <br><br> CASE NO.: 21-32351 <br><br> Jointly Administered <br> (Docket No. 13) |

**ORDER GRANTING DEBTORS' <u>EMERGENCY</u> MOTION FOR AUTHORITY TO (I) PAY PREPETITION WAGES, BENEFITS, AND EMPLOYEE BUSINESS EXPENSES; AND (II) CONTINUE THE POSTPETITION MAINTENANCE OF EMPLOYEE BENEFIT PROGRAMS, POLICIES, AND PROCEDURES IN THE ORDINARY COURSE**

Upon the motion ("**Motion**")[2] of the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") for entry of an order (the "**Order**") authorizing the Debtors to approve the payment of prepetition employee wages and benefits and maintain prepetition employee benefits programs, as more fully set for in the Motion; finding this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157; finding this Court may enter final orders in this matter consistent with Article III of the United States Constitution; finding that this matter is properly venued in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; finding notice of the Motion due and proper under the circumstances and in accordance with all applicable rules and orders, and no further or additional notice of the Motion being warranted; receiving no objections to the relief requested in the Motion; having considered the Motion, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

4815-3519-6913.1

First Day Declaration and all other documents submitted in support of the Motion; and, after due deliberation, finding that the relief requested by and through the Motion is due and proper and serves the best interests of the estates and their creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. The Debtors are hereby authorized, but not required, to pay or cause to be paid all amounts required under or related to the Prepetition Employee Obligations or any portion thereof, including any amounts to Shared Employees for Wages allocated to LBT under the Shared Services Agreement; *provided, further*, that the Debtors shall not pay any Employee an amount in excess of the priority limitations of Sections 507(a)(4) and 507(a)(5) unless otherwise authorized under the Bankruptcy Code or separate order of this Court.

3. The Debtors are authorized, but not required, to continue to pay and honor their obligations arising under or related to their plans, practices, programs, and policies for Employees as set forth in the Motion, including, without limitation, those giving rise to the Prepetition Employee Obligations, as those employee programs were in effect as of the Petition Date and as such employee programs may be modified, terminated, amended, or supplemented from time to time in the ordinary course of the Debtors' business; *provided, however*, that the Debtors shall provide five (5) days' advance notice to the U.S. Trustee, the DIP Agent (as defined in the Interim DIP Order (defined below)), the Prepetition Agents (as defined in the Interim DIP Order) and any statutory committee appointed in the Chapter 11 Cases of any material changes or modifications to the employee programs and any new programs, policies, and benefits. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate Section 503(c) of the

Bankruptcy Code, including any bonus, incentive, retention, or severance payments to any "insider" as defined in Section 101(31) of the Bankruptcy Code; *provided; further,* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to Section 503(c) of the Bankruptcy Code at a later time by separate motion.

4. The Debtors shall maintain a matrix or schedule of amounts paid related to the Prepetition Employee Obligations and any postpetition payment including the following information: (a) the name of the payee; (b) the date and amount of the payment; and (c) the purpose of the payment. The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee, the DIP Agent, the Prepetition Agents and any statutory committee appointed in the Chapter 11 Cases every 30 days beginning upon entry of this Order.

5. All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty or further inquiry and without liability for following the Debtors' instructions.

6. The Debtors are hereby authorized to issue new post-petition checks, or effect new fund transfers, for Prepetition Employee Obligations to replace any prepetition checks or fund transfers that may be dishonored or rejected and to reimburse the Employees or the applicable

payee, as the case may be, for any fees or costs incurred by them in connection with a dishonored or voided check or funds transfer.

7. Notwithstanding anything in this Order to the contrary, any payment to be made, or any authorization contained, hereunder shall be subject to the terms of any orders granting the use of cash collateral and approving debtor in possession financing in these chapter 11 cases (including with respect to any budget governing or relating to such use) including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Interim DIP Order") and the Final Order (as defined in the Interim DIP Order and collectively, the "DIP Orders"),  and to the extent there is any inconsistency between the terms of the DIP Orders and any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

8. Any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

**Signed: July 14, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**