UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LIMETREE BAY SERVICES, LLC, *et al.* | Case No. 21-32351 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**CROWLEY CARIBBEAN SERVICES, LLC'S AND CROWLEY LOGISTICS INC.'S MOTION FOR ADEQUATE PROTECTION OF COMMON CARRIER LEIN, OR IN THE ALTERNATIVE, RELIEF FROM AUTOMATIC STAY TO PRESERVE, CONTINUE PERFECTION OF, AND ENFORCE COMMON CARRIER LIEN IN GOODS IN TRANSIT AND WAIVER OF THE FOURTEEN DAY STAY PURSUANT TO FED. R. BANKR. P. 4001(a)(3)**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PATTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULES.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON AUGUST 16, 2021; AT 1:30 PM (CT), IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002**

**You may participate in the hearing either in person or by audio/video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

**long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is Room 205691.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "judgejones" in the GoToMeeting app or click the link on Judge Jones' home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance." Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion.**

Crowley Caribbean Services, LLC and Crowley Logistics, Inc. (together, "Crowley"), by counsel, respectfully moves this Court, pursuant to sections 361 and 362(d)(1) of title 11 of the United States Code, 11 U.S.C. § 101 *et. seq.* (as amended, the "Bankruptcy Code") for adequate protection of its common carrier lien in the form of payment of the shipping charges associated with the Debtors' goods in transit, or alternatively, relief from the automatic stay to allow Crowley to preserve, continue perfection of, and enforce its common carrier lien, (the "Motion"). In support of this Motion, Crowley respectfully states as follows:

## JURISDICTION AND VENUE

1.  On July 12, 2021 (the "Petition Date"), Limetree Bay Services, LLC and certain of its subsidiaries and affiliates (collectively, the "Debtors") each filed their respective voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for

the Southern District of Texas (this "Court"), initiating the above-captioned cases.

2. The Debtors continue to operate their business and manage their property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 13, 2021, this Court entered its Order Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 Directing Joint Administration of Chapter 11 Cases. Doc. No. 20.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 361 and 362(d)(1) of the Bankruptcy Code, Rules 9014 and 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## FACTUAL BACKGROUND

6. Pursuant to certain contracts and tariffs, Crowley provides shipping and transportation services to the Debtors for compensation. *See* 49 U.S.C. §§ 13102 and 80102.

7. Pursuant to title 49 of the United States Code ("Title 49"), as well as under the Uniform Commercial Code, Crowley, in its capacity as a common carrier, is granted a common carrier lien on all goods being shipped by the Debtors on Crowley-owned or Crowley chartered vessels to secure payment of all shipping charges associated with such goods. *See* 49 U.S.C §§ 80101, 80109, 80110.[2]  U.C.C. §§ 7-307(a)–(c).

---

[2] 49 U.S.C. § 80109 covers negotiable bills and provides:

> A common carrier issuing a negotiable bill of lading has a lien on the goods covered by the bill for—
> **(1)** charges for storage, transportation, and delivery (including demurrage and terminal charges), and expenses necessary to preserve the goods or incidental to transporting the goods after the date of the bill; and

3

8.    On the Petition Date, Crowley had in its possession certain of the Debtors' goods that were in transit that Crowley was shipping at the Debtors' request. Specifically, Crowley has possession of 82 pieces (2,563 cubic feet) of loose freight, two full non-hazardous ISO tanks, two empty tanks with hazardous residue[3], and a 1 x 40' Flatrack with pipe (collectively, the "Goods in Transit") on a Crowley vessel on which the Debtors' goods were and continue to be shipped. The cost of shipment of the Goods in Transit as of the date of this filing is approximately $40,000.00.

9.    If Crowley delivers the Debtors' Goods in Transit, its common carrier lien will be extinguished as a matter of law. *See e.g.*, U.C.C. § 7-307(c).[4] As a result, to preserve perfection of its common carrier lien, Crowley must retain possession of the Debtors' Goods in Transit. Accordingly, Crowley requests that the Court enter an order requiring the Debtors to provide

---

> **(2)** other charges for which the bill expressly specifies a lien is claimed to the extent the charges are allowed by law and the agreement between the consignor and carrier.

Furthermore, 49 U.S.C. § 80110 dictates the duty to deliver goods and provides, in pertinent part:

> **(a) GENERAL RULES.**—Except to the extent a common carrier establishes an excuse provided by law, the carrier must deliver goods covered by a bill of lading on demand of the consignee named in a nonnegotiable bill or the holder of a negotiable bill for the goods when the consignee or holder—
> **(1)** offers in good faith to satisfy the lien of the carrier on the goods;
> **(2)** has possession of the bill and, if a negotiable bill, offers to indorse and give the bill to the carrier; and
> **(3)** agrees to sign, on delivery of the goods, a receipt for delivery if requested by the carrier.

[3] The fact that the shipment includes hazardous materials is further support for Crowley's request for adequate protection and/or relief from the automatic stay.
[4] U.C.C. § 7-307(a) provides, in pertinent part:

> A carrier has a lien on the goods covered by a bill of lading or on the proceeds thereof in its possession for charges after the date of the carrier's receipt of the goods for storage or transportation, including demurrage and terminal charges, and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale . . . However, against a purchaser for value of a negotiable bill of lading, a carrier's lien is limited to charges stated in the bill or the applicable tariffs . . . .

U.C.C. § 7-307(c) provides only: "A carrier loses its lien on any goods that it voluntarily delivers or unjustifiably refuses to deliver."

adequate protection in the form of payment of the amount due for shipping the Goods in Transit along with any attendant storage and related costs, or in the alternative, relief from the automatic stay to the extent necessary to preserve, continue perfection of and enforce its common carrier lien. Absent such relief, Crowley's common carrier lien will be extinguished without Crowley being adequately protected and with Crowley being irreparably harmed.

10. Crowley, through communications with the Debtors' counsel, has informed the Debtors that the Goods in Transit include hazardous materials and requested that the Debtors inform Crowley of their intentions with respect to the Goods in Transit. As of the filing of this Motion, the Debtors have not indicated that they intend to accept delivery of the Goods in Transit. Thus, Crowley files this Motion only after exhausting all other avenues.

## RELIEF REQUESTED

11. By this Motion, Crowley seeks entry of an order requiring the Debtors to provide adequate protection of Crowley's common carrier lien, or in the alternative, granting Crowley relief from the automatic stay to preserve, continue perfection of and to enforce its common carrier lien.

## BASIS FOR THE RELIEF REQUESTED

**A.** *Adequate Protection*

12. It is axiomatic that Crowley's common carrier lien will not be adequately protected since its common carrier lien will be extinguished if adequate protection payments in the amount due for the shipment of the Goods in Transit and which are subject to Crowley's common carrier lien are not paid. *See* 11 U.S.C. § 362(d)(1).[5] Moreover, in the case at bar, the Debtors are incapable

---

[5] *See e.g., In re Barker Boatworks, LLC*, 606 B.R. 451, 459 (Bankr. M.D. Fla. 2019) (explaining if debtors seek turnover, real issue "is the form of adequate protection that should be granted to the secured creditor as a condition to turnover").

5

of establishing that Crowley is adequately protected absent (a) adequate protection payments in an amount equal to the amount due for shipment of the Debtors' Goods in Transit and other costs and expenses that are included within Crowley's common carrier liens, and, or in the alternative, (b) relief from the automatic stay, to the extent is it needed, to allow Crowley to preserve, continue perfection of, and enforce its common carrier lien. Specifically, Crowley requests that if the Court grants its request for adequate protection, that the Debtors be required to pay Crowley the amount due to adequately protect Crowley's interests within fifteen calendar (15) days of the entry of this Court's order.

**B. *Relief from the Automatic Stay***

13.   Section 362(b)(3) of the Bankruptcy Code excludes from the automatic stay "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of the Bankruptcy Code." *In re Ibuos*, No. 3:03-BK-06237-JAF, 2009 WL 6430982, at *3 (Bankr. M.D. Fla. Sept. 30, 2009), *aff'd*, No. 3:03BK06237-JAF, 2010 WL 1759551 (M.D. Fla. Apr. 29, 2010) Further, 11 U.S.C.§ 546(b) provides, in pertinent part, that a debtor-in-possession's "rights and powers are subject to any generally applicable law that 'provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.'" *Id.* (quoting 11 U.S.C. § 546(b)(1)(B)).

14.   As noted above, Crowley has a common carrier lien over the Debtor's Goods in Transit under Title 49 and U.C.C. § 7-307(a). As a result, any actions Crowley takes to maintain or continue the perfection of" the Debtor's Goods in Transit, is excluded from the automatic stay. *See Boggan v. Hoff Ford Inc.,* 251 B.R. 95 (9th Cir. BAP 2000) (maintaining perfection of

6

possessory lien through continued possession of collateral falls within section 362(b)(3) of Bankruptcy Code); *see also* U.C.C. § 9-333(b) (providing possessory liens generally have priority over previously perfected security interests in goods unless a statute expressly states otherwise). Nevertheless, in the event the Court does not require the Debtors to provide Crowley with adequate protection as requested, and out of an abundance of caution, Crowley seeks relief from the automatic stay from this Court pursuant to 11 U.S.C. § 362(d)(1).

15. Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest property of such party in interest.

16. Section 362(d)(1) provides that the court shall grant relief from the automatic stay upon a showing of "cause" including (but not limited to) the lack of adequate protection of an interest in property. What constitutes "cause" for the lifting of the stay pursuant to section 362(d)(1) of the Bankruptcy Code is not defined. Whether cause exists must be determined on a case-by-case basis pursuant to an examination of the totality of the circumstances. *In re Reitnauer,* 152 F.3d 341, 343 n. 4 (5th Cir.1998).

17. In a motion for relief from stay, the burden of proof is on the debtor as to all issues except the issue of the debtor's equity in the property. 11 U.S.C. § 362(g); *see also United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.(In re Timbers of Inwood Forest Assoc., Ltd.),* 793 F.2d 1380 (5th Cir.1986), *vacated,* 802 F.2d 777, *reinstated on reh'g en banc,* 808 F.2d 363, 364 (5th Cir.1987), *aff'd,* 484 U.S. 365 (1988). A bankruptcy court has broad discretion in determining whether to lift the automatic stay. *Bonneville Power Admin. v. Mirant*

*Corp. (In re Mirant Corp.),* 440 F.3d 238, 251–52 (5th Cir. 2006) (citing *Bustamante v. Cueva (In re Cueva),* 371 F.3d 232, 236 (5th Cir. 2004)).

18. To the extent this Court does not order the Debtors to provide Crowley with adequate protection in the form of payment of the shipping, storage and other related costs associated with the Debtors' Goods in Transit, Crowley is entitled to immediate relief from the automatic stay to preserve, continue the perfection of, and enforce its common carrier lien to ensure that it is not irreparably harmed as a result of being forced to deliver the Debtors' goods, and, consequently, having its common carrier lien extinguished as a matter of law. Thus, Crowley should be granted relief from the automatic stay to retain possession of the Debtors' Goods in Transit to preserve perfection of its common carrier lien in those goods. Furthermore, to prevent further accrual of storage and other attendant costs associated with maintaining possession of the Debtors' Goods in Transit, with such costs being secured by Crowley's common carrier lien, Crowley should be granted relief from the automatic stay to allow Crowley to immediately dispose of the Goods in Transit in a commercially reasonably manner and to apply the sale proceeds to the costs of shipment, storage and disposal of the Goods in Transit.

19. It is important to note that the relief requested herein is limited to preserving, continuing perfection of and enforcing Crowley's common carrier lien solely with respect to the Debtors' Goods in Transit which remain in Crowley's possession.

20. Crowley has, and will continue to ship other of the Debtors' goods on a postpetition basis in accordance with the terms of applicable contracts and tariffs.

**C.** *Waiver of Fourteen (14) Day Stay under Fed. R. Bankr. P. 4001(a)(3)*

21. Crowley respectfully requests that the fourteen (14) day period staying the execution of any order granting relief from an automatic stay provided in Fed. R. Bankr. P.

4001(a)(3) be waived. Waiver of the fourteen (14) day period will prevent further accrual of storage and other attendant costs associated with the Debtors' Goods in Transit that are secured by Crowley's common carrier lien and allow Crowley to timely dispose of the hazardous components of the Goods in Transit.

**WHEREFORE**, Crowley Caribbean Services, LLC and Crowley Logistics, Inc. request that this Court enter an order substantially in the form annexed hereto, requiring the Debtors to provide adequate protection of Crowley's common carrier lien in the form of payment of all shipping, storage and other costs attendant to the Goods in Transit, or in the alternative, granting Crowley relief from the automatic stay to the extent necessary to allow Crowley to preserve, continue perfection of, and enforce its common carrier lien as well as granting Crowley such other and further relief as this Court deems just and proper.

Dated:  July 22, 2021

*/s/ Demetra Liggins*
Demetra Liggins (Bar No. 24026844)
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Tel:   713 353 6661
Fax:  832 255 6371
dliggins@mcguirewoods.com

John H. Maddock III (*pro hac status pending*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Tel:  (804) 775-1178
Fax: (804) 698-2186
jmaddock@mcguirewoods.com

Stephanie J. Bentley (*pro hac status pending*)
McGuireWoods LLP

888 16th Street N.W.
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Tel:  (202) 857-2403
Fax:  (202) 828-3303
sbentley@mcguirewoods.com

*Counsel for Crowley Caribbean Services, LLC and Crowley Logistics, Inc.*

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 4001-1(a)(1), I hereby certify that during the period July 15 through July 20, 2021, I conferred by phone and by email with Debtors' counsel in a good faith effort to negotiate a settlement of this dispute with the last such communication being an e-mail sent on July 20, 2021.  No response to this counsel's e-mail on July 20, 2021 has been received. I further certify that I will continue efforts to confer with Debtor's counsel regarding this matter.

/s/ John H. Maddock, III
John H. Maddock, III (*pro hac pending*)

*Counsel for Crowley Caribbean Services, LLC and Crowley Logistics, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on the date of filing as set forth in the Clerk's filing stamp above, a true and correct copy of the foregoing Motion for Relief from Stay was served by ECF upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtors and all parties requesting notice.

/s/ Demetra Liggins
Demetra Liggins

*Counsel for Crowley Caribbean Services, LLC and Crowley Logistics, Inc.*