IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LIMETREE BAY SERVICES, LLC,** *et al.*,[1] | **CASE NO.: 21-32351** |
| Debtors. | Jointly Administered |

**DECLARATION OF MARK SHAPIRO IN SUPPORT OF
DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF ORDER: (I) ESTABLISHING
BIDDING AND SALE PROCEDURES; (II) APPROVING THE SALE OF ASSETS; AND
(III) <u>GRANTING RELATED RELIEF</u>**

I, Mark Shapiro, declare as follows:

1.  I am a Senior Managing Director for GlassRatner Advisory & Capital Group LLC, d/b/a B. Riley Advisory Services ("**B. Riley**" or the "**CRO**"). On or about June 17, 2021, Limetree Bay Services, LLC, Limetree Bay Refining Holdings, LLC, Limetree Bay Refining Holdings II, LLC, Limetree Bay Refining, LLC, Limetree Bay Refining Operating, LLC, and Limetree Bay Refining Marketing, LLC (collectively, the "**Debtors**") retained B. Riley as chief restructuring officer. I am the principal representative of B. Riley in its capacity as CRO.

2.  I am a duly authorized representative of the Debtors for purposes of executing any and all documents in connection with the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") and representing the Debtors in the course of these Chapter 11 Cases and any related proceedings. I am authorized to submit this Declaration in support of the *Debtors' Emergency Motion for Entry of Order: (I) Establishing Bidding and Sale Procedures;*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

*(II) Approving the Sale of Assets; and (III) Granting Related Relief* [Docket No. 191] (the "**Bidding Procedures Motion**").  Except as otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Bidding Procedures Motion.

3. I am familiar with the Debtors' businesses, day-to-day operations, and financial affairs.  Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents and records created and maintained by the Debtors in the ordinary course of business, information provided to me by employees and consultants working under my supervision with personal knowledge of the veracity of such information, and/or my opinion based on experience, knowledge, and information concerning the Debtors' operations and financial condition.  If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. I have reviewed the Bidding Procedures Motion and believe all the facts stated therein to be true and accurate, to the best of my knowledge, information and belief.

5. The Bidding Procedures are detailed in the Bidding Procedures Motion and Appendix A to the proposed Bidding Procedures Order, which is attached to the Bidding Procedures Motion as Exhibit A.

6. The Debtors developed the Bidding Procedures, with the assistance of advisors and in consultation with the DIP Agent and the Prepetition Secured Parties, with the intention of maximizing the value of the Assets for the benefit of the Estates and their creditors through an efficient and streamlined sale process, while complying with the terms of the Interim DIP Order, the DIP Loan Documents, and applicable rules and law.

7. I believe that the proposed Bidding Procedures and a sale of all or substantially all Assets of the Debtors, pursuant to the Bidding Procedures, are support by the sound business

judgement of the Debtors and serve the best interests of the Estates and their creditors.  Under the Interim DIP Order, the Debtors must consummate a sale of all or substantially all of the Debtors' Assets within one hundred twenty (120) days after the Petition Date.  I believe the Bidding Procedures provide a framework for a fair and orderly marketing and sale of the Assets and ensure the participation of *bona fide* bidders with the ability and desire to consummate a proposed transaction, while providing the necessary flexibility to maximize the opportunities and offers available to the Debtors, including the ability to entertain cash offers and credit bids for all Assets of the Debtors as well as only certain Assets of the Debtors (i.e., Piecemeal Bids).  Moreover, I believe that the Assumption and Assignment Procedures provide fair and reasonable procedures for the identification of Executory Contracts subject to any potential sale and any Winning Bid(s), an opportunity to object to the proposed assumption and/or assignment of any Executory Contracts, including the amount of any proposed cure payment(s), and the resolution of any disputes pertaining to the assumption and assignment of any Executory Contracts—while balancing such protections against the need to maintain an expedited timeline for consummation of a Sale under the Interim DIP Order and DIP Loan Documents.  Additionally, the Bidding Procedures were designed in an effort to prevent collusion among Potential Bidders, by, among other things, requiring each Potential Bidder to execute a Confidentiality Agreement and requiring each Qualified Bidder participating in the Auction to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

8. Based on the foregoing, and for the reasons stated in the Motion, I believe that the Bidding Procedures and proposed Sale following an Auction and Sale Hearing are supported by the sound business judgment of the Debtors and serve the best interests of the Estates and their respective creditors, and that the relief requested in the Motion is justified.

4851-0258-2259.1

9. I believe emergency consideration of the Motion is warranted under the circumstances presented due to the limited time in which to market and solicit offers for the acquisition of the Assets of the Debtors under the milestones set for any Sale under the terms of the DIP Loan Documents, as approved in the Interim DIP Order.

I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:  July 27, 2021                              __/s/ Mark Shapiro__

                                                                    Mark Shapiro, CRO