IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**LIMETREE BAY SERVICES, LLC,** *et al.,*[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 (DRJ)<br><br>(Jointly Administered) |

### DEBTORS' MOTION TO REJECT EXECUTORY CONTRACT *NUNC PRO TUNC*

> **This Motion seeks an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the Motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Limetree Bay Services, LLC ("**Limetree**") and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**").

### Relief Requested

1. Pursuant to Sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**"), the Debtors seek entry of an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

authorizing the Debtors to reject the Terminal Services Agreement (defined below), effective as of the Petition Date (defined below).

2. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## Jurisdiction and Venue

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

4. On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On or about July 26, 2021, an Official Committee of Unsecured Creditors was appointed (the "**Committee**") (Doc. No. 189).

5. On July 13, 2021, the Court entered an order jointly administering the Chapter 11 Cases under Case No. 21-32351 (DRJ) (Doc. No. 20).

6. A discussion of the facts and circumstances surrounding these Chapter 11 Cases and underlying the relief requested herein is set forth in the *Declaration of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions* (Doc. No. 8) (the "**First Day Declaration**"), which was filed on the Petition Date and is incorporated herein by reference in its entirety.

## The Terminal Services Agreement

7. The Debtors are parties to numerous agreements related to the buying, selling, refining, and storing of hydrocarbons.

8. Pertinent to this Motion, Limetree Bay Terminals, LLC, a non-debtor affiliate of Debtors (the "**Terminal Operator**"), J. Aron & Company LLC ("**Aron**"), and Debtor Limetree Bay Refining Marketing, LLC ("**LBRM**"), entered into that certain Terminal Services Agreement (Included Locations), effective as of March 3, 2020, pursuant to which Terminal Operator agreed to store and facilitate the delivery and transportation of hydrocarbons in certain identified tanks (the "**Tanks**") and pipelines (the "**Pipelines**") at the terminal owned by the Terminal Operator and provide other related services (the "**Terminal Services Agreement**").

9. The hydrocarbons that are the subject of the Terminal Services Agreement as of the date hereof—which are owned by Aron pursuant to (among other agreements) that certain Supply and Offtake Agreement, dated as of March 3, 2020, between LBRM and Aron—are typically delivered to the terminal owned by the Terminal Operator and stored in the Tanks and Pipelines until they were contemplated to be transported to a refinery (the "**Refinery**") owned by one of the Debtors to be processed and refined. Once refined, the hydrocarbons that are refined products and subject to the Terminals Services Agreement were transported to certain of the Tanks and Pipelines, at which point they were purchased by Aron and stored before being sold to other parties.

10. On May 14, 2021, the United States Environmental Protection Agency issued a Clean Air Act Emergency Order instructing the Debtors to suspend any and all operations at the Refinery and conduct an audit of regulatory compliance and operational capabilities at the Refinery (the "**Audit**").

11. On June 21, 2021, the Debtors announced that they were suspending plans to restart the Refinery indefinitely due to the inability to fund operations and ancillary costs of the Refinery during the temporary suspension of operations or the anticipated costs of restarting the Refinery after remediating any alleged deficiencies identified in the Audit.

12. As a result of the indefinite suspension of plans to restart the Refinery, the Debtors no longer have a use for the storage of hydrocarbons and continue to incur unnecessary costs under the Terminal Services Agreement.

13. Moreover, the Debtors believe they may be paying above-market rates to the Terminal Operator under the Terminal Services Agreement for those services that no longer benefit the Debtors' estates (the "**Estates**"). The Debtors' chief restructuring officer is currently confirming appropriate market rates.

14. Based on the foregoing, the Debtors have concluded that the costs associated with the Terminal Services Agreement are unduly burdensome of the Debtors and wasteful of limited estate resources. Accordingly, in their sound business judgment, the Debtors have concluded that rejecting the Terminal Services Agreement serves the best interests of the Estates and their creditors.

**Basis for Relief Requested**

**A.    Legal Standard**

15. Section 365(a) of the Bankruptcy Code authorizes a trustee or debtor-in-possession to reject an executory contract or unexpired lease, subject to approval of the bankruptcy court. *See* 11 U.S.C. § 365(a).  Courts evaluate a decision to reject an executory contract or unexpired lease under the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that the question whether a lease should be

4

rejected is one of business judgment.") (internal quotations and citations omitted); *see also Lifemark Hospitals, Inc. v. Liljeberg Enterprises, Inc. (In re Liljeberg Enterprises, Inc.),* 304 F.3d 410, 438 (5th Cir. 2002); *In re Ultra Petroleum Corp.*, 621 B.R. 188, 197 (Bankr. S.D. Tex. 2020) ("An executory contract may normally be rejected under the deferential business judgment rule.").

16. The standard is satisfied if the debtor determines in its business judgment that the rejection of the contract or lease would benefit the estate. *See In re Pisces Energy, LLC,* No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) (citing *Lubrizol Enters, Inc. v. Richmond Metal Finishers, Inc.,* 756 F2d 1043, 1046–47 (4th Cir. 1985)); *In re MPF Holdings U.S. LLS,* No. 08-36084, 2013 WL 3197658, at *9 (Bankr. S.D. Tex. June 21, 2013). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *In re Ultra Petroleum Corp.*, 621 B.R. at 197 (citing *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)). If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., Richmond Leasing,* 762 F.2d at 1309; *In re Idearc Inc.,* 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009), *aff'd* 662 F.3d 315 (5th Cir. 2011) ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered.").

17. Rejection under Section 365 of the Bankruptcy Code is intended to enable the debtor to relieve its estate from burdensome and unprofitable contracts. *Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("'[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.'") (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

B. **The Requested Relief is Supported by the Debtors' Sound Business Judgment**

18. Here, rejection of the Terminal Services Agreement is supported by the Debtors' sound business judgment. The Debtors have suspended operations at the Refinery indefinitely and, as a result, are no longer refining hydrocarbons that need to be stored—which is the entire purpose of the Terminal Services Agreement. Thus, the continued performance of the Terminal Services Agreement would be unduly burdensome and wasteful of the limited resources of the Estates, while conferring no benefit on the Debtors, the Estates, or their respective creditors.

19. Accordingly, the Debtors respectfully request that the Court enter an order authorizing the Debtors to reject the Terminal Services Agreement, effective on a *nunc pro tunc* basis as of the Petition Date.

**C.**     ***Nunc Pro Tunc* Relief is Appropriate**

20. The Court may grant this retroactive rejection of an executory contract based on the balance of equities. *See, e.g., In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the contract and the contract counterparties "had unequivocal notice of Debtors' intent to reject); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

21. Here, the balance of equities favors rejection on a *nunc pro tunc* basis as of the Petition Date. As stated above, the Debtors are receiving no benefit from the Terminal Services

6

Agreement. Despite this, the Debtors continue to incur substantial fees, currently in excess of $5 million, under the Terminal Services Agreement for the storage of hydrocarbons that the Debtors do not own. Rejection as of the Petition Date will ensure that no exorbitant and unnecessary administrative obligations accrue, which will better position the Debtors for a successful reorganization. Accordingly, the requested *nunc pro tunc* relief is appropriate under these circumstances.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

22.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h), if applicable.

## Notice

23.     Notice of this Motion will be given to the following parties: (a) the United States Trustee for the Southern District of Texas; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the members of the Committee and their counsel, if known; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. **Notice of this Motion is also being provided to the Terminal Operator and Aron**. The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors respectfully

submit that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the Motion and granting all other relief that is appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 27th day of July, 2021.

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Facsimile:   407.841.0168
Email: egreen@bakerlaw.com
         jparrish@bakerlaw.com

**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone:  212.589.4200
Facsimile:  212.589.4201
Email: jrose@bakerlaw.com

*Proposed Counsel for the Debtors and Debtors in Possession*

4824-0479-5380.1

## **Certificate of Service**

      I certify that on July 27, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                      */s/ Elizabeth A. Green*
                                                      Elizabeth A. Green

4824-0479-5380.1