**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **LIMETREE BAY SERVICES, LLC,** *et al.* [1] | **CASE NO.: 21-32351** |
| **Debtors.** | **(Jointly Administered)** |

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 365(a) AND (b) AUTHORIZING LIMETREE BAY REFINING, LLC'S ASSUMPTION OF <u>ORDINARY COURSE CONSULTING AGREEMENT WITH ADRIAN KUBRAN</u>**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Limetree Bay Services, LLC ("**Limetree**") and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**").

<u>**Relief Requested**</u>

1.     Pursuant to Section 365(a) and (b) of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of an order authorizing Limetree Bay Refining, LLC ("**Refinery**") to: (i) assume a prepetition consulting agreement (the "**Consulting**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

**Agreement**") between Limetree and Adrian Kubran ("**Kubran**", or the "**Consultant**"), pursuant to Section 365(a), on the grounds that the Consultant's services are necessary to the Debtors' efforts to maximize value for creditors in these Chapter 11 Cases.  The Debtors believe that no cure is required under the Consulting Agreement, and that the Debtor is current on its obligations thereunder.

2.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

**Jurisdiction and Venue**

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Background**

4.      On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On July 26, 2021, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (Doc. No. 189).

5.      On July 13, 2021, this Court entered an order authorizing the joint administration of the Debtors' respective bankruptcy cases with the Limetree Bay Services, LLC case, as the lead case, and permission to use a consolidated case caption as detailed therein (Doc. No. 20).

6.      A discussion of the facts and circumstances surrounding the Consulting Agreement, and the Debtors' continued need for the post-petition services of Kubran, is set forth in the *Declaration of Mark Shapiro in Support of Motions to Assume Consulting Agreements* (the "**Shapiro Declaration**"), which is attached hereto as **Exhibit B** and incorporated herein by reference in its entirety.

## The Debtors and their Consulting Agreements

7.      In the ordinary course of their prepetition business, Refinery and Kubran entered into the Consulting Agreement as of July 25, 2018.  The Consulting Agreement is an umbrella contract that has been amended to continue its termination date on at least fourteen occasions, and is presently set to terminate on August 31, 2021.  The Consulting Agreement includes a provision granting either party the right to terminate the agreement on thirty (30) days' notice. Kubran continues to provide the Debtors with services pertaining to matter that fall outside of the ordinary scope of the expertise of the Debtors and their employees, but are critical to the Debtors' operations and efforts to maximize recoveries for creditors in these Chapter 11 Cases. Kubran performs a systems analyst role overseeing the operation of the Debtors' SAP system, including accounts payable and inventory purchasing, as well as extracting data and reports that are necessary to the Debtors' operations and compliance during these Chapter 11 Cases.

## Relief Requested

**8.**      By this Motion, the Debtors request the entry of the Proposed Order, substantially in the form attached as **Exhibit A** hereto; authorizing and approving Refinery to assume the Consulting Agreement; and granting all other relief that is appropriate under the circumstances.

## Basis for Relief Requested

9.      Bankruptcy Code section 365(a) authorizes a debtor to assume its executory contracts and unexpired leases subject to the approval of the bankruptcy court:

> (a) Except as provided in …subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

10.     Bankruptcy Code section 365(b) provides that, if there has been a "default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … (A) cures, or provides adequate assurance that the trustee will promptly cure, such default …" 11 U.S.C. § 365(b).  The Debtors believe that there is no prepetition default or outstanding obligation that requires cure prior to assumption of the Consulting Agreement.

11.     In determining whether an agreement is executory and subject to assumption or rejection under § 365(a), Courts look to whether the failure of either party to complete performance would constitute a material breach of the contract thereby at the time of the bankruptcy filing. *Phoenix Exploration, Inc. v. Yaquinto (Matter of Murexco Petroleum, Inc.)* 15 F.3d 60, 63 (5th Cir. 1994).

12.     The Consultant has an ongoing obligation under the Consulting Agreement to provide the Debtors with their services through to a current termination date (though subject to potential further extensions, if required), or upon a notice of termination issued by either party with thirty days' notice.

13.      Courts evaluate a decision to assume or reject an executory contract or unexpired lease under the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F. 2d 1303, 1309 (5th Cir. 1985) ("It is well established that the question whether a lease should be rejected is one of business judgment") (internal quotations and citations omitted).

14.     The standard is satisfied if the debtor determines in its business judgment that the assumption of the contract or lease would benefit the estate. *See Century Indem. Co., et al. v.*

*Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 505 (5th Cir. 2000); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989).

15.     The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice. *In re Pisces Energy, LLC*, Case Nos. 09-36591, 09-36593, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009); *In re Pilgrim's Pride Corp.,* 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009).

16.     In connection with the Consulting Agreement, the Debtors' decision to assume the Consulting Agreement is based on sound business judgment and clearly benefits the estate.

17.     Failure to assume the Consulting Agreement will burden the estate with additional costs to locate a replacement consultant—if such can be found—who would likely cost the Debtors far more in transition costs and delays. The transition would necessarily cause significant business disruption at a time when the Debtors can least afford it. Should circumstances change in the Debtors' Chapter 11 Cases, and the reason for the continued services of the Consultant vary as a result, Refinery would retain the right to terminate the Consulting Agreement upon thirty (30) days' notice.

18.     The Debtors have conferred with Kubran and understand that he supports Refinery's assumption of his Consulting Agreement.

19.     The Consulting Agreement has been the subject of multiple extensions. By this Motion, the Debtors seek authority for Refinery to assume the underlying Consulting Agreement, and to be authorized to extend the current termination date under the Consulting Agreement without further leave of this Court if the Debtors conclude in their business judgment that the

Consultant's services are required beyond the current termination date in their Consulting Agreement.

20.     Accordingly, the Debtors respectfully request that the Court enter an order authorizing Refinery to assume the Consulting Agreement as described in this Motion.

**Bankruptcy Rule 6006(c)**

21.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6006(c), to the extent applicable.

**Notice**

22.     Notice of this Motion, whether by facsimile, electronic mail, or first class mail, will be given to the following parties: (a) the United States Trustee for the Southern District of Texas; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the Consultant identified in this Motion; (i) members of the Official Committee of Unsecured Creditors and their counsel, if known; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors respectfully submit that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting

the relief requested herein and for all other relief that is appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 28th day of July, 2021.

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile:  407.841.0168
Email:  egreen@bakerlaw.com
         jparrish@bakerlaw.com


**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jrose@bakerlaw.com
*(Admitted Pro Hac Vice)*

*Proposed Counsel for the Debtors and Debtors
in Possession*

**<u>Certificate of Service</u>**

I certify that on July 28, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Elizabeth A. Green*
Elizabeth A. Green