IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**LIMETREE BAY SERVICES, LLC,** *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 (DRJ)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BECKSTEDT & KUCZYNSKI LLP AS SPECIAL COUNSEL EFFECTIVE AS OF JULY 14, 2021**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this Application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this Application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Limetree Bay Services, LLC, *et al.* (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned, jointly administered bankruptcy cases (collectively, the "**Chapter 11 Cases**"), hereby file this Application (the "**Application**") to employ Beckstedt & Kuczynski LLP ("**B&K**" or the "**Firm**") as special counsel effective as of July 14, 2021, pursuant to Section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), in connection with the Services (defined below), and respectfully state as follows in support of the Application:

**RELIEF REQUESTED**

1.      By this Application, the Debtors request entry of an order (the "**Proposed Order**") authorizing the employment and retention of B&K as special counsel in connection with several

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

pending actions against the Debtors (the "**Services**"), including, without limitation, class actions pending in the District Court of the U.S. Virgin Islands and other pre- and post-petition lawsuits in the local U.S. Virgin Islands courts (the "**Lawsuits**"). In support of this Application, the Debtors respectfully submit the Declaration of Carl A. Beckstedt III (the "**Beckstedt Declaration**"), which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

3. Venue of the Debtors' Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory predicates for the relief sought are Sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

## FACTUAL BACKGROUND

6. On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 13, 2021, the Court entered an order directing the joint administration of the Chapter 11 Cases (Doc. No. 20). The Debtors continue to operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors was appointed in the Chapter 11 Cases on or about July 26, 2021.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7.     A discussion of the facts and circumstances surrounding these Chapter 11 Cases is set forth in the *Declaration of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions* (Doc. No. 8), which was filed on the Petition Date.

8.     Prior to these Chapter 11 Cases, the Debtors employed B&K to represent them with respect to several lawsuits pending in the U.S. Virgin Islands, including the Lawsuits.

## B&K'S QUALIFICATIONS

9.     B&K has extensive litigation defense experience, particularly in the U.S. Virgin Islands. The Debtors believe that B&K can provide the Debtors with the required legal expertise to efficiently manage the Lawsuits. The Debtors require a local U.S. Virgin Islands lawyer to assist them in handling matters in U.S. Virgin Islands courts such as filing suggestions of bankruptcy and assisting on other matters related to the automatic stay.

10.    Retention pursuant to Section 327(e) of the Bankruptcy Code is appropriate given the specific scope of the proposed retention and B&K's prepetition representation. B&K's Services and continued representation of the Debtors with respect to the Lawsuits post-petition would be time and cost efficient.

11.    The Services to be performed by B&K will not be duplicative of work performed by the Debtors' general bankruptcy counsel or any other law firm retained by the Debtors.

## PROFESSIONAL COMPENSATION

12.    Subject to application to and approval by the Court, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and consistent with the guidelines adopted by the Executive Office for United States Trustees from time to time under 28 U.S.C. § 586(a)(3) (the "**U.S. Trustee Guidelines**"), and any other applicable Court procedures and orders, the Debtors will compensate and reimburse B&K on an

3

4823-8008-9590.1

hourly basis at B&K's applicable hourly rates and under the terms as set forth herein and in the Beckstedt Declaration. The Debtors respectfully state that B&K's rates and policies, as stated in the Beckstedt Declaration, are reasonable.

13.     Before the Petition Date, B&K was retained to represent the Debtors in connection with the Lawsuits. As of the Petition Date, B&K was owed $0 from the Debtors for professional services performed relating to the Lawsuits and related costs.

14.     B&K will maintain detailed, contemporaneous records of time and of any actual and necessary expenses incurred in connection with the rendering of legal services described above.

15.     It is anticipated that the efficient coordination between the Debtors' attorneys and other professionals will add to the progress and efficient administration of these Chapter 11 Cases. The Debtors intend to carefully monitor and coordinate the efforts of all professionals retained by the Debtors, including any conflicts counsel, and will delineate their respective duties to prevent the duplication of services whenever possible.

## **NO MATERIAL ADVERSE INTEREST**

16.     The Debtors seek to retain B&K for the limited purpose of providing the Services described herein. Except as disclosed in the Beckstedt Declaration, to the best of the Debtors' knowledge and based upon the Beckstedt Declaration, B&K does not represent or hold any interest adverse to the Debtors or their estates with respect to the Services. The Debtors are advised that B&K will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. The Debtors are advised that if any new facts or circumstances are discovered, B&K will supplement its disclosure to the Court.

17. As disclosed in the Beckstedt Declaration, B&K represents Limetree Bay Terminals, LLC and Limetree Bay Ventures, LLC in connection with certain of the Lawsuits. The Debtors do not believe that such representation is adverse to the Debtors' interest in the Lawsuits.

**BASIS FOR RELIEF**

18. Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19. Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney who represented a debtor before the bankruptcy case, provided that: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the Chapter 11 Cases; (c) the retention is in the best interests of the debtor's estate; and (d) the attorney does not hold any interest adverse to the debtor with respect to the subject of its retention. This section does not require that special counsel be "disinterested," only that special counsel not hold or represent interests adverse to the debtor with respect to the subject of the retention. *See* 3 COLLIER ON BANKRUPTCY ¶ 327.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e)[.]"). Retaining an attorney under Section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under Section 327(a). *See Meespierson Inc. v. Strategic Telecom, Inc.*, 202 B.R. 845, 847 (D. Del. 1996)

5

("[S]pecial counsel employed under [Section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

20. B&K satisfies the first three requirements because (a) its retention is specific to the Services; (b) the Services will not overlap with the work to be provided by the Debtors' general bankruptcy counsel; and (c) B&K is uniquely qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner given its expertise and past representation of the Debtors and experience in the U.S. Virgin Islands courts. Further, the Debtors would have to expend significant resources and expense if required to search for and retain new counsel and Debtors' proposed counsel does not have the ability to file suggestions of bankruptcy in the U.S. Virgin Islands courts. B&K meets the fourth requirement because, to the best of the Debtors' knowledge, and based upon the Beckstedt Declaration, B&K represents no interest adverse to the Debtors or their estates with respect to the Services.

21. The Debtors believe that the employment of B&K is necessary and in the best interest of the Debtors and their estates.

## NOTICE

22. Notice of this Application will be provided to the Master Service List, including: (a) the U.S. Trustee; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the Committee members and their counsel, if known; (i) proposed counsel to the Committee; and (j) any party that has requested

notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent.

23. The Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: August 13, 2021

Limetree Bay Services, LLC, *et al.* (for itself and on behalf of its affiliates as Debtors and Debtors-in-Possession)

*/s/ Mark Shapiro*

Name: Mark Shapiro
Title: Chief Restructuring Officer

## CERTIFICATE OF SERVICE

I certify that on August 13, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Elizabeth A. Green*
Elizabeth A. Green

Dated: August 13, 2021

4823-8008-9590.1

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Facsimile:   407.841.0168
Email: egreen@bakerlaw.com
         jparrish@bakerlaw.com


**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone:  212.589.4200
Facsimile:  212.589.4201
Email: jrose@bakerlaw.com


*Proposed Counsel for the Debtors and Debtors in Possession*

8