IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**LIMETREE BAY SERVICES, LLC,** *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 (DRJ)<br><br>(Jointly Administered) |

### DEBTORS' APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HUGHES ARRELL KINCHEN LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO JULY 13, 2021

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this Application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this Application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Limetree Bay Services, LLC, *et al.* (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned, jointly administered bankruptcy cases (collectively, the "**Chapter 11 Cases**"), hereby file this Application (the "**Application**") to employ John B. Kinchen and the law firm Hughes Arrell Kinchen LLP ("**Hughes Arrell Kinchen**" or the "**Firm**") as special counsel effective as of July 13, 2021, pursuant to Section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), in connection with the Inquiry (defined below), and respectfully state as follows in support of the Application:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

## RELIEF REQUESTED

1.      By this Application, the Debtors request entry of an order (the "**Proposed Order**") authorizing the employment and retention of Hughes Arrell Kinchen as special counsel in connection with a response to an ongoing inquiry by the United States Department of Justice into certain emission incidents at the Debtors' refinery in St. Croix (the "**Inquiry**"). In support of this Application, the Debtors respectfully submit the Declaration of John B. Kinchen (the "**Kinchen Declaration**"), which is attached hereto as Exhibit A and incorporated herein by reference.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.

3.      Venue of the Debtors' Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      The statutory predicates for the relief sought are Sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

## FACTUAL BACKGROUND

6.      On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 13, 2021, the Court entered an order directing the joint administration of the Chapter 11 Cases (Doc. No. 20). The Debtors continue to operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors was appointed in

the Chapter 11 Cases on or about July 26, 2021. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7. A discussion of the facts and circumstances surrounding these Chapter 11 Cases is set forth in the *Declaration of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions* (Doc. No. 8), which was filed on the Petition Date.

8. Prior to these Chapter 11 Cases, the Debtors employed Hughes Arrell Kinchen to represent them with respect to the Inquiry. Specifically, in June 2021, the Department of Justice's Environmental Crimes Section ("DOJ-ECS") issued a document request to Debtors seeking a wide variety of records and data arising out of the emission incidents at the company's refinery in St. Croix, U.S. Virgin Islands. DOJ-ECS also sought the Debtors' consent for a tour of the refinery by agents and engineers from the Environmental Protection Agency, Criminal Investigation Division ("EPA-CID"). To that end, DOJ-ECS presented Debtors with written agreement concerning the consent it sought, as well as the scope of the tour. Mr. Kinchen was thereafter hired to directly interface with the DOJ-ECS due to his prior experience interfacing and negotiating with DOJ-ECS on similar incidents affecting the energy industry. To date, Mr. Kinchen has led the Debtors' discussions with DOJ-ECS including, among other things, addressing the parameters of the EPA's tour of the refinery, responding to requests for information arising out of the shutdown of the refinery, and accompanying EPA-CID agents and engineers during the refinery tour, among other services. Mr. Kinchen will continue to lead correspondence and direct inquiries with DOJ-ECS as the Inquiry progresses and further discussion and decision points arise.

9. Supporting Mr. Kinchen's role in the Inquiry, attorneys from Baker & Hostetler LLP have been assisting the Debtors with respect to the Inquiry by leading the response to DOJ-ECS's document request, implementing a document retention plan, advising on environmental

legal issues (including in connection with the above-referenced refinery tour), meeting with potential witnesses, and other services related to the Debtors' response to the Inquiry.

## HUGHES ARRELL KINCHEN'S QUALIFICATIONS

10. Hughes Arrell Kinchen has extensive litigation experience, and Mr. Kinchen is an experienced trial lawyer who advises clients in a wide variety of civil and criminal litigation matters. Hughes Arrell Kinchen has experience defending clients with respect to environmental issues. The Debtors believe that Hughes Arrell Kinchen can provide the Debtors with the required legal expertise to efficiently manage and respond to the Inquiry.

11. Retention pursuant to Section 327(e) of the Bankruptcy Code is appropriate given the specific scope of the proposed retention and Hughes Arrell Kinchen's prepetition representation. Hughes Arrell Kinchen's Services and continued representation of the Debtors with respect to the Inquiry post-petition would be time and cost efficient.

12. The Services to be performed by Hughes Arrell Kinchen will not be duplicative of work performed by the Debtors' general bankruptcy counsel or any other law firm retained by the Debtors.

## PROFESSIONAL COMPENSATION

13. Subject to application to and approval by the Court, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and consistent with the guidelines adopted by the Executive Office for United States Trustees from time to time under 28 U.S.C. § 586(a)(3) (the "**U.S. Trustee Guidelines**"), and any other applicable Court procedures and orders, the Debtors will compensate and reimburse Hughes Arrell Kinchen on an hourly basis at Hughes Arrell Kinchen's applicable hourly rates and under the terms

as set forth herein and in the Kinchen Declaration. The Debtors respectfully state that Hughes Arrell Kinchen's rates and policies, as stated in the Kinchen Declaration, are reasonable.

14. Before the Petition Date, Hughes Arrell Kinchen was retained to represent the Debtors in connection with the Inquiry. As of the Petition Date, Hughes Arrell Kinchen was owed $0 from the Debtors for professional services performed relating to the Inquiry and related costs.

15. Hughes Arrell Kinchen will maintain detailed, contemporaneous records of time and of any actual and necessary expenses incurred in connection with the rendering of legal services described above.

16. It is anticipated that the efficient coordination between the Debtors' attorneys and other professionals will add to the progress and efficient administration of these Chapter 11 Cases. The Debtors intend to carefully monitor and coordinate the efforts of all professionals retained by the Debtors, including any conflicts counsel, and will delineate their respective duties to prevent the duplication of services whenever possible.

## **NO MATERIAL ADVERSE INTEREST**

17. The Debtors seek to retain Hughes Arrell Kinchen for the limited purpose of providing the necessary services to respond to the Inquiry as described herein. Except as disclosed in the Kinchen Declaration, to the best of the Debtors' knowledge and based upon the Kinchen Declaration, Hughes Arrell Kinchen does not represent or hold any interest adverse to the Debtors or their estates with respect to the Inquiry. The Debtors are advised that Hughes Arrell Kinchen will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. The Debtors are advised that if any new facts or circumstances are discovered, Hughes Arrell Kinchen will supplement its disclosure to the Court.

**BASIS FOR RELIEF**

18. Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19. Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney who represented a debtor before the bankruptcy case, provided that: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the Chapter 11 Cases; (c) the retention is in the best interests of the debtor's estate; and (d) the attorney does not hold any interest adverse to the debtor with respect to the subject of its retention. This section does not require that special counsel be "disinterested," only that special counsel not hold or represent interests adverse to the debtor with respect to the subject of the retention. *See* 3 COLLIER ON BANKRUPTCY ¶ 327.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e)[.]"). Retaining an attorney under Section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under Section 327(a). *See Meespierson Inc. v. Strategic Telecom, Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [Section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

20. Hughes Arrell Kinchen satisfies the first three requirements because (a) its retention is specific to the Inquiry; (b) Hughes Arrell Kinchen's work in responding to the Inquiry will not

6

overlap with the work to be provided by the Debtors' general bankruptcy counsel; and (c) Hughes Arrell Kinchen is uniquely qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner given its expertise and past representation of the Debtors. Further, the Debtors would have to expend significant resources and expense if required to search for and retain new counsel. Hughes Arrell Kinchen meets the fourth requirement because, to the best of the Debtors' knowledge, and based upon the Kinchen Declaration, Hughes Arrell Kinchen represents no interest adverse to the Debtors or their estates with respect to the Inquiry.

21. The Debtors believe that the employment of Hughes Arrell Kinchen is necessary and in the best interest of the Debtors and their estates.

### *NUNC PRO TUNC* RELIEF PURSUANT TO LOCAL RULE 2014-1(B)

22. Hughes Arrell Kinchen commenced services to the Debtors starting July 13, 2021. This Application was not filed earlier because the Debtors were in the process of considering whether to file an ordinary course professional motion to address other potential professionals in the case instead of employing Hughes Arrell Kinchen as special counsel. Additionally, the Debtors have spent the last month working to stabilize these Chapter 11 Cases. *Nunc pro tunc* relief is required so Hughes Arrell Kinchen may be compensated for critical services provided in responding to the Inquiry just after the Bankruptcy Cases were filed. The amount of fees and expenses incurred from July 13 – August 1 is $11,231.26. The Debtors respectfully submit that approval of this Application will not prejudice any parties-in-interest as it was filed 18 days after the 30-day contemporaneous employment procedure contemplated by Local Rule 2014-1(a) and all parties will have an ample opportunity to object to the Application.

### NOTICE

23. Notice of this Application will be provided to the Master Service List, including: (a) the U.S. Trustee; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the Committee members and their counsel, if known; (i) proposed counsel to the Committee; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Additionally, notice of this Application will be provided to *all creditors* in accordance with Local Rule 2014-1(b)(3). The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent.

24. The Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: August 31, 2021  Limetree Bay Services, LLC, *et al.* (for itself and on behalf of its affiliates as Debtors and Debtors-in-Possession)

 */s/ Mark Shapiro*
 Name: Mark Shapiro
 Title:  Chief Restructuring Officer

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                      */s/ Elizabeth A. Green*
                                      Elizabeth A. Green

Dated: August 31, 2021

                                      **BAKER & HOSTETLER LLP**

                                      */s/ Elizabeth A. Green*
                                      **Elizabeth A. Green, Esq.**
                                      Fed ID No.: 903144
                                      **Jimmy D. Parrish, Esq.**
                                      Fed. ID No. 2687598
                                      SunTrust Center, Suite 2300
                                      200 South Orange Avenue
                                      Orlando, FL  32801-3432
                                      Telephone:  407.649.4000
                                      Facsimile:  407.841.0168
                                      Email: egreen@bakerlaw.com
                                                      jparrish@bakerlaw.com

                                      **BAKER & HOSTETLER LLP**
                                      **Jorian L. Rose, Esq.**
                                      *Admitted Pro Hac Vice*
                                      N.Y. Reg. No. 2901783
                                      45 Rockefeller Plaza
                                      New York, New York
                                      Telephone:  212.589.4200
                                      Facsimile:  212.589.4201
                                      Email: jrose@bakerlaw.com

                                      *Proposed Counsel for the Debtors and Debtors in Possession*