IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| **LIMETREE BAY SERVICES, LLC**, *et al.* [1] | CASE NO.: 21-32351 |
| Debtors. | Jointly Administered |
| | (Docket No. 12) |

**FINAL ORDER GRANTING DEBTORS'
<u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363, AND 364 AUTHORIZING:
(I) THE CONTINUED USE OF THE DEBTORS' PREPETITION CASH
MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS,
BUSINESS FORMS, AND COMPANY CREDIT CARDS; (II) CONTINUED USE OF
INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES; AND
<u>(III) OPENING NEW DEBTOR IN POSSESSION ACCOUNTS, IF NECESSARY</u>**

Upon the motion ("**Motion**")[2] of the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") for entry of an order (the "**Order**") authorizing the Debtors to maintain prepetition cash management systems and business forms on an interim and final basis, as more fully set forth in the Motion; finding this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157; finding this Court may enter final orders in this matter consistent with Article III of the United States Constitution; finding that this matter is properly venued in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; finding notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

4839-2643-0711.1

Motion due and proper under the circumstances and in accordance with all applicable rules and orders, and no further or additional notice of the Motion being warranted; having considered the Motion, the First Day Declaration and all other documents submitted in support of the Motion, as well as the record in these Chapter 11 Cases; and, after due deliberation, finding that the relief requested by and through the Motion is due and proper and serves the best interests of the estates and their creditors; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized to: (i) continue to use, with the same account numbers, the Bank Accounts on **Exhibit B** to the Motion, a copy of which is attached hereto; (ii) treat the Bank Accounts listed on **Exhibit B** to the Motion for all purposes as accounts of the Debtors as debtors in possession; (iii) use, in their present form, all Business Forms including, but not limited to, letterhead, invoices, checks, and other documents related to the Cash Management System existing immediately before the Petition Date, without reference to their status as debtors in possession, *provided* that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the lead bankruptcy case number on all checks as soon as it is reasonably practicable to do so; (iv) continue the Intercompany Arrangements, *provided* the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the postpetition Intercompany Arrangements, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts, and *provided further* that the Debtors shall make such records

4839-2643-0711.1

available upon request by the U.S. Trustee, the DIP Agent (as defined in the Interim DIP Order (defined below)), the Prepetition Agents (as defined in the Interim DIP Order), and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "**Committee**"); and (v) open new debtor in possession accounts, if necessary, with a bank that (i) is insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) is designated as an authorized depository by the U.S. Trustee, and (iii) agrees to be bound by the terms of this Order. In the event that the Debtors open or close any Bank Account(s) or new account(s), such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, the DIP Agent, the Prepetition Agents, and the Committee within ten (10) business days after the opening or closing any such account.

3. Notwithstanding anything to the contrary in this Order, within ten (10) business days after entry of this Order, subject to any extension of time, which may be granted by the U.S. Trustee without further order of this Court, the Debtors shall: (a) open one or more debtor in possession bank accounts (collectively, the "**DIP Accounts**") in compliance with the requirements of ¶ 2(v) of this Order and, within ten (10) business days thereof, provide evidence of such opening to the U.S. Trustee and Committee, *provided, however,* that the Debtors may maintain the Bank Accounts in accordance with the terms of this Order; (b) reduce the funds on deposit with Deutsche Bank and Oriental Bank such that the aggregate balance in the Debtors' Bank Accounts at each institution is less than or equal to the FDIC insured limit, *provided, however,* that the daily balance in any Bank Account(s) with Deutsche Bank and/or Oriental Bank may exceed the FDIC insured limit if necessary to fund any expenses of the Debtors or their estates or as a result of funds received

4839-2643-0711.1

by the Debtors from non-debtor entities, *provided* that such account balances are reduced to below the FDIC insured limit as soon as possible following the payment of such expenses or receipt of such funds; and (c) subject to the preceding, transfer any funds on deposit with Deutsche Bank or Oriental Bank in excess of the FDIC insured limit to a DIP Account.  The Debtors shall not deposit funds constituting property of the Debtors' estates (as defined in Section 541(a) of the Bankruptcy Code) into any money market fund accounts or investment accounts prior to the effective date of a plan in these Chapter 11 Cases.  The Debtors shall attach month-end statements for all Bank Accounts, excluding any DIP Accounts, with a cash balance at the end of the reporting period in excess of the FDIC insured limit to any monthly operating reports filed by the Debtor-depositor for the subject Bank Account(s).  Any provisions of any prior order(s) of this Court pertaining to compliance with Section 345(b) of the Bankruptcy Code are hereby vacated.

4. All financial institutions with which the Debtors maintain the Bank Accounts shall continue to maintain, service, and administer such accounts, except that such financial institutions shall not be authorized to honor any check issued or dated prior to the Petition Date, unless the Debtors represent that the payment is authorized by an order of this Court.  The Debtors shall serve those banks with a copy of this Order approving the relief requested in the Motion and any other orders issued by this Court by which those banks are authorized to honor prepetition obligations.

5. Notwithstanding anything in this Order to the contrary, any payment to be made, or any authorization contained, hereunder shall be subject to the terms of any orders granting the use of cash collateral and approving debtor in possession financing in these Chapter 11 Cases (including with respect to any budget governing or relating to such use) including, without

limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 104] (the "Interim DIP Order"), the *Second Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 271] (the "Second Interim DIP Order"), the *Third Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 393] (the "Third Interim DIP Order"), the *Amended Third Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 430] (the "Amended Third Interim DIP Order" and, together with the Interim DIP Order, the Second Interim DIP Order, and the Third Interim DIP Order, the "Interim DIP Orders"), and the Final Order, as defined in the Interim DIP Order (together with the Interim DIP Orders, the "DIP Orders"), and to the extent there is any inconsistency between the terms of the DIP Orders and any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

6. Any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

**Signed:  September 01, 2021.**

  
**DAVID R. JONES**  
**UNITED STATES BANKRUPTCY JUDGE**

## EXHIBIT B

## SUMMARY OF BANK ACCOUNTS

| **Debtor** | **Account Number – Last Four Digits** | **Bank** | **Description of Account** | **Approximate Balance in Account on Petition Date** |
|---|---|---|---|---|
| **Limetree Bay Refining Operating, LLC** | x0215 | Oriental Bank | This is the operating account for Limetree Bay Refining Operating, LLC. | $878.15 |
| **Limetree Bay Refining Operating, LLC** | x0216 | Oriental Bank | This is the payroll account for Limetree Bay Refining Operating, LLC. | $20,084.21 |
| **Limetree Bay Refining, LLC** | x0267 | Oriental Bank | This is the operating account for Limetree Bay Refining, LLC. | $2,277,262.99 |
| **Limetree Bay Refining, LLC** | x0268 | Oriental Bank | This is a discretionary operation and maintenance account for Limetree Bay Refining, LLC. | $315.39 |
| **Limetree Bay Refining, LLC** | x001.4 | Deutsche Bank | This is the revenue account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.5 | Deutsche Bank | This is the operation and maintenance account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.6 | Deutsche Bank | This is a reinvestment and repair account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.8 | Deutsche Bank | This is a distribution suspense account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x001.9 | Deutsche Bank | This is an operating reserve account for Limetree Bay Refining, LLC. | $0 |
| **Limetree Bay Refining, LLC** | x01.10 | Deutsche Bank | This is a construction account for Limetree Bay Refining, LLC. | $107,845.03 |
| **Limetree Bay Refining, LLC** | x01.11 | Deutsche Bank | This is a debt service reserve account for Limetree Bay Refining, LLC. | $3,533.42 |
| **Limetree Bay Refining Marketing, LLC** | x972.1 | Deutsche Bank | This is a revenue account for Limetree Bay Refining Marketing, LLC. | $1,049,979.71 |
| **Limetree Bay Refining Marketing, LLC** | x972.2 | Deutsche Bank | This is an operation and maintenance account for Limetree Bay Refining Marketing, LLC. | $1.49 |
| **Limetree Bay Refining Marketing, LLC** | x972.3 | Deutsche Bank | This is a reinvestment and repair account for Limetree Bay Refining Marketing, LLC. | $0 |
| **Limetree Bay Refining** | x972.4 | Deutsche Bank | This is a tolling agreement payment account for Limetree Bay Refining Marketing, LLC. | $0 |

4839-2643-0711.1

| | | | | |
|---|---|---|---|---|
| Marketing, LLC | | | | |
| Limetree Bay Refining Marketing, LLC | x972.5 | Deutsche Bank | This is a capital expenditure reserve account for Limetree Bay Refining Marketing, LLC. | $0 |
| Limetree Bay Refining Marketing, LLC | x972.6 | Deutsche Bank | This is a turn-around reserve account for Limetree Bay Refining Marketing, LLC. | $0 |
| Limetree Bay Refining Marketing, LLC | x0986 | Oriental Bank | This is a discretionary account for Limetree Bay Refining Marketing, LLC. | $119,310.57 |
| Limetree Bay Refining Holdings II LLC | x7150 | Citibank | This is a B&P checking account for Limetree Bay Refining Holdings II LLC. | $50.00 |
| Limetree Bay Services, LLC | x0919 | Citibank | This is a B&P checking account for Limetree Bay Services, LLC. | $8,306.97 |

4839-2643-0711.1