United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**LIMETREE BAY SERVICES, LLC,** *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 (DRJ)<br><br>(Jointly Administered)<br><br>(Docket No. 398) |

**ORDER (I) AUTHORIZING THE RETENTION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC DBA B. RILEY ADVISORY SERVICES TO PROVIDE CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL, (II) DESIGNATING MARK SHAPIRO AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF**

Upon the Application (the "**Application**")[2] (I) Authorizing the Retention of GlassRatner Advisory & Capital Group LLC dba B. Riley Advisory Services ("**B. Riley**") to Provide the Debtors with a Chief Restructuring Officer ("**CRO**") and Certain Additional Personnel ("**B. Riley Personnel**"), (II) Designating Mark Shapiro as CRO Effective as of the Petition Date, and (III) Granting Related Relief, filed by the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned, jointly administered bankruptcy cases (collectively, the "**Chapter 11 Cases**"); and the Court having reviewed the Application and the Shapiro Declaration; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that due and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

sufficient notice of the Application has been given by the Debtors under the circumstances and that no other or further notice is required; and after due deliberation and good cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rule 2014-1 and 2016-1, the Debtors are hereby authorized to (i) retain B. Riley as restructuring advisors to the Debtors, and (ii) to designate Mark Shapiro as the Debtors' CRO effective as of the Petition Date on the terms set forth in the Application, the Shapiro Declaration, and Engagement Agreement, attached as <u>Exhibit A</u> to the Application, as modified by this Order.

2. B. Riley shall file monthly, interim, and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders and procedures of this Court including the Interim Compensation Order. For billing purposes, B. Riley personnel providing services on an hourly rate basis shall keep their time in one tenth (1/10) hour increments, ~~and B. Riley shall make a reasonable effort to comply with the US Trustee's requests for information and additional information documentation.~~

3. In the event that, during the pendency of these chapter 11 cases, B. Riley seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in B. Riley's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such professional has been retained under section 327 of the Bankruptcy Code; *provided, however*,

2

that B. Riley shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of B. Riley's fee applications in these chapter 11 cases; and further, *provided, however*, that B. Riley shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by B. Riley and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

4. Notwithstanding anything to the contrary in the Engagement Agreement, B. Riley's retention may only be terminated by Court order.

5. Notwithstanding anything in the Application, the Engagement Letter, the Shapiro Declaration, or any exhibit(s) related thereto to the contrary:

   a. B. Riley shall not act in any other capacity (for example, and without limitation, as an investment banker, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

   b. In the event the Debtors seek to have B. Riley personnel assume executive officer positions that are different than the position(s) disclosed in the Application, or to materially change the terms and scope of the engagement, a motion to modify the retention shall be filed.

   c. No principal, employee or independent contractor of B. Riley shall serve as a director of any of the above-captioned Debtor(s) during the pendency of the above-captioned cases other than Mark Shapiro, solely in connection with his appointment as Chief Restructuring Officer for the Debtors.

   d. Any success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order.

   e. The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law.

    f. For a period of three years after the conclusion of the engagement, neither B. Riley nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

    g. B. Riley shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, its/their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

7. To the extent that there is any inconsistency between this Order, the Engagement Agreement, the Shapiro Declaration, and/or the Application, the terms of this Order shall govern.

8. The following indemnification procedures are approved during the pendency of this case:

    a. As set forth and subject to the limitations in subparagraph (c) below, B. Riley shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    b. The Debtors shall have no obligation to indemnify B. Riley, or provide contribution or reimbursement to B. Riley, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from B. Riley's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing, or (ii) settled prior to a judicial determination as to B. Riley's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which B. Riley should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, B. Riley believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Application), including

4

without limitation the advancement of defense costs, B. Riley must file an application therefore in this Court, and the Debtors may not pay any such amounts to B. Riley before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by B. Riley for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify B. Riley. All parties in interest shall retain the right to object to any demand by B. riley for indemnification, contribution or reimbursement.

9. B. Riley shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application, the Shapiro Declaration or the Engagement Letter are charged to the Debtors. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. B. Riley is authorized to apply the Retainer to satisfy any unbilled or other remaining prepetition fees and expenses B. Riley becomes aware of during its ordinary course billing review and reconciliation. The remaining balance of the Retainer held by B. Riley shall be held by B. Riley as security throughout these chapter 11 cases until B. Riley's fees and expenses are fully paid.

11. To the extent the Debtors wish to expand the scope of B. Riley's services beyond those services set forth in the Engagement Letter, the Shapiro Declaration or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 days of the Debtors filing such notice, the

Proposed Additional Services and any underlying agreement may be approved by the Court by further order without further notice or hearing.

12. B. Riley shall use its best efforts and will coordinate with the Debtors and their other retained professionals, not to duplicate any of the services provided to the Debtors by any of their other retained professionals.

13. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

14. Notwithstanding Bankruptcy Rule 6004(h) the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

**Signed:  September 07, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4847-9992-7033.1