IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>LIMETREE BAY SERVICES, LLC, *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 (DRJ)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING THE
FILING UNDER SEAL OF THE DEBTORS' RESPONSE AND RESERVATION
OF RIGHTS TO THE TERMINAL ENTITIES' MOTION TO ALLOW
AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSES**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Limetree Bay Services, LLC ("**Limetree**") and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**").

**Relief Requested**

1.  Pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 9037-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**"), the Debtors seek entry of an order authorizing the Debtors to file the unredacted version of the Response and Reservation of Rights

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

to the Terminal Entities' Motion to Allow and Compel Payment of Administrative Expenses (the "**Response**") under seal and maintaining the redacted version of the Response on the docket for the public to access.

2.  A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

3.  The Debtors filed a redacted version of the Response on the docket (Doc. No. 588) and the redacted version is also attached hereto as **Exhibit B**.

## Jurisdiction and Venue

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

5.  On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On or about July 26, 2021, an Official Committee of Unsecured Creditors was appointed (the "**Committee**") (Doc. No. 189).

6.  On July 13, 2021, the Court entered an order jointly administering the Chapter 11 Cases under Case No. 21-32351 (DRJ) (Doc. No. 20).

7. A discussion of the facts and circumstances surrounding these Chapter 11 Cases is set forth in the *Declaration of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions* (Doc. No. 8).

8. On August 18, 2021, Limetree Bay Terminals, LLC ("**LBT**"); Limetree Bay Terminals Holdings, LLC; Limetree Bay Terminals Holdings II, LLC; Limetree Bay Cayman Ltd.; and Limetree Bay Financing, LLC (collectively, the "**Terminal Entities**") filed the *Motion to Allow and Compel Payment of Administrative Expenses* (Doc. No. 435) (the "**Motion**").

9. The Debtors are responding in opposition to the Motion. However, certain confidential information is referenced in the Response. Accordingly, the Debtors request the Court authorize the Debtors to file the unredacted version of the Response under seal with the Court and maintain the redacted version of the Response on the docket for the public to access.

## Basis for Relief Requested

10. Section 107(b) of the Bankruptcy Code provides that a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information…"). Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a).

11. Bankruptcy Rule 9018 sets forth the procedure for a party to obtain a protective order authorizing the filing of a document under seal. Fed. R. Bankr. P. 3018 ("On motion, or on its own initiative, with or without notice the court may make any order which justice requires (1)

to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."). If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, the Court must protect the material. *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest …") (emphasis in original).

12. Confidential commercial information is information that, if disclosed, would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Wyndham Vacation Resorts, Inc. v. Faucett (In re Faucett)*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (internal citations and quotation marks omitted). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'").

13. The Response references confidential information that could potentially give an unfair advantage to competitors of the Debtors or the Terminal Entities. Accordingly, the Debtors request that the unredacted version of the Response, which is being filed simultaneously with this Motion, be kept under seal and the Court maintain the redacted version of the Response on the docket for the public to access.

14. Pursuant to Local Rule 9037-1, the unredacted Response is being filed simultaneously with this Motion under seal. A redacted version of the Response was filed at Doc. No. 588 and is also attached to this Motion as Exhibit B.

15. The Debtors will provide an unredacted version of the Response to the Terminal Entities.

## Notice

16. Notice of this Motion will be given to the following parties: (a) the United States Trustee for the Southern District of Texas; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the members of the Committee and their counsel, if known; (i) counsel to the Committee; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors respectfully submit that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the Motion and granting all other relief that is appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 15th day of September, 2021.

**BAKER & HOSTETLER LLP**

*/s/ Jimmy D. Parrish*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com
      jparrish@bakerlaw.com

**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jrose@bakerlaw.com

*Counsel for the Debtors and Debtors in Possession*

## Certificate of Service

    I certify that on September 15, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                */s/ Jimmy D. Parrish*
                                Jimmy D. Parrish