IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LIMETREE BAY SERVICES, LLC, *et al.,* | Case No. 21-32351 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JOHN T. YOUNG, JR. IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF RIVERON RTS, LLC, AS FINANCIAL ADVISOR**

I, John T. Young Jr., under penalty of perjury, declare as follows:

1. I am a Senior Managing Director at Riveron RTS, LLC f/k/a Conway MacKenzie, LLC[2] ("RTS"). I make and submit this supplemental declaration (this "Supplemental Declaration") on behalf of RTS to supplement the disclosures contained in the *Declaration of John T. Young, Jr. in Support of the Official Committee of Unsecured Creditors' Application for an Order Authorizing the Retention and Employment of Conway MacKenzie, LLC, as Financial Advisor* (the "Original Declaration") attached as Exhibit B to the *Application of the Official Committee of Unsecured Creditors Pursuant to Sections 328(a), 330, and 1103 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2014(a) and 2016, and Local Rules*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9076); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is: Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Conway MacKenzie, LLC changed its name to Riveron RTS, LLC on September 1, 2021.

1

*2014-1 and 2016-1 for Authorization to Retain and Employ Conway MacKenzie, LLC as Financial Advisor Effective as of July 29, 2021* [Docket No. 403] (the "Application")[3]

2. I am duly authorized to make and submit this Supplemental Declaration on behalf of RTS in accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a).

3. Unless otherwise stated in this Supplemental Declaration, I have personal knowledge, upon information and belief, and upon records kept in the ordinary course of business that were reviewed by me or other employees of RTS under my supervision and direction, of the facts set forth herein. RTS, along with Riveron Management Services, LLC, f/k/a Conway MacKenzie Management Services, LLC and each of their respective subsidiaries, will be referred to as the "RTS Entities".

4. On August 16, 2021, Global Business Intelligence, LLC, a New Jersey limited liability company ("GBI") was purchased by a subsidiary of Riveron Parent Holdings, LP ("Holdco", and collectively with its subsidiaries other than the RTS Entities and GBI, "Riveron"). Holdco is controlled by an investment vehicle that is majority owned by H.I.G. Capital Partners V, L.P. ("LBO Fund V") and H.I.G. Growth Buyouts & Equity Fund III, L.P. ("Growth Fund III"), investment funds managed by H.I.G. Capital, LLC (together with its affiliates other than Riveron, the RTS Entities, and GBI, "H.I.G."). Riveron Consulting, LLC and the RTS Entities are business advisory firms. GBI provides IT services and is not a business advisory firm. As a result of the transaction, RTS, Riveron, GBI, and H.I.G. are affiliates under applicable law. The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.

---

[3] Capitalized terms used but not defined herein shall having the meanings ascribed to such terms in the Application, or the Original Declaration, as applicable.

5. In connection with the combination of the RTS Entities, GBI, and Riveron and in addition to the procedures set forth in the Original Declaration, an email was sent to all GBI employees instructing them to review the Potential Parties-in-Interest list for connections.

6. In addition, RTS conducted a review of the Potential Parties-in-Interest against a list of GBI's clients, referral sources, and vendors. A listing of the Potential Parties-in-Interest reviewed is reflected on **Schedule A** attached to this Supplemental Declaration. Based on the results of this review, as communicated to me by GBI and RTS personnel, the RTS Entities do not have a relationship with the Debtors or any of the Potential Parties-in-Interest as a result of Riveron's acquisition of GBI.

7. Designees of LBO Fund V and Growth Fund III are members of the Board of Managers of the general partner of Holdco ("Holdco Board Designees"). Holdco wholly owns Riveron Intermediate Holdings, Inc. ("Intermediate Co"), which wholly owns Riveron Acquisition Holdings, Inc. ("Acquisition Co"), which wholly owns Riveron Consulting, LLC, the RTS Entities, and GBI. No H.I.G. designees are Board members of Riveron Consulting, LLC, RTS, Intermediate Co, Acquisition Co, or GBI.

8. Further, the RTS Entities, Riveron, GBI, LBO Fund V, and Growth Fund III have the following precautionary restrictions in place designed to prevent confidential client information, including the names of clients reasonably likely to be involved in reorganization proceedings under the Bankruptcy Code, from being shared with H.I.G. or their Holdco Board Designees (collectively, the "Barrier"): (a) the RTS Entities will not furnish any material nonpublic information about the Debtors or the Committee to LBO Fund V and Growth Fund III, the Holdco Board Designees, or any H.I.G. entity or personnel; (b) no LBO Fund V and Growth Fund III personnel nor any other H.I.G. personnel work on RTS Entities client matters or have access to

RTS Entities client information, client files, or client personnel; (c) Riveron and GBI personnel who are not staffed on this engagement do not have access to the client's information or client files; (d) all H.I.G. personnel, Riveron personnel, GBI personnel, and RTS Entities personnel have been or will be provided a written description of this Barrier and the importance thereof; (e) no LBO Fund V and Growth Fund III personnel nor any other H.I.G. personnel work in the RTS Entities' offices, Riveron's offices, or GBI's offices; (f) other than the Holdco Board Designees, the RTS Entities, Riveron, and GBI operate independently from H.I.G., including that they do not share any employees, officers, or other management with H.I.G., have separate offices in separate buildings, have separate email addresses, and have separate IT systems; and (g) no RTS Entities, Riveron, or GBI executive or employee is a director, officer, or employee of H.I.G. Capital, LLC or the Funds (or vice versa other than the Holdco Board Designees).

9. Based on the process set forth in the Original Declaration and this Supplemental Declaration, it is my understanding that the overall design and implementation of RTS's current procedures provide a reasonable level of comfort that relationships and potential conflicts will be identified. Notwithstanding the foregoing, given the large number of Potential Parties-in-Interest and Fund investments, despite the efforts described above and in the Original Declaration to identify and disclose the RTS Entities' relationships with Potential Parties-in-Interest in these Chapter 11 Cases, there may be client relationships or other connections that have not been disclosed. In particular, among other things, the RTS Entities, Riveron, GBI, or H.I.G. may have relationships with persons who are beneficial owners of Potential Parties-in-Interest and persons whose beneficial owners include Potential Parties-in-Interest or persons who otherwise have relationships with Potential Parties-in-Interest. Moreover, the RTS Entities, Riveron, GBI, or H.I.G. employees may have relationships with Potential Parties-in-Interest, persons that may

become Potential Parties-in-Interest in these cases, and/or persons that have business relationships with the Debtors, are competitors of the Debtors, or that are customers of the Debtors. Continued inquiry will be made following the filing of this Supplemental Declaration by undertaking the same procedures described herein and in the Original Declaration on a periodic basis, except where otherwise specified, with additional disclosures to be filed in this Court if necessary or otherwise appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge, and belief.

Dated: September 17, 2021

By:    */s/ John T. Young, Jr.*
       John T. Young, Jr.
       Senior Managing Director