United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------------x
:
In re                                                         :     Chapter 11
:
**LIMETREE BAY SERVICES, LLC,** *et al.*[1],     :     Case No. 21-32351 (DRJ)
:
:     Jointly Administered
:
Debtors.                                                :
------------------------------------------------------------------x

**ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

(Docket No. 405)

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for an Order (I) Establishing Information Sharing Procedures and (II) Granting Related Relief* (the "Motion")[2] filed by the Official Committee of Unsecured Creditors (the "Committee") of Limetree Bay Services, LLC, *et al.* (the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. The Committee shall establish the Creditor Information Protocol (as defined below) in full satisfaction of the Committee's obligations to provide access to the Debtors' general unsecured creditors in accordance with section 1102(b)(3)(A) of the Bankruptcy Code. For the avoidance of doubt, and notwithstanding the limitations and requirements on disclosure of information and documents by the Committee provided in this Order, nothing contained in this Order shall preclude any creditor from seeking relief at any time from the Court with respect to production of information or documents from the Committee, and the Committee reserves all rights with respect thereto.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

4. The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

    a. Committee Website. The Committee has established and, until the earliest to occur of dissolution of the Committee, dismissal or conversion of these Chapter 11 Cases, or a further order of the Court (the "Outside Date"), will

maintain a website (the "Committee Website")[3] available at www.pszjlaw.com/limetree.html that will provide, without limitation:

    i. general information concerning the Debtors and significant parties in interest in these cases, the case docket, and access to filings;

    ii. contact information for the Debtors' counsel and the Committee's counsel;

    iii. the date, if any, by which unsecured creditors must file proofs of claim;

    iv. a calendar of upcoming significant dates in these Chapter 11 Cases, including those associated with any sale or plan;

    v. access to the claims docket established by the Debtors' claims and noticing agent;

    vi. the Debtors' monthly operating reports;

    vii. press releases (if any) issued by the Committee;

    viii. information concerning how to submit questions, comments, and requests for access to additional information from the Committee;

    ix. responses to questions, comments, and requests for access to information (to the extent provided by the Committee, in the exercise of its reasonable discretion); and

    x. links to other relevant websites.

b. <u>E-mail Address</u>. The Committee has established and will maintain, through the Outside Date, an e-mail address for creditors to submit questions and comments.

c. <u>Privileged and Confidential Information</u>. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "<u>Entity</u>") without further order of the Court, (i) Confidential Information and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

d. <u>Information Obtained Through Discovery</u>. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding,

---

[3] The Committee may use the Debtors' logo on the Committee Website through the Outside Date.

or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

e. <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with Committee counsel regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an <u>in camera</u> review.

f. <u>Release of Confidential or Privileged Information of Debtors or Third Parties</u>. If the Information Request implicates Confidential Information or Privileged Information of the Debtors or any other Entity and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information or Privileged Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information or Privileged Information is information of the Debtors, by submitting a written request, through email or other means, captioned as a "Committee Information Demand," to counsel for the Debtors, requesting that such information be disclosed and (ii) if the Confidential Information or Privileged Information is information of another Entity (including, for purposes of this subparagraph, the Committee), by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, that such information be disclosed. If the Debtors or such other Entity objects to the Demand in writing (a "<u>Demand Objection</u>"), through email or other means, within fourteen (14) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other Entity, as applicable, may file an objection to such motion. The Committee will not be authorized to disclose Confidential Information or Privileged Information while a Demand Objection is pending, but may disclose Confidential Information or Privileged

4

Information if (i) the Debtors or another Entity, as applicable, do not object to a Demand within fourteen (14) days after receipt; (ii) ordered by the Court; and (iii) agreed in writing, through email or other means, by the Debtors or another Entity, as applicable.[4]

5. The Committee's counsel is hereby authorized, consistent with the terms of this Order, in its reasonable discretion, to communicate on behalf of the Committee with the Debtors' general unsecured creditors and/or respond to Information Requests. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

6. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

**Signed: September 22, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

---

[4] For the avoidance of doubt, (i) if the Committee agreed to receive the Confidential Information or Privileged Information from the Debtors or such Entity pursuant to a written confidentiality agreement, and the terms of such confidentiality agreement are more restrictive than this paragraph, the terms of the confidentiality agreement and not this Order shall govern; and (ii) if the Committee receives service of documents or pleadings filed under seal pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Local Rule 9037-1, such documents shall be treated as Confidential Information and shall be subject to the terms of this Order.