IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LIMETREE BAY SERVICES, LLC, *et al.*, | § | Case No. 21-21142 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**LIMETREE BAY REFINING, LLC'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE CLARO GROUP, LLC AS INSURANCE CONSULTANT EFFECTIVE AUGUST 26, 2021**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Debtor, Limetree Bay Refining, LLC (the "Debtor"), hereby files this Application (the "Application") for an Order Authorizing the Employment and Retention of The Claro Group, LLC ("Claro") as Insurance Consultant to the Debtor Effective August 26, 2021, and in support hereof, respectfully states as follows:

### I.    JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

1

## II. BACKGROUND

2. On July 12, 2021 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases was appointed on July 26, 2021. No request for the appointment of a trustee or examiner has been made.

3. A discussion of the facts and circumstances surrounding these Chapter 11 Cases is set forth in the Declaration of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions (Doc. No. 8) (the "First Day Declaration").

4. Claro is being retained to consult with and assist the Debtor and its legal counsel with insurance recoveries from multiple lines of coverage related to the damage associated with the upset events that took place at a refinery in February and May 2021. The Debtor believes this assistance is necessary for it to propose a viable and confirmable plan of reorganization.

## III. RELIEF REQUESTED

5. The Debtor seeks entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code authorizing the employment and retention of Claro as insurance consultant to the Debtor in accordance with the terms and conditions of the engagement letter (the "Engagement Letter") attached hereto as **Exhibit A-1**. In support of this Application, the Debtor submits the affidavit of Ronald Van Epps, a Managing Director of Claro (the "Van Epps Affidavit"), attached hereto as **Exhibit A.**

## IV. QUALIFICATIONS AND SERVICES TO BE PROVIDED

6. In accordance with its duties as debtor in possession and efforts to reorganize the business, the Debtor has determined that, in its sound business judgment, the retention of an insurance consultant is in the best interests of the Debtor and its estate.

7. Claro is a privately owned, national financial and management consulting firm that provides financial analysis and advisory services, forensic accounting, valuation services, economic and statistical analyses, large database management and analyses to assist clients involved in litigation, arbitration, mediation or other disputes. Claro's professionals include CPAs, MBAs, JDs, CTPs, CIRAs and PhD economists.

8. The primary Claro professional working on this engagement is Ronald Van Epps ("Van Epps"). Van Epps is one of the senior founding members of Claro. During the last 25 years, Van Epps has helped clients achieve insurance recoveries of over $2.5 billion on numerous complex general liability and pollution claims. Other Claro team members with appropriate experience levels and billing rates will be tasked based upon the size and scale of the specific assignment. Claro has worked on numerous engagements advising debtors, chapter 7 trustees, chapter 11 trustees, secured lenders and unsecured creditor committees and Van Epps has negotiated numerous settlements with insurers related to both property damage as well as environmental releases and is more than capable of advising the Debtor throughout this case.

9. Claro's representatives have extensive experience in providing advisory services in connection with bankruptcy proceedings and are particularly well qualified for the type of services required by the Debtor. Accordingly, Claro possesses the requisite expertise and background to handle matters that are likely to arise in this bankruptcy case. The Debtor selected Claro because of its extensive experience in handling similar matters.

4812-0914-8155.1

10. Prior to the Engagement Letter, Claro provided the Debtor with an initial report and assessment regarding certain insurance coverage issues for a flat fee of $10,000 in the ordinary course of the Debtor's business. This report was provided on August 26, 2021. After reviewing the initial report, the Debtor decided to engage Claro as a professional in these Chapter 11 Cases to assist with the matters described below. Subject to this Court's order approving Claro's retention, Claro will provide services to the Debtor going forward under the Engagement Letter.

11. Under the Engagement Letter, services anticipated to be provided by Claro to the Debtor include, but are not limited to, the following:

   a. obtain and analyze financial data related to the February and May releases;

   b. review and analyze invoices, purchase orders and estimates provided by third party vendors;

   c. bucket costs based on applicable insurance and develop claim submission package to each insurance carrier;

   d. respond to requests for information from insurance carriers and provide secure file-sharing site;

   e. provide regular communications and status updates to insurance carriers;

   f. work with Debtor and Debtor's Counsel to provide damage estimates to insurance carriers resulting from any outstanding claims against Debtor resulting from the February and May events;

   g. other such functions as requested by Debtor to assist with insurance recoveries related to the February and May events.

12. Thus, the Debtor believes the employment of Claro as set forth above is appropriate and in the best interest of the Debtor and its bankruptcy estate.

### V. CLARO IS "DISINTERESTED"

13. Under section 327(a) of the Bankruptcy Code, the trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest

adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code.  *See* 11 U.S.C. §§ 101(14), 327(a) and 1107(b).  Bankruptcy Code section 101(14) defines a disinterested person as a person that:

   a.  is not a creditor, an equity security holder, or an insider;

   b.  is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

   c.  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

   14.  These two requirements of Section 327(a) "form one hallmark with which to evaluate whether professionals seeking court-approved retention . . . meet the adversity requirements embodied in the Bankruptcy Code."  3 Collier on Bankruptcy ¶ 327.04[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (quoting *In re Vebeliunas*, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999)) (internal quotations omitted).  These requirements are met so long as the professional is able to "serve in the best interests of the estate while preserving the integrity of the bankruptcy process," and does not "represent an interest adverse to the estate."  *See id*. at 327.04(2)(a)(i) – (2)(b).

   15.  In reliance on the Van Epps Affidavit, to the best of the Debtor's knowledge, Claro: (a) does not represent any other entity having an adverse interest in connection with the Bankruptcy Case; (b) is "disinterested" as that term is defined in Section 101 of the Bankruptcy Code; and (c) does not represent or hold any interest adverse to the interest of the Debtor's bankruptcy estate with respect to the matters for which it is to be employed.  In addition, neither Claro nor its professionals have any connections with the Debtor, the Debtor's top creditors, other parties in

interest as listed on the Van Epps Affidavit, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the Van Epps Affidavit.[2]

### VI. COMPENSATION AND TERMS OF EMPLOYMENT

16. In consideration for the services to be provided, subject to Court approval, the Debtor will compensate Claro for professional services by multiplying the actual hours expended by Claro for the professional services by the hourly billing rates for the Claro personnel involved. The hourly rates charged by Claro are based upon, among other things, each individual's level of experience and the types of services being provided. The hourly rates for Claro personnel are:

|  | **Hourly Rate** |
|---|---|
| Managing Directors | $495 - $650 |
| Directors/Senior Advisors | $450 - $495 |
| Managers/Sr. Managers | $350 - $445 |
| Analysts/Senior Consultants | $265 - $305 |
| Administrative Personnel | $125 - $175 |

17. In addition to compensation for professional services, Claro will be reimbursed for reasonable expenses incurred in connection with its retention. These expenses include, but are not limited to, travel expenses, photocopying costs, and delivery services. Expenses will be charged to the Debtor at actual cost.

18. Claro will maintain detailed hourly time records and detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services.

19. In accordance with Bankruptcy Rule 2016(b), Claro has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person or (b) any compensation another person or party has received or may receive.

---

[2] Claro will review its files periodically during the pendency of the cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If Claro discovers any new relevant facts or relationships, it will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## VII. BASIS FOR RELIEF

20. The Debtor seeks entry of an order authorizing it to retain and employ Claro pursuant to sections 327 and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides, in relevant part, that the Debtors, with the Bankruptcy Court's approval, "may employ one or more attorneys, accountants . . . or other professional person." Section 328(a) of the Bankruptcy Code provides, in relevant part, that the Debtors, with the Bankruptcy Court's approval, "may employ or authorize the employment of a professional person under section . . . 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."

21. In light of the foregoing, the Debtor submits that the retention of Claro is in the best interest of the estate, the creditors, and all parties in interest in these Chapter 11 Cases. Claro has extensive experience in matters involving complex financial restructurings and an excellent reputation for services rendered in Chapter 11 Cases on behalf of debtors and creditor constituencies throughout the United States. The Debtors have satisfied the requirements of the Bankruptcy Code and the Bankruptcy Rules to support entry of an order authorizing the Debtor to retain and employ Claro in these Chapter 11 Cases on the terms described herein and in the Engagement Letter.

## VIII. NOTICE

22. Notice of this Application will be provided to the Master Service List, including: (a) the U.S. Trustee; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the Committee members and

4812-0914-8155.1

their counsel, if known; (i) counsel to the Committee; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors submit that no other or further notice is required.

## IX.   CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order approving the retention of The Claro Group, LLC as insurance consultant to the Debtor, and for such other and further relief as the Court may deem just and proper.

Dated: September 25, 2021

**Limetree Bay Refining, LLC**

*/s/ Mark Shapiro*
Name: Mark Shapiro
Title: Chief Restructuring Officer


## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2021, a true copy of the foregoing was filed with the Court's CM/ECF System, which will provide notice of such filing to all parties requesting such notice.

By:  */s/ Elizabeth A. Green*
Elizabeth A. Green

4812-0914-8155.1