**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Limetree Bay Services, LLC, _et al._**[1] | § | Case No. 21–32351 (DRJ) |
| | § | |
| Debtors. | § | Jointly Administered |

---

**NOTICE OF REQUEST OF RULE 2004 PRODUCTION OF DOCUMENTS**

---

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Bankruptcy Local Rule 2004, Control Systems Technologies, LLC ("**CST**") files its Rule 2004 Notice ("**Notice**") requesting production of certain documents from Debtors, as described more fully below.

Dated: October 5, 2021

Respectfully Submitted,

**CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, PC**

By: _/s/ Tyler W. Greenwood_
Tyler W. Greenwood
Texas Bar No. 24123219
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: tyler.greenwood@chamberlainlaw.com
   jarrod.martin@chamberlainlaw.com

_**Counsel for Control Systems Technologies, LLC,**_

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operations, LLC (9067); and Limetree Bay Refining Marketing, LLC (9222).  The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 5, 2021, the foregoing Notice was filed with the Court and served via the Court's CM/ECF system to all parties registered to receive such notice.  The undersigned further certifies that the foregoing Notice was served via first class mail upon counsel for the Debtor as follows:

> Elizabeth A Green
> Baker & Hostetler LLP
> 200 S. Orange Avenue
> SunTrust Center, Suite 2300
> Orlando, FL 32801

The undersigned further certifies that on October 5, 2021, the original  Subpoenas for Rule 2004 Examination were sent via  first-class, United States mail and certified United States mail as follows:

Limetree Bay Energy, LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Limetree Bay Financing, LLC
Capitol Services, Inc.
108 Lakeland Avenue
Dover, DE 19901

Limetree Bay Funding Holdings, LLC
Cogency Global Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

Limetree Bay Funding, LLC
Cogency Global Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

Limetree Bay Holdings, LLC
Cogency Global Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

Limetree Bay Refining Financing, LLC
Cogency Global Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

Limetree Bay Services, LLC
Capitol Services, Inc.
108 Lakeland Avenue
Dover, DE 19901

Limetree Bay Terminals Holdings II, LLC
Capitol Services, Inc.
108 Lakeland Avenue
Dover, DE 19901

Limetree Bay Terminal Holdings, LLC
Capitol Services, Inc.
108 Lakeland Avenue
Dover, DE 19901

Limetree Bay Ventures, LLC
Capitol Services, Inc.
108 Lakeland Avenue
Dover, DE 19901

*/s/ Tyler W. Greenwood*
Tyler W. Greenwood

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned has communicated the request for the production of certain documents to Elizabeth A. Green, counsel for Debtors via electronic mail on September 22, 27, and 30, 2021. Counsel for Debtors did not respect to my request.

*/s/ Tyler W. Greenwood*
Tyler W. Greenwood

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al.                     Case No.  21-32351
                                    Debtor

                                                              Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Energy, LLC, The Corporation Trust Company,Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801
                        *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method:  _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021

                        CLERK OF COURT

                                        OR

        _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____  ,  who issues or requests this subpoena, are:

_____

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1.  **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2.  **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3.  **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

    a.   the exact privilege relied on;
    b.   the factual and legal bases for asserting such privilege;
    b.   the name of the attorney and the name of the client;
    c.   the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
    d.   whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

    Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4.  Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5.  To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6.  Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.      If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.      If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.      In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.     All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.     To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.     These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.     In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.     If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.     "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.     "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.     "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.     "**Copy**" means true and correct unaltered copies of original documents.

19.     "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.     "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21. "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22. "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23. "**GE**" means General Electric and its subsidiaries and affiliates.

24. "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25. "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26. "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27. "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28. "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29. "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30. "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31.     "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32.     "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15.     "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16.     "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

## EXHIBIT B

## Document Requests

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.  Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.  Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.  Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.  Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.  Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.  Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.  Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.  Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al._____

Debtor

Case No.   21-32351_____

Chapter   11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Financing, LLC, Capitol Services, Inc., 108 Lakeland Avenue, Dover, DE 19901

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021_____

                    CLERK OF COURT

                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1. **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2. **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3. **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

   a. the exact privilege relied on;
   b. the factual and legal bases for asserting such privilege;
   b. the name of the attorney and the name of the client;
   c. the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
   d. whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

   Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4. Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5. To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6. Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.     If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.     If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.     In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.    All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.    To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.    These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.    In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.    If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.    "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.    "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.    "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.    "**Copy**" means true and correct unaltered copies of original documents.

19.    "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.    "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21.  "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22.  "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23.  "**GE**" means General Electric and its subsidiaries and affiliates.

24.  "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25.  "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26.  "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27.  "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28.  "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29.  "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30.  "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31.     "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32.     "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15.     "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16.     "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

# EXHIBIT B

## Document Requests

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al._____   Case No.  __21-32351_____

_____
Debtor

Chapter  __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Funding Holdings, LLC, Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904
_____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**
_____

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021_____

                        CLERK OF COURT

                                            OR

        _____                    _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### Instructions

1.  **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2.  **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3.  **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

     a.   the exact privilege relied on;
     b.   the factual and legal bases for asserting such privilege;
     b.   the name of the attorney and the name of the client;
     c.   the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
     d.   whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

     Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4.  Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5.  To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6.  Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.      If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.      If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.      In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.     All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.     To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.     These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.     In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14. If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15. "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16. "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17. "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18. "**Copy**" means true and correct unaltered copies of original documents.

19. "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20. "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21.    "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22.    "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23.    "**GE**" means General Electric and its subsidiaries and affiliates.

24.    "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25.    "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26.    "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27.    "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28.    "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29.    "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30.    "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31.    "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32.    "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15.    "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16.    "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

## EXHIBIT B

## Document Requests

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al.          Case No.  __21-32351_____

                    Debtor

                                      Chapter  __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Funding, LLC, Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904
_____

*(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021

                    CLERK OF COURT

                                      OR

        _____              _____
        *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____  ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1. **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2. **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3. **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

   a. the exact privilege relied on;
   b. the factual and legal bases for asserting such privilege;
   b. the name of the attorney and the name of the client;
   c. the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
   d. whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

   Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4. Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5. To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6. Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

---

7.     If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.     If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.     In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.    All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.    To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.    These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.    In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.    If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.    "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.    "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.    "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.    "**Copy**" means true and correct unaltered copies of original documents.

19.    "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.    "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21. "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22. "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23. "**GE**" means General Electric and its subsidiaries and affiliates.

24. "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25. "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26. "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27. "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28. "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29. "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30. "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31. "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32. "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15. "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16. "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

# EXHIBIT B

## Document Requests

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.   Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.   Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.   Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.   Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.   Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.   Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.   Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.   Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al.

Debtor

Case No.  __21-32351_____

Chapter  __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Holdings, LLC, Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method:  _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____  , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1.   **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2.   **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3.   **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

   a.     the exact privilege relied on;
   b.     the factual and legal bases for asserting such privilege;
   b.     the name of the attorney and the name of the client;
   c.     the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
   d.     whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

   Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4.   Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5.   To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6.   Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.   If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.   If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.   In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.   All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.   To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.   These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.   In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.     If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.     "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.     "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.     "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.     "**Copy**" means true and correct unaltered copies of original documents.

19.     "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.     "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21.    "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22.    "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23.    "**GE**" means General Electric and its subsidiaries and affiliates.

24.    "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25.    "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26.    "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27.    "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28.    "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29.    "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30.    "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31.     "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32.     "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15.     "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16.     "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

## **EXHIBIT B**

## **Document Requests**

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al.  _____    Case No.  __21-32351_____

Debtor

Chapter  __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  _Limetree Bay Refining Financing, LLC, Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904_____

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**
_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021

CLERK OF COURT

OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____  ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1.   **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2.   **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3.   **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

    a.     the exact privilege relied on;
    b.     the factual and legal bases for asserting such privilege;
    b.     the name of the attorney and the name of the client;
    c.     the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
    d.     whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

    Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4.   Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5.   To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6.   Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.      If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.      If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.      In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.     All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.     To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.     These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.     In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.    If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.    "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.    "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.    "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.    "**Copy**" means true and correct unaltered copies of original documents.

19.    "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.    "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21.   "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22.   "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23.   "**GE**" means General Electric and its subsidiaries and affiliates.

24.   "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25.   "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26.   "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27.   "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28.   "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29.   "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30.   "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31. "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32. "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15. "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16. "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

# EXHIBIT B

## Document Requests

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al._____          Case No. __21-32351_____
_____
                    Debtor

                                                            Chapter __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  _Limetree Bay Services, LLC, Capitol Services, Inc., 108 Lakeland Avenue, Dover, DE 19901_____
                    *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021_____

                    CLERK OF COURT

                                        OR

_____              _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1. **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2. **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3. **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

   a.   the exact privilege relied on;
   b.   the factual and legal bases for asserting such privilege;
   b.   the name of the attorney and the name of the client;
   c.   the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
   d.   whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

   Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4. Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5. To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6. Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.      If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.      If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.      In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.     All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.     To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.     These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.     In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.   If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.   "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.   "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.   "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.   "**Copy**" means true and correct unaltered copies of original documents.

19.   "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.   "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21. "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22. "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23. "**GE**" means General Electric and its subsidiaries and affiliates.

24. "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25. "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26. "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27. "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28. "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29. "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30. "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31. "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32. "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15. "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16. "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

## **EXHIBIT B**

## **Document Requests**

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al.          Case No. __21-32351_____
                    Debtor

                                          Chapter ___11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Terminal Holdings, LLC, Capitol Services, Inc., 108 Lakeland Avenue, Dover, DE 19901
_____
                    *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**
_____

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021
      _____

                    CLERK OF COURT

                                    OR

      _____         _____
      *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1. **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2. **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3. **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

   a. the exact privilege relied on;
   b. the factual and legal bases for asserting such privilege;
   b. the name of the attorney and the name of the client;
   c. the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
   d. whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

   Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4. Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5. To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6. Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.     If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.     If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.     In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.    All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.    To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.    These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.    In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.    If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.    "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.    "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.    "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.    "**Copy**" means true and correct unaltered copies of original documents.

19.    "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.    "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21.     "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22.     "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23.     "**GE**" means General Electric and its subsidiaries and affiliates.

24.     "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25.     "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26.     "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27.     "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28.     "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29.     "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30.     "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31.    "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32.    "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15.    "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16.    "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

## **EXHIBIT B**

## **Document Requests**

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.     Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.     Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.     Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.     Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al.               Case No.  21-32351

                    Debtor

                                                        Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Terminals Holdings II, LLC, Capitol Services, Inc., 108 Lakeland Avenue, Dover, DE 19901

                    *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021

                    CLERK OF COURT

                                        OR

_____        _____
  *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

_____

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Instructions

1.   **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2.   **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3.   **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

   a.   the exact privilege relied on;
   b.   the factual and legal bases for asserting such privilege;
   b.   the name of the attorney and the name of the client;
   c.   the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
   d.   whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

   Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4.   Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5.   To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6.   Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.      If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.      If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.      In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.     All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.     To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.     These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.     In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.    If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.    "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.    "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.    "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.    "**Copy**" means true and correct unaltered copies of original documents.

19.    "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.    "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21. "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22. "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23. "**GE**" means General Electric and its subsidiaries and affiliates.

24. "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25. "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors. Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26. "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27. "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28. "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29. "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30. "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31.   "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32.   "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15.   "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16.   "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

## <u>EXHIBIT B</u>

## <u>Document Requests</u>

The definitions and instructions included in **<u>Exhibit A</u>** apply to each and every request for documents.  Please produce the following:

17.    Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.    Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.    Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.    Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.    Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.    Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.    Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.    Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re  Limetree Bay Services, LLC, et al.                    Case No.  21-32351
                           Debtor

                                             Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Limetree Bay Ventures, LLC, Capitol Services, Inc., 108 Lakeland Avenue, Dover, DE 19901

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibits A-B**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 5, 2021

                         CLERK OF COURT

                                      OR

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ ,  who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### Instructions

1.  **Scope of Production**.  You must produce the designated Documents that are under your care, custody, control, or possession, including your constructive possession where you have a right to compel production of Documents from a third party.

2.  **Time Frame for Production (also referred to as the "Relevant Period")**.  Please produce the Documents requested in **Exhibit B** no later than October 26, 2021.

3.  **Allegations of Privilege**.  If you are relying on any privilege, then as to each communication or Document for which such a privilege is claimed, state the following:

    a.   the exact privilege relied on;
    b.   the factual and legal bases for asserting such privilege;
    b.   the name of the attorney and the name of the client;
    c.   the date the attorney/client relationship was established and the date it was terminated, if it has been terminated; and
    d.   whether the matter for which the attorney was retained is specific litigation or some other matter (and state such other matter by description).

    Furthermore, if you are claiming a privilege, you should describe the nature of any Documents, communications, or tangible things not produced and do so in a manner that, without revealing information itself privileged or protected, will enable CST to assess the claim.

4.  Wherever a noun appears, it shall be construed either to be singular or plural in order to bring within the scope of this examination request any information which otherwise may be construed to be outside its scope.

5.  To the extent possible, Documents shall be produced electronically.  Documents shall be produced in exactly the same manner in which they are kept in the usual course of business or organized and labeled to correspond with the categories which follow in this request.

6.  Unless a different time period is specified, the applicable time period for each Document request shall run from January 1, 2016 through the present.

7.    If there are no Documents in existence that are responsive to a particular paragraph of this request, the response must include a statement to that effect.

8.    If Documents once existed that were in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the Documents' current whereabouts, or the manner in which You disposed of the Documents.

9.    In the event that any Document called for has been destroyed, discarded, or otherwise disposed of, identify the Document by stating the following: (a) its author or preparer; (b) all addressee(s) to whom the Document was sent; (c) the date the Document was created; (d) the subject matter and content of the Document; (e) the number of pages contained within the Document; (f) whether any attachments or appendices were included within the Document; (g) all Persons to whom the Document was distributed or shown; (h) the date the Document was destroyed or otherwise disposed of; (i) the matter of destruction or other disposition; (j) the reason for the destruction or disposition; and (k) the Person destroying the Document.

10.    All Documents are to be produced that are in Your possession, custody, or control, including Documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.  If You cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying your inability to answer or respond to the remainder.

11.    To the extent the location of any Document called for by this request is unknown to You, so state.  If any estimate can reasonably be made as to the location of an unknown Document, describe the Document with sufficient particularity so that it can be identified, set forth Your best estimate of the Document's location, and describe the basis upon which the estimate is made.

12.    These requests are continuing.  If You or any Person acting on Your behalf obtains additional Documents called for by these requests after such response, such Documents shall be promptly produced.

13.    In responding to these requests for production of Documents, You are required to make a diligent search for all available Documents within Your actual and constructive possession, custody, or control, and not merely such Documents within the personal possession of the individual answering these requests.

14.     If any objection is made to any request contained herein, state for the item or category objected to: (a) the specific ground for each objection; and (b) a description of the subject matter of each responsive Document or item.

## **Definitions**

The following definitions apply to the Document Requests set forth in **Exhibit B**. Definitions applicable to words or phrases in their singular form apply to those same words or phrases used in their plural form.

15.     "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively in order to bring within the scope of this examination request any information that might otherwise be construed to be outside its scope.

16.     "**Bankruptcy Case**" means the Debtors' respective bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

17.     "**Communication(s)**" means any transfer of information or language between or among two or more persons or entities, whether written, oral, or by any other means.

18.     "**Copy**" means true and correct unaltered copies of original documents.

19.     "**Debtors**" shall refer to Limetree Bay Services, LLC; Limetree Bay Refining Holdings, LLC; Limetree Bay Refining Holdings II, LLC; Limetree Bay Refining, LLC; Limetree Bay Refining Operations, LLC; and/or Limetree Bay Refining Marketing, LLC, including their respective agents, representatives, and Persons acting or purporting to act on their behalf.

20.     "**Document**" means any medium on which information is or can be recorded, including but not limited to papers, books, letters, electronic mail, notes, logs, manuals, diaries, calendars, appointment schedules, correspondence, telegrams, cables, telex messages, text messages, instant messages, memoranda, notebooks, minutes, ledgers, worksheets, journals, canceled checks, reports, summaries, photographs, maps, computer printouts, computer hard drives, computer files, embedded or removable memory devices, audio recordings, video tapes, inventory lists, transcripts, mechanical means of voice reproduction or any notes, summaries or excerpts prepared from any of the foregoing, or any other form of electronically, optically, or magnetically stored information.  Where copies of the same document are dissimilar in any respect, both copies of documents are included in this definition.  The term "Document" also includes copies when originals are not in the

possession, custody, or control of you as well as copies bearing notations or containing information in addition to that contained in the original.

21.    "**East Power Block**" means the eight GE Gas Turbines, labelled GT-4, GT-5, GT-6, GT-7, GT-8, GT-9, GT-10, and GT-13.

22.    "**Gas Turbines**" means the General Electric frame 5 gas turbines currently used by the Debtors' powerhouse operators to control the gas turbine electric production for both the Refinery and Terminal daily operations.

23.    "**GE**" means General Electric and its subsidiaries and affiliates.

24.    "**Intellectual Property**" includes all inventions, know-how, trade secrets, processes, products, methods, improvements, discoveries, ideas, creations, designs, patents, patent applications, patent searches, machines, programs, routines, subroutines, Software, source code, hardware, techniques, ideas for formulae, writings, books and other works of authorship, copyrights, trademarks, service marks, business concepts, plans, projections, and other similar items.

25.    "**Invoice**" means any written account or itemized statement containing: (i) the items or services provided, or (ii) items or services offered or solicited, but not necessarily accepted by Debtors.  Such definition is also inclusive but not limited to bids, proposals, work invoices, term sheets, or other similar items, together with the prices, charges, quantities, amounts, or descriptions.

26.    "**Person**" means any natural person, public or private corporations, partnership, joint venture, association, group, government or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

27.    "**Powerhouse**" means the center than includes the Gas Turbines, and which provides power to both the Refinery and the Terminal.

28.    "**Petition Date**" means July 12, 2021, the date on which Debtors' Bankruptcy Cases were filed.

29.    "**Refinery**" means Debtors' refineries which are designed to receive and process crude—both heavy and light—as well as sour crude oils.

30.    "**Relating To**," "**Regarding**," "**Relative To**," or "**Relate(d) To**" means directly or indirectly evidencing, discussing, averring or referring to, referencing, mentioning, noting, discussing, describing, pertaining to, in connection with, or reflecting any items or matters described after the phrase.

31.    "**Software**" means programs and/or systems used in conjunction with the Gas Turbines that help, *inter alia*, change the load to maintain frequency, or provide load sharing between other Gas Turbines.

32.    "**Terminal**" means Debtors' storage terminal which consists of storage tanks, storing, *inter alia*, crude oil, gasolines, distillates, benzene-toluene-xylene (BTX), propane, butane, liquefied petroleum gas (LPG), No. 6 fuel oils, and vacuum gas oil (VGO).

15.    "**West Power Block**" means the three GE Gas Turbines, labelled GT-1, GT-2, and GT-3.

16.    "**You**" or "**Your**" means Debtors, including its agents, representatives, and all persons acting or purporting to act on their behalf.

## **EXHIBIT B**

## **Document Requests**

The definitions and instructions included in **Exhibit A** apply to each and every request for documents.  Please produce the following:

17.  Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

18.  Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

19.  Any and all Documents Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

20.  Any and all Communications Relating To Invoices by GE with respect to Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

21.  Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

22.  Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse West Power Block.

23.  Any and all Documents Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.

24.  Any and all Communications Relating To the valuation of the Intellectual Property (including Software) to be used with the Powerhouse East Power Block.