IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | CASE NO.: 21-32351 |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION TO (I) APPROVE SALES OF GOODS FREE AND CLEAR OF ALL CLAIMS, LIENS, AND ENCUMBRANCES BY NRI INDUSTRIAL SALES, LLC AND (II) APPROVE NRI'S COMMISSION FOR SALES**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Limetree Bay Services, LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**").

### Introduction

1.  The Debtors require various materials, equipment, and machinery to maintain the operations of the refinery and related facilities. Due to the remote location of the facility, the Debtors acquire and maintain an inventory of such materials, equipment, and machinery on site. Prior to the Petition Date (defined below), Limetree Bay Refining, LLC and NRI Industrial Sales

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

LLC ("**NRI**") entered into an agreement, pursuant to which NRI agreed to liquidate certain surplus or unnecessary materials, equipment, and machinery. LBR and NRI entered into the Contract (defined below) and, following the commencement of the Chapter 11 Cases, continued performing in accordance therewith in the ordinary course of business. Notwithstanding, out of an abundance of caution, the Debtors hereby seek approval of the ongoing sale of the Goods (defined below) and payment of the Commission (defined below) to NRI pursuant to the Contract.

## Relief Requested

2. Pursuant to Sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "**Bankruptcy Code**"), and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an order (i) approving the sale of certain Goods (defined below) free and clear of any and all liens, claims, and encumbrances (collectively, the "**Liens**"), in any individual transaction or series of transactions to a single buyer or multiple buyers, without the need for further Court approval and with Liens attaching to the proceeds of such sale with the same validity, extent, and priority as such Liens attached to the subject asset(s) immediately prior to the sale or transfer; and (ii) approving the payment of any and all commissions, fees and reimbursements (the "**Commission**") required under the master consignment agreement (the "**Contract**") between Limetree Bay Refining, LLC ("**LBR**") and NRI for NRI's services in selling the Goods.

3. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

4. A discussion of the facts and circumstances surrounding the Contract and the sale of the Goods is set forth in the *Declaration of Mark Shapiro in Support of Debtors' Motion to (I) Approve Sales of Goods Free and Clear of All Claims, Liens, and Encumbrances by NRI Industrial*

*Sales, LLC and (II) Approve NRI's Commission for Sales* (the "**Shapiro Declaration**"), which is attached hereto as **Exhibit B** and incorporated herein by reference in its entirety.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

6. On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On July 26, 2021, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (Doc. No. 189).

7. On July 13, 2021, this Court entered an order authorizing the joint administration of the Chapter 11 Cases (Doc. No. 20).

## The NRI Contract

8. On or about March 9, 2021, LBR and NRI entered into the Contract. A true and correct copy of the Contract is attached as **Exhibit C**. The Contract provides, in pertinent part, that NRI will market and sell certain surplus and used industrial materials, equipment, and machinery of the Debtors (collectively, the "**Goods**"), as further described in the Contract and identified on Exhibit A thereto. The Contract authorizes NRI to market and sell the Goods through an online platform or via an auction. In exchange for its services, NRI is entitled to receive forty

percent (40%) of gross proceeds from a sale via the NRI online platform and twenty percent (20%) of gross proceeds from a sale via an auction—in either case with the remainder of gross proceeds, net of certain reimbursements and deductions (e.g., transportation costs for the Goods), being payable to LBR. The Contract is for a term of twenty-four (24) months but provides that it may be terminated upon the occurrence of an Event of Default (as defined in the Contract). Additionally, the Contract provides that NRI shall pay LBR a guaranteed, non-refundable minimum payment of $2.6 million with respect to the sale of Goods under the Contract.

9.   NRI has continued to manage LBR's inventory and sold the Goods in the ordinary course of the Debtors' business post-petition. Out an abundance of caution, the Debtors seek Court approval of NRI's continued services under the Contract and for the payment of the Commission.

**Basis for Relief Requested**

10.   Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although Section 363 of the Bankruptcy Code does not set forth a specific standard, bankruptcy courts routinely authorize sales of estate assets outside the ordinary course of business if such sale is based upon the sound business judgment of the debtor. See *Asarco, Inc. v. Elliott Management (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011), (quoting *The Institutional Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986)) ("'[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.").

11.   In conducting such an evaluation, however, courts generally accord significant deference to a debtor's business judgment to use or sell estate assets outside the ordinary course

of business. *See In re ASARCO, L.L.C.*, 650 F.3d at 601 ("The business judgment standard in section 363 is flexible and encourages discretion."); *see also GBL Holding Co. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005) ("Great judicial deference is given to the Trustee's exercise of business judgment."), (citing *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala.2002)); *see also In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836–37 (Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best interests."); *see also In re Global Crossing, Ltd.*, 295 B.R. 726, 744 n. 58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the case law.").

12. The Debtors submit that the proposed sale of the Goods reflects a reasonable exercise of their business judgment. By selling the Goods, the Debtors will be able to obtain the value of these assets for the benefit of their estates and creditors. Further, authorizing the sale of the Goods through NRI's online platform or auction will ensure that the Debtors obtain the highest and best price for these assets in an efficient and cost-effective manner. Requiring the Debtors to file a motion with the Court each time the Debtors seek to dispose of a Good or group of Goods would cause the Debtors to incur unnecessary costs that would reduce the benefit to the estates. Additionally, NRI's Commission is reasonable and will allow the Debtors to realize the benefit of selling the Goods due to the commission-based compensation and guaranteed payment. Accordingly, the Debtors submit that the proposal to sell the Goods per the terms of the Contract reflects the Debtors' exercise of sound business judgment and, thus, may and should be approved under Section 363(b) of the Bankruptcy Code.

13. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable non-bankruptcy law permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in *bona fide* dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. 11 U.S.C. § 363(f). The Debtors request approval of a sale free and clear of any Liens to ensure the Debtors are able to market and convey clean title to the Goods.  The Debtors believe the Goods may be subject to certain Liens, including, without limitation, Liens of 405 Sentinel, LLC.

14. Sale free and clear of Liens is warranted under Section 363(f) of the Bankruptcy Code. The Debtors propose to sell or transfer the Goods in a commercially reasonable manner and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the Goods sold. The Debtors further propose that any party with a Lien on Goods sold or transferred pursuant to this Motion shall have a corresponding security interest in the proceeds from the sale of the subject Goods. Moreover, the Debtors propose that the failure to file an objection to the entry of the Order approving this Motion following the provision of notice be deemed "consent" to any sales or transfers pursuant to the Order within the meaning of Section 363(f)(2) of the Bankruptcy Code. As such, the requirements of Section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales or transfers of any Goods free and clear of Liens.

15. Purchasers are entitled to treatment as good faith purchasers under Section 365(m) of the Bankruptcy Code. Section 363(m) of the Bankruptcy Code provides in relevant part that the reversal or modification on appeal of an authorization under Section 363(b) of the Bankruptcy Code of a sale or lease of property of the estate does not affect the validity of the subject sale or

lease as to a purchaser who bought or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless the subject authorization and sale or lease were stayed pending appeal. *See* 11 U.S.C. § 363(m). Although the Bankruptcy Code does not define "good-faith purchaser," "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of [purchaser's] conduct in the course of the sale proceedings." *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986) (internal citations omitted); *see Factory Mutual Insurance, Co. v. Panda Energy Int'l, Inc. (In re Hereford Biofuels, L.P.)*, 466 B.R. 841, 860 (Bankr. N.D. Tex. 2012). "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders, or an attempt to take grossly unfair advantage of other bidders." *In re Hereford Biofuels, L.P.*, 466 B.R. at 860. The Debtors submit that the sale of any Goods will be the result of an arms'-length transaction through an online platform or auction open to any potential purchasers and, thus, the purchaser should be entitled to the protections of Section 363(m) of the Bankruptcy Code.

### Bankruptcy Rules 6004(a) and 6004(h)

16. The Debtors also request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

17. Notice of this Motion will be provided to the Master Service List, including: (a) the U.S. Trustee; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g)

other interested parties as identified by the Debtors; (h) the Committee members and their counsel, if known; (i) proposed counsel to the Committee; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion will also be provided to *all creditors* in accordance with Bankruptcy Rule 2002(a)(2). The Debtors shall serve the Motion via U.S. Mail without a copy of Exhibit A to the NRI Contract due to its voluminous nature and the attendant costs of reproduction; however, any party in interest may obtain an electronic copy of Exhibit A to the NRI Contract by submitting a written request via email to dmerola@bakerlaw.com or by downloading the Motion through the website for the Debtors' claims agent at www.bmcgroup.com/limetree The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors respectfully submit that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and for all other relief that is appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 29th day of October, 2021.

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com
  jparrish@bakerlaw.com

**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jrose@bakerlaw.com
*(Admitted Pro Hac Vice)*

*Proposed Counsel for the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on October 29, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Elizabeth A. Green*

Elizabeth A. Green

4832-3564-7742.1
DOCS_NY:44274.3 52622/002
4869-4507-6737.1

9