United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: | **CHAPTER 11** |
| **LIMETREE BAY SERVICES, LLC, *et al.*,[1]** | **CASE NO.: 21-32351 (DRJ)** |
| Debtors. | **(Jointly Administered)** |
| | (Docket No. 697) |

**ORDER GRANTING DEBTORS' *EMERGENCY* MOTION FOR APPROVAL OF STIPULATION BETWEEN THE DEBTORS, J. ARON & COMPANY, LLC, BP PRODUCTS NORTH AMERICA, INC., AND THE COMMITTEE PURSUANT TO BANKRUPTCY RULE 9019**

Upon the motion ("**Motion**")[2] of the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") for entry of an order (the "**Order**") approving the Stipulation between the Debtors, J. Aron, BP, and the Committee, as more fully set forth in the Motion; finding this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157; finding this Court may enter final orders in this matter consistent with Article III of the United States Constitution; finding that this matter is properly venued in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; finding notice of the Motion due and proper under the circumstances and in accordance with all applicable rules and orders, and no further or additional notice of the Motion being warranted; having considered the Motion, and all other documents submitted in support of the Motion; and, after due deliberation, finding that the relief requested by and through the Motion is due and proper and serves the best interests of the estates and their creditors; and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED:**

1.      The Motion is granted in its entirety.  Any and all objections to the Motion not previously withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled.

2.      The Stipulation, a copy of which is attached hereto as **<u>Exhibit 1,</u>** is approved in its entirety pursuant to Fed. R. Bankr. P. 9019(a); <u>provided</u>, that, notwithstanding anything to the contrary contained in the Stipulation, the amount of the "Settlement Amount" is $8,624,371.02.

3.      Notwithstanding anything to the contrary contained in paragraph 6.b. of the Stipulation, upon the Effective Date, J. Aron, on behalf of and at the direction of the Debtors, shall pay to BP the sum of $402,669.72 in full and complete satisfaction of the BP invoice for deal number U210042031 relating to product to be sold to the Debtors located in Tank 7446 located at Limetree Bay Terminals, LLC's terminal (the "**Barrel Payment**").

4.      Notwithstanding anything to the contrary contained in the Stipulation, upon the Effective Date, J. Aron, on behalf of and at the direction of the Debtors, shall pay to LBT the sum of $504,773.27 out of the Settlement Amount ((as defined in the Stipulation) thereby reducing the total amount J. Aron is required to pay to the Debtors directly) in full and complete satisfaction of the Debtors' obligations in respect of LBT invoice number 200201200 dated October 27, 2021, and such funds shall not be considered and are not property of the Debtors' estates and may not be used for any other purpose.  Additionally, on the Effective Date, subject to the Barrel Payment being made, all product remaining in Tank 7446 (the "**Tank 7446 Product**") shall be deemed transferred to LBT immediately upon transfer to the Debtors, on an "as is" and "where is" basis, without any representations or warranties, effective immediately and without further action by J. Aron, BP, the Debtors, and/or LBT, and LBT shall, on and after the Effective Date (provided the

4860-5818-5729.1

Barrel Payment is made on the Effective Date as set forth in paragraph 3 above), be deemed to hold title to the Tank 7446 Product for all purposes.  The Debtors, LBT, Limetree Bay Terminals Holdings, LLC ("**LBT Holdings**"), and each of LBT Holdings' direct and indirect subsidiaries[3] expressly maintain and preserve any and all claims, defenses, and rights against each other, including, without limitation, all claims, defenses, and rights under the Shared Services Systems Agreement dated as of November 30, 2018 by and between LBT and Limetree Bay Refining, LLC dated as of November 30, 2018, the Terminal Services Agreement (Included Locations) dated as of March 3, 2020 by and among LBT, Limetree Bay Refining Marketing, LLC ("**LBRM**"), and J. Aron, and the Terminal Services Agreement (Non-Included Locations) dated as of March 3, 2020 by and among LBT, LBRM, and J. Aron, whether now existing or hereafter arising, and nothing in the Stipulation or this order shall have any effect on or release such claims, defenses, and rights; provided that any payments made to LBT pursuant to this Order shall not be subject to avoidance or clawback.  Additionally, for the avoidance of doubt, LBT Holdings and each of LBT Holdings' direct and indirect subsidiaries shall not be considered affiliates of the Debtors for purposes of the Stipulation and this Order, including, without limitation, with respect to any releases set forth in the Stipulation or this Order.

5.     For the avoidance of doubt, any actions required to be taken on the Effective Date or payments made pursuant to the Stipulation that may be taken one (1) Business Day after the Effective Date but that are taken on the Effective Date shall take place and shall be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action.

---

[3] Direct of and indirect subsidiaries of LBT Holdings include, without limitation (i) Limetree Bay Terminals Holdings II, LLC; (ii) Limetree Bay Cayman, Ltd.; (iii) LBT; and (iv) Limetree Bay Financing, LLC.

6.     To the extent applicable, the 14-day stay of effectiveness of Bankruptcy Rule 6004(h) is waived and the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.     The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the terms of the Stipulation.

8.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Stipulation or this Order.

**Signed:  November 02, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4860-5818-5729.1

## EXHIBIT 1 TO ORDER

**STIPULATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **LIMETREE BAY SERVICES, LLC, *et al.*,[1]** | **CASE NO.: 21-32351 (DRJ)** |
| Debtors. | (Jointly Administered) |
| | Related to Docket No. 495 |

### STIPULATION BY AND AMONG DEBTORS, COMMITTEE, J. ARON & COMPANY LLC, AND BP PRODUCTS NORTH AMERICA INC.

This stipulation (the "**Stipulation**") is made and entered into by and among (i) Limetree Bay Services, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), (ii) the Official Committee of Unsecured Creditors (the "**Committee**") appointed in these Chapter 11 Cases (defined below), (iii) J. Aron & Company LLC ("**J. Aron**"), and (iv) BP Products North America Inc. (together with its affiliates, "**BP**" and, together with the Debtors, the Committee and J. Aron, the "**Parties**" and, each individually, a "**Party**"), by and through their undersigned counsel.

### RECITALS

**WHEREAS**, on July 12, 2021 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**")—thereby commencing the above-captioned, jointly-administered chapter 11 cases (collectively, the "**Chapter 11 Cases**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

**WHEREAS**, on July 26, 2021, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (i.e., the Committee) in these Chapter 11 Cases.

**WHEREAS**, on the Petition Date, the Debtors filed an *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Post-Petition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (IV) Approving Adequate Protection to Pre-Petition Secured Creditors, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Doc. No. 14] (the "**DIP Motion**").

**WHEREAS**, on July 14, 2021, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 104] (the "**First Interim DIP Order**")—thereby approving the DIP Financing (as defined therein) pursuant to the DIP Credit Agreement (as defined therein) and granting certain prepetition secured parties, including, without limitation, J. Aron, certain rights as provided in the First Interim DIP Order, including, with respect to J. Aron, the right "to retain and apply amounts received from the liquidation of its IFF Property to obligations owed by the Debtors to J. Aron under the J. Aron Transaction Documents" and, "upon entry of a Final Order, … to set off and net any Margin (as defined in the J. Aron Master Monetization Agreement) against any obligations owed by the Debtors to J. Aron under the J. Aron Transaction Documents." *See* Doc. No. 104, at p. 51.

**WHEREAS**, on August 2, 2021 and August 11, 2021, the Court entered orders extending the term of the First Interim DIP Order, and granting such further and additional relief provided in such orders—namely, the *Second Interim Order (I) Authorizing the Debtors to (A) Obtain*

Active 68058247.18
NG-EF2ZLUYJ 122580.000001 4876-7325-8753.1

*Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 271] (the "**Second Interim DIP Order**") and *Third Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Doc. No. 393] (the "**Third Interim DIP Order**" and, together with the First Interim DIP Order and Second Interim DIP Order, the "**Interim DIP Orders**").

**WHEREAS**, on August 27, 2021, the Court approved the DIP Financing, and such other relief therein provided, on a final basis pursuant to the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Senior Secured Superpriority Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Doc. No. 495] (the "**Final DIP Order**" and, together with the Interim DIP Orders, the "**DIP Orders**").

**WHEREAS**, prior to the Petition Date, pursuant to Section 13.2(a) of the Monetization Master Agreement dated as of March 3, 2020 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**Monetization Agreement**"), J. Aron designated June 25, 2021 as the "Early Termination Date" (the "**Early Termination Date**") as a result of certain events of default that had occurred and were continuing under the J. Aron Transaction Documents (as defined in the Final DIP Order) and provided notice to the applicable Debtors of J. Aron's right to liquidate the IFF Property (as defined in the Final DIP Order).

Active 68058247.18
NG-EF2ZLUYJ 122580.000001 4876-7325-8753.1

WHEREAS, on or about the Early Termination Date, pursuant to the terms of that certain Supply and Offtake Agreement dated as of March 3, 2020 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "**Supply and Offtake Agreement**"), J. Aron commenced liquidation of the IFF Property in accordance therewith.

WHEREAS, prior to the Petition Date, J. Aron and BP entered into certain agreements in connection with the transactions contemplated by the J. Aron Transaction Documents.

WHEREAS, on October 15, 2021, J. Aron delivered to Debtors that certain settlement amount statement dated as of October 15, 2021 (the "**Settlement Statement**"), pursuant to and in satisfaction of the requirements of Section 13.2(c) of the Monetization Agreement, but subject in all respects to the occurrence of the Effective Date (as defined below).

WHEREAS, BP asserts that it is owed (i) $3,964,235.56 (the "**Trade Contract Amounts**") on account of obligations related to the trade contracts identified on **Exhibit A** hereto (collectively, the "**Trade Contracts**") entered into in connection with the J. Aron Transaction Documents and (ii) $957,953.24 (the "**Unipec Amounts**") in connection with the Unipec Transaction (as defined below), and the Debtors and J. Aron do not dispute such amounts.

WHEREAS, the Settlement Statement provides that, after J. Aron has setoff and netted the Margin against all obligations currently owed by the Debtors to J. Aron under the J. Aron Transaction Documents, J. Aron owes the Debtors the sum of $8,384,371.02 under the J. Aron Transaction Documents, which amount accounts for all known permitted deductions, reimbursements and offsets as of the date of the Settlement Statement as well as the Sale Reserve (defined below) and payment of BP invoice for deal number U210042031, but which amount may be subject to change.

4

**WHEREAS**, the Parties enter into this Stipulation to, among other things: (i) resolve any potential issues or disputes pertaining to the calculation of the Settlement Amount as set forth in the Settlement Statement; (ii) facilitate the prompt payment of the Settlement Amount reflected in the Settlement Statement in accordance with the J. Aron Transaction Documents and Debtors' compliance with the DIP Credit Agreement and Final DIP Order; (iii) except as explicitly set forth herein, terminate and cancel all arrangements, agreements and other obligations owing by J. Aron to the Debtors and third-parties in connection with the J. Aron Transaction Documents; and (iv) resolve and/or otherwise address certain matters among J. Aron, the Debtors and BP related to the Trade Contract Amounts and the Unipec Amount.

## STIPULATION

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties as follows:

1.      <u>Incorporation</u>.  The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.  The Parties stipulate and agree that each of the recitals and terms of the Stipulation are an integral part of this Stipulation.

2.      <u>Court Approval/Effective Date</u>.  This Stipulation is subject to approval by the Court and shall be effective upon (a) entry by the Court of an order approving the Stipulation in substantially the form of the proposed order attached as Exhibit A to the motion seeking approval of this Stipulation (the "**Proposed Order**") and (b) satisfaction of each condition precedent set forth in paragraph 8 below having been satisfied (such date, the "**Effective Date**").  If the Court does not approve this Stipulation, the Stipulation (and all exhibits thereto) shall be deemed null and void *ab initio* and unenforceable in any respect and nothing herein shall be deemed an admission.

5

3.  <u>Payment of Settlement Amount</u>.  No later than one (1) business day after the occurrence of the Effective Date, J. Aron shall pay to the Debtors the sum of $8,384,371.02 (the "**Settlement Amount**").  Notwithstanding anything in any of the J. Aron Transaction Documents to the contrary, J. Aron and the Debtors agree that the Settlement Amount shall be deemed to be the "Settlement Amount" for all purposes of the J. Aron Transaction Documents, including, without limitation, Section 13.2(g) of the Monetization Agreement, and such Settlement Amount includes the Financing Settlement Amount and the S&O Settlement Amount (as such terms are defined in the J. Aron Transaction Documents).  Upon payment by J. Aron to the Debtors of the Settlement Amount, it is the intent of J. Aron and the Debtors that the Debtors shall have satisfied and performed in full all obligations then outstanding (other than with respect to contingent obligations or liabilities which are expressly stated in any J. Aron Transaction Document to survive the termination thereof for which no claim or demand for payment has been made or, in the case of indemnification, no notice has been given (or reasonably satisfactory arrangements have otherwise been made) (all such obligations, the "**Continuing Obligations**")) under the J. Aron Transaction Documents.

4.  <u>Termination of J. Aron Transaction Documents</u>.  Subject to (i) the occurrence of the Effective Date, (ii) payment of the Settlement Amount in accordance with paragraph 3 hereof, and (iii) the payments in accordance with paragraphs 5 and 6 below, the Parties hereby acknowledge and agree as follows:

  a.  the J. Aron Transaction Documents, and each of them, shall be fully and automatically terminated, cancelled and of no further force and effect, and each of J. Aron and the Debtors shall have no further obligations, duties, commitments or responsibilities in connection with the J. Aron Transaction Documents;

6

b.      to the extent the J. Aron Transaction Documents, or any related agreement(s) (including, without limitation, any agreements between J. Aron and BP that relate to the J. Aron Transaction Documents), require or otherwise provide that the Debtors or BP assert any rights, claims, interests, or transactions with respect to the other or otherwise act by and through J. Aron, J. Aron's obligation to act as an intermediary and any rights J. Aron had in acting as an intermediary thereunder, and the Debtors' and BP's respective rights to request J. Aron to take any actions in its capacity as an intermediary, in each case, with respect to such rights, claims, interests, or transactions shall be fully and automatically terminated, cancelled and of no further force and effect, and each of the Debtors and BP shall be authorized to transact, engage, exercise or otherwise assert such rights, claims, interests, or transactions with the other directly and shall be deemed vested with any and all rights and privileges J. Aron would possess as intermediary in such circumstances, and each of J. Aron and BP waives and releases all rights of notice, consultation, consent, approval and/or objection under the J. Aron Transaction Documents and any related agreements between J. Aron and BP, and, in each case other than BP-Aron Continuing Obligations, as defined and provided for in the letter agreement between J. Aron and BP attached as Exhibit B hereto, J. Aron agrees to refrain from taking any actions, and BP and the Debtors agree to refrain from requesting that J. Aron take any actions, with respect to transactions between BP and the Debtors, including, any transactions subject to or related to the J. Aron Transaction Documents, following the Effective Date;

Active 68058247.18
NG-EF2ZLUYJ 122580.000001 4876-7325-8753.1

c.      all security interests, liens, pledges, mortgages, assignments, collateral assignments or other encumbrances that J. Aron has or may have against the assets of any of the Debtors or the Estates or against any other assets securing the Secured Obligations (as defined in the J. Aron Transaction Documents) shall, without further action by J. Aron or any other individual or entity, automatically, absolutely unconditionally and irrevocably terminate and be of no further force or effect;

d.      all guarantees supporting the J. Aron Transaction Documents shall be fully and automatically released and be of no further force and effect;

e.      the Secured Obligations (other than the Continuing Obligations) shall be fully paid, discharged and satisfied, and all other liabilities, indebtedness and other obligations owing by the Debtors to J. Aron under the J. Aron Transaction Documents (except the Continuing Obligations) shall be forever and irrevocably discharged, released and satisfied in full and terminated, and the Discharge of Secured Obligations and Discharge of Inventory Financing Obligations (as defined in the Amended and Restated Depositary and Intercreditor Agreement dated as of March 3, 2020) shall have occurred;

f.      each of the Debtors, as well as any individual or entity acting on their behalf, are hereby authorized, without further notice, to deliver a copy of an order approving this Stipulation or any UCC-3 termination statements in respect of any UCC-1 financing statements filed by J. Aron in connection with the J. Aron Transaction Documents, or any of them, with respect to the Debtors or the Estates, or any of them, or any of their respective assets or interests, to any insurance company, insurance broker, bank, landlord, tenant, warehouseman or other individual or

8

entity for any purpose, including, without limitation, to evidence and/or reflect on public record the termination and release of all security interests, pledges, liens, assignments or other encumbrances which the Debtors or the Estates, or any of them, granted to J. Aron pursuant to the J. Aron Transaction Documents, the DIP Orders, or any related agreements, to secure any obligations due thereunder, including the Secured Obligations, and thereafter any commitment to deliver insurance certificates and proceeds, or any other assets or assurances to J. Aron, executed by any such party in favor of J. Aron in connection with the transactions contemplated by the J. Aron Transaction Documents shall be automatically terminated, without further action of or consent by J. Aron;

g.  all rights and obligations with respect to any adequate protection for J. Aron and any budgetary allocations for J. Aron under the DIP Orders shall be automatically terminated, without further action of or consent by J. Aron, or any order by the Court; and

h.  all rights of J. Aron, and all obligations of the Debtors with respect to J. Aron, under the *Order Granting Debtors' Emergency Motion for Entry of Order: (I) Establishing Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief* [Doc. No. 392] and the *Order Granting Debtors' Emergency Motion to Amend Milestones and Bid Procedures Deadlines* [Doc. No. 583] shall be automatically terminated, without further action of or consent by J. Aron, or any order by the Court.

Except as otherwise provided, this paragraph 4 shall be automatically effective immediately upon the later of the Effective Date and the date the payments in paragraphs 3, 5 and 6 are made.

9

Notwithstanding anything contained in this paragraph 4, the termination of the J. Aron Transaction Documents shall not terminate, alter, or otherwise effect the obligations of the Parties under this Stipulation.

5.      <u>Escrow of BP Funds</u>.  No later than one (1) business day after the Effective Date, the Debtors instruct J. Aron and J. Aron shall transfer the sum of $4,464,235.56 (the "**Escrow Funds**") to counsel for the Debtors, Baker & Hostetler LLP (the "**Firm**"), to be held in escrow (the "**Escrow Account**").   The Debtors, through the Firm, shall provide instructions for the remittance of the Escrow Funds to J. Aron no later than one (1) business day after the execution of this Stipulation.  The Debtors and BP agree that the Escrow Funds represent the sum of (a) the Trade Contract Amounts ($3,964,235.56) and (b) $500,000.00 (the "**Sale Reserve**") as a reserve for potential claims (if any) of BP against the Debtors (which claims BP may assert directly against the Debtors pursuant to the terms in paragraph 4(b) hereof) relating to Feedstocks and Products purchased by BP pursuant to that certain Liquidation Put Agreement, dated as of March 3, 2020, to a certain third party provider and Limetree Bay Refining Marketing in or about September 2021. The Firm shall release the Escrow Funds, in whole or in part, (a) as directed by the joint written instruction of Debtors, or any of them, on the one hand, and BP, on the other hand, (b) as directed by order of the Court, or, (c) with respect solely to the Sale Reserve, on the date that is 180 days after the Effective Date.  Upon transfer of the Escrow Funds to the Escrow Account, J. Aron shall have no rights, interests, obligations, or liability with respect to the Escrow Funds or the Escrow Account.  The Debtors and J. Aron acknowledge and agree to the Trade Contract Amounts, and the Debtors agree that the Trade Contract Amounts shall be credited against unpaid, undisputed Commissioning Margin Share (as defined in the Amended and Restated Tolling Agreement dated as of February 22, 2021 (the "**Tolling Agreement**")) amounts that were previously invoiced by the

Debtors to BP; *provided*, *however*, that except as explicitly set forth in this paragraph 5, the Debtors and BP reserve all rights with respect to Commissioning Margin Share; *provided, further*, that the Debtors and BP acknowledge and agree that the Unipec Amount is not subject to reimbursement as Commissioning Margin Share under the Tolling Agreement.

6.    <u>Payments to BP</u>.

a.    <u>Payment of BP Funds</u>.  No later than one (1) business day after the Effective Date, the Debtors instruct J. Aron and J. Aron shall pay to BP the sum of $957,953.24 (the "**BP Payment**") in satisfaction of certain underpayments owed to BP in respect of the Unipec transaction (the "**Unipec Transaction**").  BP shall provide instructions for the remittance of the BP Payment to J. Aron no later than one (1) business day after the execution of this Stipulation. Upon payment of the BP Payment, J. Aron shall have no rights, interests, obligations or liability with respect to such BP Payment or Unipec Transaction.  The Debtors agree that the Debtors shall have no claims or rights against BP related to the Unipec Transaction or the BP Payment.

b.    <u>Payment of Barrels</u>.  No later than one (1) business day after the Effective Date, the Debtors instruct J. Aron and J. Aron, on behalf of and at the direction of the Debtors, shall pay to BP the sum of $402,669.72 in full and complete satisfaction of the BP invoice for deal number U210042031 relating to Tank 7446 located at Limetree Bay Terminals, LLC's terminal, which payment shall be remitted in accordance with the instructions for the payment of the BP Payment.

Active 68058247.18
NG-EF2ZLUYJ 122580.000001 4876-7325-8753.1

7.      Releases.

a.      *Debtors/J. Aron Release*.   Effective upon payment of the Settlement Amount, the Debtors and J. Aron shall be deemed to forever release, discharge and acquit the other, and their respective officers, directors, agents and employees and their respective affiliates, successors, assigns, shareholders and controlling persons (each in their respective capacities as such), from any and all obligations to and from J. Aron, on the one hand, and any and all of the Debtors, on the other hand, (and, in each case, their respective successors, assigns, affiliates, shareholders and controlling persons, each in their respective capacities as such), as applicable, and hereby further waives, releases and discharges, any and all claims (including, without limitation, crossclaims, counterclaims, rights of set-off and recoupment), demands, debts, accounts, contracts, liabilities, damages, actions and causes of actions, whether in law or in equity, of whatsoever nature and kind, whether known or unknown, whether now or hereafter existing, that J. Aron, on the one hand, and any or all of the Debtors, on the other hand, at any time had or has, or that their successors, assigns, affiliates, shareholders and controlling persons (each in their respective capacities) as such hereafter can or may have against the Debtors, or any of them, or J. Aron, as applicable, or their respective officers, directors, agents or employees and their respective affiliates, successors, assigns, shareholders and controlling persons (each in their respective capacities as such), in each case in connection with (a) this Stipulation and the transactions contemplated hereunder or (b) any J. Aron Transaction Document and the transactions contemplated thereby (collectively, the "**Claims**"); *provided, however*, that the foregoing release shall not apply to any Continuing Obligations of the Debtors to Aron; *provided, further,* nothing contained herein shall be deemed to limit any of the Parties' rights and entitlements hereunder and/or release any of the Parties hereto respecting their obligations under this Stipulation.  The

Active 68058247.18
NG-EF2ZLUYJ 122580.000001 4876-7325-8753.1

terms of this Stipulation, including, without limitation, the release contained in this paragraph 7.a, shall be in addition to, and shall not be deemed to supersede or supplant, any release(s) of J. Aron provided in the DIP Credit Agreement or DIP Orders, or any of them.

b.     *Committee/J. Aron Waiver.*  To the extent not already waived pursuant to the Final DIP Order and notwithstanding that certain stipulation approved by the Court extending the Challenge (as defined in the Final DIP Order) period on a limited basis [Docket No. 621], the Committee hereby waives the right to bring any Challenge (as defined in the Final DIP Order) or otherwise dispute any rights, interests or obligations of J. Aron under the J. Aron Transaction Documents, including, without limitation, the amount or calculation of the Settlement Amount.

c.     Except as expressly provided in this paragraph 7, the foregoing releases shall not be deemed to waive, release or otherwise effect any claims or assets of the Estates, as defined in Sections 101(5) and 541(a) of the Bankruptcy Code.  Notwithstanding the foregoing, any and all rights, interests, claims or defenses of the Debtors, the Committee or J. Aron with respect to the Continuing Obligations are expressly reserved and, for clarity, shall not be waived, released or otherwise affected by the foregoing releases or any other provision of this Stipulation.

8.     <u>Conditions Precedent to the Effective Date</u>.  The occurrence of the Effective Date is subject to:

a.   Entry of the Proposed Order, subject to the earlier of (i) the Proposed Order being effective immediately as provided in Section 12 below or (ii) the date upon which the Proposed Order becomes a final, non-appealable order;

b.   J. Aron and BP having entered into the letter agreement substantially in the form annexed hereto as **Exhibit B**, which letter agreement shall become effective upon the later of (i) the occurrence of the Effective Date and (ii) the date the payments in paragraphs 5 and 6 above are made; and

c.   J. Aron and Limetree Bay Terminals, LLC having entered into one or more letter agreements terminating their relationship in accordance with the

Active 68058247.18
NG-EF2ZLUYJ 122580.000001 4876-7325-8753.1

applicable J. Aron Transaction Document(s), which letter agreements shall become effective simultaneously with the Effective Date.

9.          Motion to Approve Stipulation/Approved Order.  Any motion seeking approval of this Stipulation shall be reasonably acceptable to J. Aron and to BP.   Notwithstanding anything to the contrary, except as specifically provided in this Stipulation, the Proposed Order shall not affect the DIP Orders, or any of them, or the relief granted therein.

10.          Amendment.  This Stipulation may not be modified, amended, or otherwise altered except pursuant to an instrument in writing executed and delivered by the Debtors, J. Aron, BP, and the Committee (if extant).  Email confirmation of a proposed modification or amendment shall not constitute or be deemed a writing executed and delivered by any of the Parties for purposes of this paragraph.

11.          Successors and Assigns.  This Stipulation shall inure to the benefit of and be binding upon the Parties and their respective successors and assigns, including, without limitation, any chapter 7 trustee that may be appointed.  None of the provisions contained in this Stipulation are intended by the Parties, nor shall they be deemed, to confer any benefit on any individual or entity not a Party to this Stipulation or a successor or assignee of a Party to this Stipulation.

12.          Time of the Essence.  Time is of the essence for purposes of this Stipulation.  Any motion seeking approval of this Stipulation shall request that the Proposed Order be immediately effective upon entry by the Court.  Time periods shall be calculated in accordance with Fed. R. Bankr. P. 9006.

13.          No Admission.  Nothing contained herein shall be deemed an admission of liability by any of the Parties hereto.

14.          Integration.   This Stipulation and the attachments hereto contain the entire agreement and understanding between the Parties with respect to the subject matter hereof and

supersede all prior or contemporaneous agreements, understandings, representations and statements, oral or written, between the Parties on the subject matter hereof, which agreements shall be of no further force or effect.

15.    Authorization.  Each of the Parties hereto has full power and authority to enter into this Stipulation, and each individual executing this Stipulation on behalf of any Party is duly authorized by such Party to do so.

16.    Acknowledgement.  The Debtors acknowledge that J. Aron's execution of and/or delivery of this Stipulation or any other document releasing any security interest or claim in any property of the Debtors as set forth herein is made without recourse, representation, warranty or other assurance of any kind by J. Aron as to J. Aron's rights in any security for amounts owing under the J. Aron Transaction Documents, the condition or value of any Collateral (as defined in the J. Aron Transaction Documents) or any other matter.

17.    Counterparts.  This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation, binding on the Parties hereto.  The Parties agree that facsimile or electronic copies of signatures shall be deemed originals for all purposes hereof.

18.    Retention of Jurisdiction.  The Court shall retain exclusive jurisdiction over any legal action or proceeding with respect to this Stipulation.  Each of the Parties irrevocably waives any objection and hereby consents to the jurisdiction and authority of the Court to hear and adjudicate any legal action or proceeding with respect to this Stipulation, including, without limitation, to the entry of final orders, decrees and judgments with respect to any such matters.

Dated:  October 29, 2021      By: *Elizabeth A. Green*
                    Elizabeth A. Green (Fed ID No.: 903144)
                    **BAKERHOSTETLER LLP**
                    SunTrust Center, Suite 2300
                    200 South Orange Avenue
                    Orlando, FL  32801-3432
                    Telephone:  407.649.4000
                    Facsimile:   407.841.0168
                    Email:      egreen@bakerlaw.com

                    *Counsel for the Debtors and Debtors in Possession*

Dated: October 29, 2021      By:  */s/ Michael D. Warner*
                    Michael D. Warner (TX Bar No. 00792304)
                    Steven W. Golden (TX Bar No. 24099681)
                    PACHULSKI STANG ZIEHL & JONES LLP
                    440 Louisiana Street, Suite 900
                    Houston, TX 77002
                    Telephone:  (713) 691-9385
                    Facsimile:  (713) 691-9407
                    Email: mwarner@pszjlaw.com
                    Email: sgolden@pszjlaw.com

                    -and-

                    Jeffrey N. Pomerantz (admitted *pro hac vice*)
                    Shirley S. Cho (admitted *pro hac vice*)
                    PACHULSKI STANG ZIEHL & JONES LLP
                    10100 Santa Monica Blvd., 13th Floor
                    Los Angeles, CA 90067
                    Telephone: (310) 277-6910
                    Facsimile: (310) 201-0760
                    Email: jpomerantz@pszjlaw.com
                    Email: scho@pszjlaw.com

                    -and-

                    Robert J. Feinstein (admitted *pro hac vice*)
                    PACHULSKI STANG ZIEHL & JONES LLP
                    780 Third Avenue, 34th Floor
                    New York, NY 10017
                    Telephone: (212) 561-7700
                    Facsimile: (212) 561-7777
                    Email: rfeinstein@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

Dated: October 29, 2021                    By:    */s/ D. Tyler Nurnberg*

D. Tyler Nurnberg (*admitted pro hac vice*)
Arnold & Porter Kaye Scholer LLP
70 W Madison St., suite 4200
Chicago, IL 60602
(312) 583-2323 direct
(312) 583-2513 facsimile
tyler.nurnberg@arnoldporter.com

*Counsel to BP Products North America, Inc.*

Dated: October 29, 2021                    By:    */s/ Robin Spigel*
Robin Spigel (admitted pro hac vice)
Robin.Spigel@bakerbotts.com
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501

*Counsel for J. Aron & Company LLC*

17

# EXHIBIT A TO STIPULATION

## TRADE CONTRACTS

Active 68058247.18
NG-EF2ZLUYJ 122580.000001 4876-7325-8753.1

| Purchase Month | Vessel | Discharge/Load Start date | Discharge/Load Finish Date | Ticket | JA Trade ID | Buy/Sell | Aron/ Refinery | Grade | Product Group | Approx. Volume |
|---|---|---|---|---|---|---|---|---|---|---|
| 02/28/21 | Horizon Theano | 02/14/21 | 02/16/21 | LVN_S_17 | SDBB4QN3333RTF9R6A | Sell | Aron | LIGHT NAPH | Light Naphtha | 300,000 |
| 02/28/21 | Adriatic Wave | 02/25/21 | 02/27/21 | LVN_S_24 | SDBB4QN3333RW6LP3C | Sell | Aron | PLAT | Light Naphtha | 300,000 |
| 03/31/21 | Elandra Redwood | 03/08/21 | 03/10/21 | LVN_S_28 | SDBB4QN3333RXFHNGG | Sell | Aron | PLAT | Light Naphtha | 300,000 |
| 03/31/21 | Dee4 Elm | 03/20/21 | 03/23/21 | JET_S_31 | SDBB4QN3333RXFMGWE | Sell | Aron | Jet | Distillate | 250,000 |
| 03/31/21 | Ardmore Endurance | 03/14/21 | 03/15/21 | LVN_S_32 | SDBB4QN3333RZHDZ9F | Sell | Aron | PLAT | Light Naphtha | 300,000 |
| 03/31/21 | Seaway Silvermar | 03/20/21 | 03/22/21 | VGO_S_33 | SDBB4QN3333RZHFZXR | Sell | Aron | VGO | VGO | 225,000 |
| 03/31/21 | Seaway Silvermar | 03/20/21 | 03/21/21 | LSFO_S_41 | SDBB4QN3333S4THPBH | Sell | Aron | LSFO | Fuel Oil | 175,000 |
| 03/31/21 | Horizon Theano | 03/30/21 | 03/31/21 | LVN_S_46 | SDBB4QN3333S6TG4RL | Sell | Aron | PLAT | Light Naphtha | 150,000 |
| 03/31/21 | Horizon Theano | 03/30/21 | 03/31/21 | JET_S_34 | SDBB4QN3333RZHGG9W | Sell | Aron | Jet | Distillate | 100,000 |
| 03/31/21 | Horizon Theano | 03/30/21 | 03/31/21 | ULSD_S_35 | SDBB4QN3333RZHGRNM | Sell | Aron | ULSD | Distillate | 50,000 |
| 03/31/21 | Inca | 03/28/21 | 03/30/21 | VGO_S_36 | SDBB4QN3333S3RP4TZ | Sell | Aron | VGO | VGO | 130,000 |
| 04/30/21 | Inca | 04/01/21 | 04/04/21 | LSFO_S_48 | SDBB4QN3333S7CR4KZ | Sell | Aron | LSFO | Fuel Oil | 220,000 |
| 03/31/21 | Resolve II | 03/22/21 | 03/25/21 | LVN_S_37 | SDBB4QN3333S3RS6WR | Sell | Aron | PLAT | Light Naphtha | 300,000 |
| 04/30/21 | High Valor | 04/23/21 | 04/24/21 | JET_S_38 | SDBB4QN3333S4HXNMJ | Sell | Aron | Jet | Distillate | 100,000 |
| 04/30/21 | High Valor | 04/19/21 | 04/21/21 | ULSD_S_39 | SDBB4QN3333S4HXT46 | Sell | Aron | ULSD | Distillate | 200,000 |
| 04/30/21 | PacificJewel | 04/16/21 | 04/18/21 | LVN_S_40 | SDBB4QN3333S4HXXML | Sell | Aron | GAS | Light Naphtha | 300,000 |
| 04/30/21 | Citrus | 04/24/21 | 04/25/21 | ULSD_S_43 | SDBB4QN3333S6MFTFX | Sell | Aron | ULSD | Distillate | 165,000 |
| 04/30/21 | Silver Gwen | 04/24/21 | 04/26/21 | LVN_S_44 | SDBB4QN3333S6MFXPK | Sell | Aron | PLAT | Light Naphtha | 300,000 |
| 04/30/21 | Inca | 04/18/21 | 04/20/21 | VGO_S_45 | SDBB4QN3333S6MG6JM | Sell | Aron | VGO | VGO | 400,000 |
| 05/31/21 | Sunny Bay | 05/02/21 | 05/03/21 | LVN_S_49 | SDBB4QN3333SCKFG9T | Sell | Aron | PLAT | Light Naphtha | 100,000 |

| 05/31/21 | Sunny Bay | 05/01/21 | 05/02/21 | ULSD_S_50 | SDBB4QN3333SCKJQGB | Sell | Aron | ULSD | Distillate | 50,000 |
| 05/31/21 | Sunny Bay | 05/01/21 | 05/02/21 | Jet_S_51 | SDBB4QN3333SCKNXZQ | Sell | Aron | Jet | Distillate | 150,000 |
| 05/31/21 | Trent | 05/06/21 | 05/08/21 | LVN_S_53 | SDBB4QN3333SDKZBCX | Sell | Aron | PLAT | Light Naphtha | 300,000 |
| 06/30/21 | Elandra Spruce | 06/19/21 | 06/20/21 | ULSD_S_54 | SDBB4QN3333SDKZFC6 | Sell | Aron | ULSD | Distillate | 55,000 |
| 06/30/21 | Elandra Spruce | 06/19/21 | 06/21/21 | Jet_S_55 | SDBB4QN3333SDKZJDT | Sell | Aron | Jet | Distillate | 130,000 |
| 05/31/21 | Nave Ariadne | 05/06/21 | 05/12/21 | VGO_S_52 | SDBB4QN3333SCKRW4J | Sell | Aron | VGO | VGO | 400,000 |
| 05/31/21 | Nave Ariadne | 05/06/21 | 05/08/21 | LSFO_S_61 | SDBB4QN3333SG4N6JD | Sell | Aron | FO | Fuel Oil | 145,000 |
| 05/31/21 | Resolve II | 05/22/21 | 05/24/21 | LVN_S_57 | SDBB4QN3333SDKZQRQ | Sell | Aron | PLAT | Light Naphtha | 280,000 |
| 05/31/21 | Selecao | 05/31/21 | 05/31/21 | VGO_S_56 | SDBB4QN3333SDKZMLC | Sell | Aron | VGO | VGO | 150,000 |
| 05/31/21 | Selecao | 05/31/21 | 05/31/21 | HSFO_S_65 | SDBB4QN3333SJP4XWH | Sell | Aron | HSFO | Fuel Oil | 250,000 |

# **EXHIBIT B TO STIPULATION**

**BP/J. ARON LETTER AGREEMENT**

**J. ARON & COMPANY LLC**
200 West Street
New York, New York 10282

October [_], 2021

<u>VIA EMAIL</u>

BP Products North America Inc.
30 South Wacker Drive, Suite 900
Chicago, IL 60606

Re:  Discharge of Obligations in connection with the Specified Agreements (as defined below)

Ladies and Gentlemen:

  Reference is made to that certain (i) Liquidation Put Agreement, dated as of March 3, 2020 (as amended by that certain First Amendment and Consent to Liquidation Put Agreement, dated as of June 28, 2021, by and between BP Products North America Inc. ("<u>BP Products</u>," and together with its controlled affiliates, "<u>BP</u>") and J. Aron & Company LLC ("<u>J. Aron</u>, and together with its controlled affiliates "<u>Aron</u>"), and as further amended, amended and restated, modified or otherwise supplemented from time to time), by and between, BP Products and J. Aron, together with all Confirmations (as defined therein) entered in connection with such agreement (collectively, as amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>BP Put</u>"), (ii) Limited Assignment Agreement, dated as of March 3, 2020 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>Limited Assignment Agreement</u>"), by and among Limetree Bay Refining Marketing, LLC ("<u>LBRM</u>"), Limetree Bay Terminals, LLC ("<u>LBT</u>"), J. Aron and BP Products, (iii) Intermediation Facilitation Agreement, dated as of March 3, 2020, among LBRM, J. Aron, and BP Products (as amended, amended and restated, supplemented or otherwise modified from time to time), together with all Intermediated Trades, Trade Tickets and Confirmations (as such terms are defined therein) entered in connection with such agreement (collectively, and as such agreements are amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>IFA</u>"), (iv) Master Purchase and Sale Agreement, dated as of March 3, 2020, between J. Aron and BP Products, together with all Intermediated Trades, Trade Tickets and Confirmations (as such terms are defined therein) entered in connection with such agreement (collectively, and as such agreements are amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>Master PSA</u>"), (v) Guaranty, dated as of March 3, 2020 (the "<u>GS Guaranty</u>"), by The Goldman Sachs Group, Inc. ("<u>Aron Guarantor</u>") in favor of BP Products, and (vi) Guaranty Agreement, dated as of March 3, 2020 (the "<u>BP Guaranty</u>", together with the BP Put, the Limited Assignment Agreement, the IFA, the Master PSA and the GS Guaranty, collectively, the "<u>Specified Agreements</u>"), by BP Corporation North America Inc. ("<u>BP Guarantor</u>", together with Aron, Aron Guarantor and BP, collectively, the "<u>Parties</u>") in favor of J. Aron.

Notwithstanding anything in any Specified Agreement to the contrary, each of the Parties agrees that, effective upon the later of (i) the Effective Date (as defined in the Stipulation by and among Limetree Bay Services, LLC and its affiliated debtors (the "Debtors"), the Committee, J. Aron & Company LLC, and BP Products North America Inc., dated as of October [__], 2021, filed in the Debtors' chapter 11 cases pending in United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 21-32351 (DRJ) [Dkt. No. ____] (the "Stipulation") of the Stipulation and (ii) the date the payments in paragraph 5 and 6 in the Stipulation are made (the "Letter Effective Date"), it is the intent of the Parties that the Parties shall have satisfied and performed in full all of their respective obligations then outstanding under the Specified Agreements (other than with respect to contingent obligations or liabilities which are expressly stated in any Specified Agreement to survive the termination thereof for which no claim or demand for payment has been made or, in the case of indemnification, no notice has been given (or reasonably satisfactory arrangements have otherwise been made), including, without limitation, Section 3.7(ii) of the Limited Assignment Agreement (all such obligations, the "BP-Aron Continuing Obligations")).

Notwithstanding anything in any Specified Agreement or otherwise to the contrary, upon the Letter Effective Date, automatically and without further action of any person:

(i)   each of the Specified Agreements shall be fully and automatically terminated, cancelled and of no further force and effect (to the extent not previously terminated in accordance with the terms thereof), and each of the Parties shall have no further obligations, duties, commitments or responsibilities (other than the BP-Aron Continuing Obligations) in connection with the Specified Agreements;

(ii)  each of the GS Guaranty and the BP Guaranty shall be fully and automatically released and be of no further force and effect (other than the BP-Aron Continuing Obligations); and

(iii) all respective obligations of the Parties under the Specified Agreements (other than the BP-Aron Continuing Obligations) shall be fully paid, discharged and satisfied, and all other liabilities, indebtedness and other obligations owing by any Party to another Party under the Specified Agreements (except all BP-Aron Continuing Obligations) shall be forever and irrevocably discharged, released and satisfied in full and terminated; provided, however, for the avoidance of doubt this release, discharge and satisfaction subsection (iii) only applies to the Parties hereof and nothing herein shall release, alter, modify or otherwise affect BP's rights, claims, actions or demands as they relate to the Debtors, including, without limitation, rights, claims, actions or demands that relate to liabilities, indebtedness or other obligations owing by Aron to BP for which the Escrow Account (as defined and provided for in the Stipulation) was established with respect to.

Each of BP and Aron acknowledges and agrees that, as of the Letter Effective Date, all Closeout Volumes (as defined in the BP Put) and all Outside Date Closeout Volumes (as defined in the BP Put) previously owned by J. Aron have been (a) sold by J. Aron to, and title thereto and risk of loss therefor has transferred to, BP Products in accordance with the terms of the BP Put or

(b) in the case of any Closeout Volumes not so sold to BP Products as referenced in the foregoing <u>clause (a)</u>, with BP Products' consent, released and transferred to LBT in situ at the Included Locations (as defined in that certain Terminal Services Agreement (Included Locations), dated as of March 3, 2020 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>TSA (IL)</u>")), by and among LBT, LBRM and J. Aron).

Effective upon the Letter Effective Date, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, BP and Aron shall be deemed to forever release, discharge and acquit the other, and their respective officers, directors, agents, professionals, employees, affiliates, successors, assigns, shareholders, guarantors and controlling persons (each in their respective capacities as such), from any and all obligations to and from BP, on the one hand, and Aron, on the other hand, (and, in each case, their respective officers, directors, agents, professionals, employees, affiliates, successors, assigns, affiliates, shareholders, guarantors and controlling persons, each in their respective capacities as such), and hereby further waives, releases and discharges, any and all claims (including, without limitation, crossclaims, counterclaims, rights of set-off and recoupment), demands, debts, accounts, contracts, liabilities, damages, actions and causes of actions, whether in law or in equity, of whatsoever nature and kind, whether known or unknown, whether now or hereafter existing, that BP, on the one hand, and Aron, on the other hand, at any time had or has, or that their respective officers, directors, agents, professionals, employees, affiliates, successors, assigns, affiliates, shareholders, guarantors and controlling persons (each in their respective capacities) as such hereafter can or may have against BP or Aron, in connection with any Specified Agreement and the transactions contemplated thereby; *provided, however,* that the foregoing release shall not apply to any BP-Aron Continuing Obligations; *provided, further,* nothing contained herein shall be deemed to limit any of the Parties' rights and entitlements hereunder and/or release the Parties hereto respecting their obligations under the Stipulation; *provided further*, nothing herein shall be deemed to release, alter, modify or otherwise affect BP's rights, claims, actions or demands as between the Debtors and BP, including, without limitation, rights, claims, actions or demands that relate to transactions between BP and Aron for which the Escrow Account (as defined and provided for in the Stipulation) was established; and *provided, further*, nothing herein shall be deemed to release or limit any Parties' claims resulting from fraud, willful misconduct or gross negligence.

This letter agreement shall be effective only upon the occurrence of the Letter Effective Date. In the event that the Letter Effective Date does not occur for any reason: (i) nothing contained herein shall be deemed to be a waiver of any claims or an admission of liability by any party hereto; and (ii) this letter agreement shall be deemed null and void, and shall not be referred to or used for any purpose by any party. This letter agreement may be executed in counterparts, each of which when so executed and delivered, shall be deemed an original, but all of which shall constitute one and the same agreement. Delivery of an executed counterpart of a signature page to this letter agreement by facsimile or other electronic transmission shall be effective as delivery of a manually executed counterpart thereof.

This letter agreement and the rights and obligations of the parties hereunder shall be construed in accordance with, and be governed by, the laws of the State of New York and, to the extent controlling, the laws of the United States of America. This is the entire agreement among the parties hereto with respect to the subject matter hereof.

[Signature page follows]

Very truly yours,

**J. Aron & Company LLC**

By: _____

Name: _____

Title: _____

**Acknowledged and Agreed:**

**BP Products North America Inc.**

By: _____

Name: _____

Title: _____

[Signature Page to BP Termination Letter]