IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: <br><br> **LIMETREE BAY SERVICES, LLC,** *et al.*,[1] <br><br> Debtors. | CHAPTER 11 <br><br> CASE NO.: 21-32351 (DRJ) <br><br> (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING
THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Limetree Bay Services, LLC ("**Limetree**") and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**").

**Relief Requested**

1.   Pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), the Debtors hereby move for entry of an order (a) extending the Debtors' exclusive right to file a chapter 11 plan for approximately another sixty (60) days through and including **Monday, January 10, 2022**, and (b) to solicit votes thereon for approximately sixty

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

(60) days through and including **Friday**, **March 11, 2022** (collectively, the "**Exclusivity Periods**"), without prejudice to the Debtors' right to seek further extensions.

2.  A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction and Venue

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

### Background

4.  On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code—thereby commencing the above-captioned Chapter 11 Cases. The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On or about July 26, 2021, an Official Committee of Unsecured Creditors was appointed (Doc. 189) (the "**Committee**").

5.  On July 13, 2021, the Court entered an order jointly administering the Chapter 11 Cases under Case No. 21-32351 (DRJ) (Doc. 20).

6.  A discussion of the facts and circumstances surrounding these Chapter 11 Cases is set forth in the *Declaration of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions* (Doc. 8) (the "**First Day Declaration**"), which was filed on the Petition Date and is incorporated herein by reference in its entirety.

2

**Basis for Relief Requested**

7. The Debtors have the exclusive right to file a plan of reorganization for 120 days after the Petition Date under section 1121(b) of the Bankruptcy Code. If the Debtors file a plan within that period and are soliciting votes on the plan, the exclusive period is extended to 180 days pursuant to section 1121(c) of the Bankruptcy Code. The Exclusivity Periods in this case are set to expire on November 9, 2021[2] and January 8, 2022, respectively.

8. The Court may, for cause, reduce or increase the 120-day period or the 180-day period pursuant to section 1121(d) of the Bankruptcy Code.

9. Courts within the Fifth Circuit and other jurisdictions examine a number of factors to determine whether "cause" exists for extension of exclusivity, including:

   (a) the size and complexity of the case;

   (b) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

   (c) the existence of good faith progress toward reorganization;

   (d) the fact that the debtor is paying its bill as they become due;

   (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   (f) whether the debtor has made progress in negotiations with its creditors;

   (g) the amount of time which has elapsed in the case;

   (h) whether the debtor is seeking to extend exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

---

[2] The current exclusivity deadline is November 9, 2021. Paragraph K.30 of the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**") provides that "Unless otherwise provided in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or Court order, if a motion is filed that complies with these procedures to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the exclusivity deadline, such deadline is automatically extended until the Court resolves the Motion.

(i) whether an unresolved contingency exists.

*In re New Millennium Mgmt., LLC*, No. 13-35719-H3-11, 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (internal citations omitted).

10. Although the party seeking the extension bears the burden of demonstrating cause, when a debtor makes its first request to extend exclusivity, the standard is more lenient. *See In re Mirant Corp.*, No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) ("The debtor's burden gets heavier with each extension it seeks as well as the longer the period of exclusivity lasts.").

11. Here, the relevant factors favor an initial extension of the Exclusivity Periods. This case involves six related debtors with complex financing and factoring agreements. Moreover, the necessity for environmental remediation and compliance with the United States Environmental Protection Agency further complicate this case. Since the Petition Date, the Debtors have been working with their advisors to liquidate assets of the respective estates in an orderly fashion and to maximize value for all creditors. To that end, the Debtors and their advisors have coordinated with the Committee regarding efforts to sell assets, efforts to identify and prosecute potential causes of action, and efforts to negotiate with the Debtors' lenders to ensure the success of these Chapter 11 Cases.

12. The Debtors and their advisors have also spent significant time reviewing the structure of the Debtors, intercompany transactions between the Debtors and their non-debtor affiliates, and the make-up of the Debtors' respective creditor bodies to determine the most efficient and equitable structure of the plan. The Debtors anticipate being able to finalize its review and analysis shortly after the general claims bar date on November 15, 2021. The Debtors expect to finalize and file a plan of liquidation no later than January 10, 2022.

13. The Debtors assert that under the circumstances this request is reasonable and will not prejudice any parties-in-interest in this case.

14. This is the Debtors' first request to extend the Exclusivity Periods.

## Notice

15. Notice of this Motion will be provided to the Master Service List, including: (a) the U.S. Trustee; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the Committee members and their counsel, if known; (i) counsel to the Committee; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors submit that no other or further notice is required.

[*remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order, extending the Debtors' Exclusivity Period for filing a plan and obtaining acceptance thereof and granting any further or additional relief deemed warranted by the Court.

Dated: November 8, 2021

**BAKER & HOSTETLER LLP**

<u>/s/ Jimmy D. Parrish</u>
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Facsimile:   407.841.0168
Email: egreen@bakerlaw.com
         jparrish@bakerlaw.com

**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone:  212.589.4200
Facsimile:  212.589.4201
Email: jrose@bakerlaw.com

*Counsel for the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on November 8, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jimmy D. Parrish*
Jimmy D. Parrish

4891-3092-9154.1