United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br>LIMETREE BAY SERVICES, LLC, *et al.*,[1]<br>Debtors. | CHAPTER 11<br>CASE NO.: 21-32351 (DRJ)<br>(Jointly Administered) |

### ORDER GRANTING DEBTORS' <u>EMERGENCY</u> MOTION TO <u>AMEND BID PROCEDURES ORDER AND OTHER RELATED RELIEF</u>
(Docket No. 760)

Upon the motion ("**Motion**")[2] of the debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") for entry of an order (the "**Order**") amending the Bid Procedures Order as more fully set forth in the Motion; finding this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157; finding this Court may enter final orders in this matter consistent with Article III of the United States Constitution; finding that this matter is properly venued in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; finding notice of the Motion due and proper under the circumstances and in accordance with all applicable rules and orders, and no further or additional notice of the Motion being warranted; receiving no objections to the relief requested in the Motion; having considered the Motion, and all other documents submitted in support of the Motion; and, after due deliberation, finding that the relief requested by and through the Motion is due and proper, is premised on the Debtors' sound business judgment, and serves the best interests of the estates and their creditors; and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.


**IT IS HEREBY ORDERED:**

1. The Motion is hereby granted in its entirety.

2. The Debtors shall provide the Stalking Horse Bidder as a Bid Protection an expense reimbursement in the amount $1 million to reimburse the Stalking Horse Bidder for expenses, including attorneys' and investment banking fees and costs, incurred in connection with the Stalking Horse Bid, which Bid Protection shall be payable solely from the proceeds of any sale transaction that has a purchase price of at least $20 million; *provided, however*, if the consideration for such sale transaction is in the form of a credit bid of existing debt obligations, the Bid Protection in the amount of $1 million shall be allowed as an administrative expense claim consistent with paragraph 3 below; *provided, further*, that the Stalking Horse Bidder shall not be entitled to any Bid Protections, and any such amounts shall not be due or payable or otherwise allowed as an administrative expense claim, if (a) either the Debtors or the Stalking Horse Bidder declines to proceed with or terminates the Stalking Horse Bid due to the inability to reach agreement on any material transaction document, including, without limitation, the transition services agreement, or (b) the Stalking Horse Bidder (i) breaches the Stalking Horse Bid, which breach has not been waived by the Debtors (*provided* the Debtors may not waive a breach relating to the purchase price), (ii) does not, for any reason other than a breach by the Debtor, close the transaction memorialized in the Stalking Horse Bid by the closing date, or (iii) terminates the Stalking Horse Bid.

3. The Bid Protection approved by this Order is an actual and necessary expense of the Debtors' estates and, to the extent not paid from cash proceeds from any sale because the successful bidder credit bids its existing debt obligations, shall be deemed an allowed superpriority administrative expense claim under section 503(b) of the Bankruptcy Code, senior to all other

allowed administrative expense claims, other than (x) those administrative expense claims payable from the Carve-Out (as defined in the final order authorizing the Debtors to obtain postpetition financing) (the "**Carve-Out Claims**") and (y) the superpriority adequate protection claims granted to the Debtors' prepetition secured lenders under the final order authorizing the Debtors to obtain postpetition financing (the "**Adequate Protection Claims**"), payable out of the first proceeds available to pay administrative claims that are not Carve-Out Claims or Adequate Protection Claims.

4. Unless otherwise explicitly amended hereby, the Bid Procedures Order shall remain unaffected.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  November 22, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**