IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-32351 |
| | § | |
| LIMETREE BAY SERVICES, LLC, | § | Chapter 11 |
| *et al*. | § | |
| | § | |
| Debtors | § | Jointly Administered |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CERTAIN TEXAS TAXING ENTTITIES TO THE DEBTORS' EMERGENCY MOTION TO (I) ESTABLISH BIDDING AND SALE PROCEDURES; (II) APPROVING THE SALE OF ASSETS; AND (III) GRANTING RELATED RELIEF, MOTION FOR SALE OF ALL OR SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF LIENS <u>AS DESCRIBED IN SECTION 363(F)</u>**
(Relates to Document #191)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Galena Park Independent School District, La Porte Independent School District, and the City of La Porte, secured creditors and parties in interest (the "Certain Texas Taxing Entities") and files this Limited Objection and Reservation of Rights to Emergency Motion to (I) Establish Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief, Motion For Sale of All or Substantially All Assets Free and Clear of Liens as Described in Section 363(f) (the "Sale Motion"), and respectfully shows as follows:

<u>Background</u>

1. The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

1

2.  The Certain Texas Taxing Entities hold secured pre-petition tax claims for the deliquent 2020 tax year and the current 2021 tax year for $29,286.01[1] (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the Debtors within their taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each tax year.

3.  The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code.

4.  The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02. The 2020 taxes became deliquent after January 31, 2021. The taxes for the 2021 tax year are currently due but not deliquent.

Limited Objection to Sale Motion and Proposed Sale Order

5.  The Certain Texas Taxing Entities object to the Sale Motion and the Proposed Sale Order in that it seeks to sell assets that are encumbered by the Tax Liens, free and clear without the consent of The Certain Texas Taxing Entities and without payment at closing or providing adequate protection in the form of segregated funds.

6.  The sale of assets as proposed by the Sale Motion will create cash collateral proceeds to which the Tax Liens attach. Pursuant to 11 U.S.C. §363(c)(4), absent consent of a party with interest in the cash collateral, a segregated account shall be established to segregate the non-consenting party's cash collateral. The Certain Texas Taxing Entities object to the use of their cash collateral and the payment of proceeds from the sale of their collateral to any party whose interest is inferior to its Tax Lien, unless and until they are adequately protected.

---

[1] The tax claim amounts were estimated for 2021 and will be amended for certified amounts.

7. The Certain Texas Taxing Entities request adequate protection in the form of a final order that provides for payment of all taxes now due for the 2020 and the 2021 tax year at closing.

8. Alternatively, the Certain Texas Taxing Entities request that sufficient funds to pay their claims, plus interest at the applicable non-bankruptcy rate, be set aside in a segregated account for the sole purpose of paying the Tax Claims. The Certain Texas Taxing Entities further request that the Court enter an order that the segregated funds not be paid to any other party until the Tax Claims are paid in full.

9. Tax Liens should remain attached the assets until the taxes are paid in full. Removing the Tax Liens under these circumstances would leave the Certain Texas Taxing Entities with no recourse for collection against the assets should the taxes not be paid. Further, the sale order should provide that the Buyer assumes personal liability for the taxes to the same extent the Seller is liable for the taxes under Texas law.

10. In the event that the sale closes after January 1, 2022, the tax liens for the 2022 tax year will have attached to the property. Under those circumstances, the 2022 taxes should be assumed by the Buyer to the same extent that the Seller is liable under Texas Law. Further the 2022 tax liens should remain attached to the property until the 2022 taxes are paid in full.

11. Nothing in The Certain Texas Taxing Entities request is an attempt to impede on the Debtors' rights to object to the allowance of the claims filed by The Certain Texas Taxing Entities or to seek payment of claims prior to allowance. Any language establishing a segregated account funded to pay the claims of The Certain Texas Taxing Entities would provide for a full reservation of the Debtors' rights.

12. The Certain Texas Taxing Entities further object to the Motion to the extent an order on the Motion provides special language or concessions for the sole benefit of the similarly situated

taxing entities that does not also apply to the Certain Texas Taxing Entities as this would unfairly lead to the disparate treatment of similarly situated creditors. Any special language included in an order on the Motion for the benefit of other Texas taxing authorities should expressly and equally apply to the Certain Texas Taxing Entities as well.

13.     Counsel for the Certain Texas Taxing Entities will confer with counsel for the Debtors in an attempt to reach an agreement.

Prayer

WHEREFORE, The Certain Texas Taxing Entities respectfully request that (1) a final order approving the Sale Motion provide for payment at closing of all deliquent and current Tax Claims, (2) or that all Tax Liens remain attached to the assets until paid, and that the Purchaser assume full liability for the 2021 and (3) grant them such other and further relief as is just and proper.

Dated: December 2, 2021

                                Respectfully submitted,

                                PERDUE, BRANDON, FIELDER,
                                COLLINS & MOTT, L.L.P.
                                Attorneys for The Certain Texas Taxing Entities
                                1235 North Loop West, Suite 600
                                Houston, Texas 77008
                                (713) 862-1860 (phone)
                                (713) 862-1429 (fax)

                                */s/ Melissa E. Valdez*
                                Melissa E. Valdez
                                Texas Bar No. 24051463
                                Owen M. Sonik
                                Texas State Bar No. 18847250

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing Limited Objection has been sent to the parties listed below by the method indicated on this the 2nd of December 2021.

**COUNSEL TO THE DEBTORS**

Elizabeth A Green
Baker & Hostetler LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801
407-649-4000
Fax : 407-841-0168
Email: egreen@bakerlaw.com

Jimmy D. Parrish
Baker & Hostetler LLP
200 S Orange Ave
Ste 2300
Orlando, FL 32801
407-649-4000
Email: jparrish@bakerlaw.com

Jorian L. Rose
Baker Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
212-589-4681
Fax : 212-589-4201
Email: jrose@bakerlaw.com

**OFFICE OF THE UNITED STATES TRUSTEE**

**Hector Duran, Jr**
U.S. Trustee
515 Rusk
Ste 3516
Houston, Tx 77002
7137184650
Email: Hector.Duran.Jr@usdoj.gov

**Jana Smith Whitworth**
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
(713) 718-4650

5

Fax : (713) 718-4670
Email: jana.whitworth@usdoj.gov

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Steven William Golden
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
212-561-7700
Email: sgolden@pszjlaw.com

Michael D Warner
Pachulski Stang Ziehl & Jones LLP
440 Louisiana Street
Suite 900
Houston, TX 77002
713-691-9385
Email: mwarner@pszjlaw.com

**COUNSEL FOR ST. CROIX ENERGY, LLLP**

Gregg M. Galardi
Matthew M. Roose
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
gregg.galardi@ropesgray.com
matthew.roose@ropesgray.com

Stephen L. Iacovo
ROPES & GRAY LLP
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
stephen.iacovo@ropesgray.com

And all other parties via CM/ECF-enotice.

/s/*Melissa E. Valdez*
Melissa E. Valdez