IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | **Case No. 21-32351** |
| **LIMETREE BAY SERVICES, LLC, et al.,**[1] | § | |
| | § | (Jointly Administered) |
| **Debtors.** | § | |

### HKA ENTERPRISES, LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO SALE
[Relates to Doc. 191]

HKA Enterprises, LLC ("HKA"), by and through its undersigned counsel, respectfully files this *Limited Objection and Reservation of Rights* (the "Objection") to *the Emergency Motion to (I) Establish Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief, Motion For Sale of All or Substantially All Assets Free and Clear of Liens as Described in Section 363(f)* (the "Sale Motion") [Doc. 191] filed by Limetree Bay Services, LLC et al. (collectively, "Debtors"), and respectfully shows as follows:

### RELEVANT BACKGROUND

1. On July 12, 2021 (the "Petition Date"), Debtors filed a voluntary petition under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code"). Debtors' case is currently being jointly administered.

2. The Debtors operate the property commonly known as Limetree Bay Refinery (the "Property"). HKA was subcontracted by contractor Complan USA, LLC ("Contractor") to provide staffing labor that was incorporated into the work done by Debtor at the Property on a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

1

project known generally as the Limetree Refinery Restart Project ("Project").  Debtor failed to pay Contractor for the work done at the Property and, in turn, Contractor failed to pay HKA at least $450,172.78.

3. On July 12, 2021, HKA recorded a notice of claim of construction lien with the Recorder of Deeds located in the Virgin Islands (St. Croix) for the unpaid value of the labor provided which was incorporated into the work done by Limetree at the Property (the "Construction Lien").[2]

4. The Construction Lien was recorded as document #2021002480, Book 1622 Page 324.  The Construction Lien was served via certified mail on Limetree through resident agent Marjorie Rawls Roberts, P.C.  HKA has not been paid the amounts due to HKA as reflected in the Construction Lien.

5. On August 3, 2021 HKA filed a Notice herein, pursuant to 11 U.S.C. § 546(b).  *See* Doc. No. 276.  By giving said notice, HKA maintained and continued the perfection of its Construction Lien in the property related to the Limetree Refinery Restart Project.

6. Pursuant to the Debtor's *Notice of (I) Designation of Winning Bid and Back-Up Bids and (II) Sixth Notice of Extension of Milestones and Bid Procedures Deadlines* (the "Sale Notice") [Doc. 829], the winning bidder has been designated as St. Croix Energy, LLP ("St. Croix").

7. The sale is of substantially all the Debtors' assets.  Debtors attach a copy of the Asset Purchase Agreement ("APA") to the Notice.  The APA defines "Purchased Assets" to include real property, which presumably covers the property encumbered by HKA's Construction Lien, as well as other assets.  However, the current APA does not attach the

---

[2] HKA has filed a proof of claim against Limetree Bay Refining, LLC (Claim No. 13).  A copy of the recorded construction lien is likewise attached hereto as **Exhibit A**.

Schedules referenced thereby so HKA cannot currently confirm that the property covered by its Construction Lien is in fact included with the Purchased Assets.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

8. HKA has a validly perfected lien under Virgin Island law. Under the law of the Virgin Islands, the location of the Project, the Construction Lien attaches at the time of its recordation and takes priority over any transfer, security interest, judgment, subsequent advances made under a prior recorded security instrument, or other lien or claim against the Property which was not recorded or perfected as of the filing of the Construction Lien. V.I. Code Ann. tit. 28 § 258; *see also Chase Manhattan Bank, N.A. v. James E. Ruan, Inc.*, 18 V.I. 380, 383, 1981 WL 704988, at *2 (V.I. Mar. 9, 1981).

9. Moreover, as described above, HKA maintained and continued the perfection of the Construction Lien through the filing of its 546(b) Notice herein.

10. HKA therefore files this Objection to the Sale Motion to the extent that Debtors seek to sell assets that are encumbered by the Construction Lien "free and clear" without HKA's consent and without payment of any proceeds to HKA on account of its Construction Lien. *See* 11 U.S.C. § 363(f).

11. HKA further objects to the sale to the extent that proceeds therefrom are distributed to any lien creditors possessing liens that are inferior to HKA's Construction Lien prior to satisfaction of said Construction Lien.

12. HKA hereby reserves its right to a portion of the sale proceeds that are sufficient to satisfy the Construction Lien, to the extent proceeds remain above the value of any liens that outrank HKA's Construction Lien.

DATED: December 3rd 2021.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

By: */s/ Lacey E. Rochester*
LACEY E. ROCHESTER (LA# 34733; Admitted filer in SD TX)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
*lrochester@bakerdonelson.com*

and

DANIEL J. FERRETTI (TX# 24096966;  SD TX ID # 2741909)
1301 McKinney St #3700
Houston, TX, 77010
Telephone:  (713) 650-9700
Facsimile:  (504) 636-4000
*dferretti@bakerdonelson.com*

**Counsel for HKA Enterprises, LLC**

4

4863-1725-0053v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of December, 2021, she caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF Notification system on the parties who have so subscribed.

/s/ *Lacey E. Rochester*
Lacey E. Rochester

4863-1725-0053v1