IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | ) Case No. 21-32351 (DRJ) |
| Debtors. | ) Jointly Administered |

## SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS OF SAP AMERICA, INC. TO THE DEBTORS' MOTION TO SELL SUBSTANTIALLY ALL OF THEIR ASSETS

SAP America, Inc. ("**SAP**"), by and through its undersigned counsel, files this objection (the "**Supplemental Objection**") supplementing its *Limited Objection and Reservation of Rights of SAP America, Inc. and Concur Technologies, Inc. to the Debtors' Motion to Sell Substantially All of their Assets* [Doc. No. 863] (the "**Objection**") to the Sale Motion.[2] In support of this Supplemental Objection, SAP states as follows:

1. SAP filed the Objection on December 6, 2021, after the Debtors filed their notice identifying the Stalking Horse as the winning bid.

2. Since that time, the Court reopened the auction, following which the Debtors filed the *Notice of Designation of Winning Bid and Back-Up Bid* [Doc. No. 948], which identified West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP, jointly, as the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] All capitalized terms not otherwise defined herein shall having the meaning set forth in the Objection.

winning bidder (each a "Purchaser" and, collectively, the "Purchasers"). The Stalking Horse is now the back-up bidder.

3. The terms of the sale to the Purchasers are materially different from the terms previously proposed by the Stalking Horse in that, *inter alia*, the Purchasers have agreed to a cash closing without an extended transition period or a post-closing designation period. See *Debtors' Emergency Motion to (I) Reopen Auction Pursuant to Bidding Procedures, (II) Approve Schedule and Procedures for continued Auction, and (III) Granted Related Relief* [Doc. No. 862] ¶ 2. The anticipated closing date is January 21, 2022.

4. As of the filing of this Supplemental Objection, the Debtors have not filed an updated asset purchase agreement or schedules related to the Purchasers' bid. Moreover, no filed documents disclose the relationship between West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLLP.

5. In addition, nothing of record states which contracts the Debtors intend to assume and assign to any Purchaser. Of the three contracts with SAP—the Enable Now Cloud Services Agreement, the HANA Cloud Services Agreement, and the Software License Agreement (collectively, the "**SAP Contracts**")—only the Enable Now Cloud Services Agreement has been included on any schedule of contracts to be potentially assumed and assigned filed by the Debtors.

6. For the reasons set forth in the Objection, SAP objects to the assumption and assignment of its executory contracts to any Purchaser as part of the sale absent both (i) appropriate notice to SAP; (ii) SAP's consent to assignment of the Software License Agreement; and (ii) payment of the cure amount(s), as applicable.

7. As of the time of the filing of the Objection, the total amounts due under the HANA Cloud Services Agreement was $220,183.67. Since that time, SAP has issued an additional

invoice arising under the HANA Cloud Services Agreement in the amount of $204,134.95, which comes due on January 6, 2022. A true and correct copy of this Invoice 201100087171 is attached to this Supplemental Objection as Exhibit "A." Therefore, as of the anticipated date of closing, the cure amount for the HANA Cloud Services Agreement will be $424,318.62.

8. SAP further objects to the provision of any transition services using SAP's software and/or services by and among the Purchaser(s) and the Debtors, which would violate SAP's contracts, absent SAP's consent.

9. Finally, both the Software License Agreement and the SAP Cloud Services Agreements prohibit use by the licensee for the benefit of any third party that is not an Affiliate, that is, an entity in which the licensee holds, directly or indirectly, more than 50% of the shares or voting rights. Should the assignee of any SAP Contract use, or allow the shared use of, SAP's software and/or services for the benefit of the other Purchaser or other party, such use would violate the applicable SAP Contract if the other Purchaser is not an Affiliate of the assignee, as defined in the applicable SAP Contract. SAP objects to the extent that the proposed sale order seek to authorize post-sale use of SAP's software and/or services among the Purchasers if such use would violate the applicable SAP Contract.

10. SAP continues to reserve all rights set forth in the Paragraph 41 of the Objection.

**WHEREFORE**, SAP America, Inc. respectfully requests that this Court deny approval of the Sale Motion, Asset Purchase Agreement, and any other agreements related to the sale to the extent that it seeks (A) to permit the Debtors to assume and assign the Software License Agreement, or the transfer of any Software or other intellectual property licensed thereunder, without SAP's consent, payment of the applicable cure amount, and the provision of adequate assurance of future performance; (B) to permit the Debtors to assume and assign the SAP Cloud

Services Agreements, or the transfer of any intellectual property provided thereunder, absent assumption and assignment, payment of the applicable cure amount, and the provision of adequate assurance of future performance; (C) to authorize the Debtors and any purchaser to breach any executory contract with the SAP; (D) to authorize any party to sublicense, provide transition services, or any other services to any other entity party using the Software or Cloud Services provided under the SAP Contracts; and grant such other relief that is just and proper.

        **BROWN & CONNERY, LLP**

Dated: December 19, 2021

*/s/ Donald K. Ludman*
Donald K. Ludman (admitted *pro hac vice*)
NJ Bar No. 011812004 / DE Bar No. 4015
6 North Broad Street, Suite 100
Woodbury, NJ 08096
(856) 812-8900
(856) 853-9933 (fax)
dludman@brownconnery.com

*Attorneys for SAP America, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a copy of the foregoing *Supplemental Objection and Reservation of Rights of SAP America, Inc. to the Debtors' Motion to Sell Substantially All of Their Assets* to be served upon all parties receiving pleadings via the CM/ECF system in this case.

Dated: December 19, 2021         */s/ Donald K. Ludman*_____
                                 Donald K. Ludman