IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>LIMETREE BAY SERVICES, LLC, *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 (DRJ)<br><br>(Jointly Administered) |

**BAY, LTD.'S SUPPLEMENTAL OBJECTION TO THE PROPOSED SALE
AND RESERVATION OF RIGHTS**
[Relates to Docket Nos. 191, 392, 835, 873 & 948]

Bay, Ltd. ("Bay") submits this objection (the "Objection") to the proposed sale (the "Proposed Sale") of substantially all of the assets of the above-captioned debtors and debtors in possession (the "Debtors") at a second auction held pursuant to the *Debtors' Emergency Motion for Entry of Order: (I) Establishing Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief* [Doc. No. 191]. Bay files this Objection to: (i) supplement prior objections to the Proposed Sale resulting from the second auction after the prior designation of prevailing and backup bidders St. Croix Energy, LLLP, Bay, Ltd. And Sabin Corporation ("Prior Auction Winners"); and (ii) to reserve all rights with respect to the requested approval of Proposed Sale to the prevailing bid at the second auction [Doc. No. 948] (the "Winning Bidder") in circumstances where the first auction set forth the prevailing bidders, subject to the disputes as to which prevailed and which should be backup. In support of the Objection, Bay respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

**Objection and Reservation of Rights**

1. Bay is a bidder that was induced by Debtors to participate in the sale and auction process at great effort and expense in these above-captioned chapter 11 cases. Bay is also a creditor. Bay participated in the Debtors' Auction held on November 18, 2021 (the "First Auction") and emerged as a backup bidder, which it contended should be the winning bid. After the Court granted the reopening of the sale process, Bay participated, with a complete reservation of rights, in the second auction that added new bidder West Indies Petroleum that was conducted on December 17 and 18, 2021 (the "Second Auction").

2. Bay restates its prior objections following the First Auction since it contends that it and Sabin were, in actuality, the winning bidders from the First Auction, but for the Debtors' abandoning that auction and reopening the sale to conduct the Second Auction with an otherwise late and nonqualified entrant. Bay contends it proposed the highest bid at the First Auction, and in its view the best bid under the circumstances. *See, e.g., Bay, Ltd.'s Preliminary Objection to the Proposed Sale to St. Croix Energy, LLLP and Emergency Motion to Delay the December 7 Sale Hearing to Permit Limited Discovery* [Doc. No. 835] (the "Bay Objection").[2] The Bay Objection primarily disputed the Debtors' selection of St. Croix as the winning bidder for the reasons stated therein. Bay sought but was refused requested discovery but otherwise designated evidence to be presented at the sale hearing. That sale hearing never occurred when the Debtors reopened the process and obtained relief to conduct the Second Auction. A serious dispute remains on whether the Debtors' Second Auction was valid given the prior objections raised, such that notwithstanding the added value which appears contingently to be received in latter January 2022 if the sale closes, any selection of the Winning Bidder following the Second Auction is valid.

---

[2] Capitalized terms used in this Objection but not otherwise defined shall have the meanings given to such terms in the First Bay Objection.

3. Certainly, with due respect for what the Court ruled, Bay reiterates its objections made on the record at the emergency hearing held on only a few hours' notice on December 6, 2021, at which the Court granted the relief requested in the *Debtors' Emergency Motion to (I) Reopen Auction Pursuant to Bidding Procedures, (II) Approve Schedule and Procedures for Continued Auction, and (III) Grant Related Relief* [Doc. No. 862] (the "Motion to Reopen").  See, e.g., Transcript of Emergency Motion Hearing, dated December 6, 2021.  Upon the evidence presented and for the reasons stated at the hearing on the Motion to Reopen, Bay re-urges that the Motion to Reopen should not have been granted and the Second Auction should never have occurred.  Parties, such as Bay, have relied to their detriment on represented binding nature of the Sale Process.  Certainly Bay, to its detrimental reliance on what was represented to be a process having rules regarding participation in diligence and the First Auction, has expended substantial amounts of internal business resources as well as payments for outside professionals to comply with onerous requirements imposed by Debtors.  Indeed, Bay was required, under threat of exclusion, to take extra measures to prepare to enforce its rights immediately before the First Auction.  To have the Debtors abandon, on mere hours of notice, the entire First Auction process even after selecting the winner of the First Auction to be ruled upon on December 7, remains difficult for Bay to fathom, much less accept.  This is especially the case where, as here, it was solely to enhance the prospects for added amounts needed to pay what has already been described as an "administratively insolvent" case, with a defaulted DIP loan.  *See, e.g., The Committee's Reservation of Rights with Respect to the Debtors 4th Budget* [Doc. No. 922]; S*entinel 405 LLC and Arena Investors, LP Response to Committee's Reservation of Rights with Respect to 4th Budget* [Doc. No. 929]; and *Notice of Default and Reservation of Rights Under DIP Financing Documents* [Doc. Nos. 650, 657 (the second default notice)].  Having relied to its detriment on the

sanctity of a process, that while providing some discretion, yet was operated as to bidders in retrospect as if there were none, Bay has incurred significant fees and expenses in reliance on this process which now by a Second Auction has deprived Bay from its position as asserted prevailing bidder, and acknowledged backup bidder.

4.  Bay files this Objection to continue to reserve its rights in connection with the Bid Procedures Order, the Sale Process, and the results of what it challenges as a binding Second Auction.

5.  Bay expressly reserves, and does not waive, any further objections, claims, defenses, or other rights of any kind, relating to the Bid Procedures Order, the Sale Process, the Second Auction, and the any Proposed Sale to the Winning Bidder.

## **Notice**

6.  Notice of this Objection will be provided to (i) counsel to the Debtors; (ii) counsel to the Committee; (iii) the Office of the United States Trustee; (iv) the Office of the United States Attorney; and (v) any other party entitled to notice pursuant to Local Rule 9013-1(d).

## Conclusion

**WHEREFORE,** the Bay respectfully requests that the Court enter the Proposed Order (i) denying entry of any order approving of the sale to the Winning Bidder; and (ii) granting any related relief to which Bay is justly entitled.

Respectfully submitted this 19th day of December 2021.

By: */s/ Patrick L. Hughes*
Patrick L. Hughes
Texas State Bar No. 10227300
Martha Wyrick
Texas State Bar No. 24101606
**HAYNES AND BOONE, LLP**
1221 McKinney, Suite 4000
Houston, TX 77010
Telephone No.: (713) 547-2000
Facsimile No.: (713) 547-2600
Email: patrick.hughes@haynesboone.com
Email: martha.wyrick@haynesboone.com

and

Butch Boyd
Texas Bar No. 00783694
Jeremy Stone
Texas Bar No. 24013577
**BUTCH BOYD LAW FIRM**
2905 Sackett Street
Houston, TX 77098
Telephone No.: (713) 589-8477
Facsimile No.: (713) 589-8563
Email: butchboyd@butchboydlawfirm.com
Email: jeremystone@butchboydlawfirm.com

**COUNSEL FOR BAY LTD.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on December 19, 2021.

*/s/ Patrick L. Hughes*
Patrick L. Hughes