IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | ) Case No. 21-32351 (DRJ) |
| Debtors. | ) (Jointly Administered) |

**OBJECTION TO, REQUEST TO ADJOURN HEARING ON,
AND RESERVATION OF RIGHTS OF ST. CROIX ENERGY, LLLP TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE
OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL
CLAIMS, LIENS, LIABILITIES, RIGHTS, INTERESTS, AND ENCUMBRANCES**

**Re: Docket Nos. 191, 392, 948**

St. Croix Energy, LLLP ("SCE"), by and through its undersigned counsel, hereby files this objection and reservation of rights (the "Objection") to the above-captioned debtors and debtors in possession (the "Debtors") motion seeking entry of an order, amongst other things, approving the sale of substantially all assets of the Debtors [Doc. No. 191] (the "Sale Motion") to West Indies Petroleum Limited ("WIPL") and Port Hamilton Refining and Transportation, LLLP ("PHRT"), and respectfully requests that the hearing on the Sale Motion be adjourned to a date no earlier than January 14, 2022 (the "Adjournment Request"). In support of the Objection and the Adjournment Request, SCE states as follows:

**BACKGROUND**

1. On August 11, 2021, the Court entered an order approving the bidding procedures

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

in the Sale Motion [Doc. No. 392] (the "Bidding Procedures Order").  On September 15, 2021, the Court entered an order extending the Milestones[2] and Bid Procedures Deadlines in the Bidding Procedures Order [Doc. No. 583] and thereafter, at the request of the Debtors, further extended the Milestones and Bid Procedures Deadlines [Doc. Nos. 696, 749, 761, 799, 819, 829, 935].

2. Pursuant to the Bidding Procedures Orders, to be a Qualified Bidder and participate at the Auction, a bidder had to submit a Qualified Bid on or before November 16, 2021 (the "Bid Deadline") [See Doc. No. 761-1].  WIPL did not submit a bid, much less a Qualified Bid, by the Bid Deadline.

3. The Debtors designated SCE as the Stalking Horse Bidder pursuant to the Bidding Procedures Order and, on November 14, 2021, filed a motion to approve certain modifications to the Bidding Procedures to approve payment of certain bid protections for SCE (the "SCE Bid Protections") [Doc. No. 760] (the "Bid Protections Motion").  On November 22, 2021, after the Auction was conducted, the Court entered the Bid Protections Order and approved the SCE Bid Protections, namely, $1 million in expense reimbursement for SCE as the Stalking Horse Bidder [Doc. No. 813].

4. On November 18, 2021, the Debtors conducted the Auction in accordance with the Bidding Procedures Order and, at the conclusion of the Auction, declared SCE as the Winning Bidder and Sabin Metal Corporation and Bay, Ltd. as the Back-up Bidders.  On November 30, 2021, pursuant to the Bidding Procedures Order, the Debtors filed a notice designating SCE as the Winning Bidder (the "Notice of SCE Winning Bid") [Doc. No. 829].

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Motion or Bidding Procedures Order, as applicable.

5.  On December 6, 2021, the Debtors filed a motion seeking to reopen the Auction pursuant to the Bidding Procedures Order ("Motion to Reopen") [Doc. No. 862]. The Debtors argued that they were unable to designate WIPL as a Qualified Bidder prior to the Auction due to WIPL's failure to provide an executed version of the WIPL APA and pay the requisite deposit before the Bid Deadline, which WIPL states was caused by a medical emergency affecting its CEO on the eve of the Bid Deadline. Motion to Reopen, ¶ 1-2. On December 7, 2021, the Debtors withdrew the Notice of SCE Winning Bid [Doc. No. 888].

6.  On December 10, 2021, over the objection of SCE, the Court granted the Motion to Reopen and designated WIPL a Qualified Bidder ("Order Reopening Auction") [Doc. No. 913]. Pursuant to the Order Reopening Auction, "all parties' rights to contest the sale and matters occurring at the re-opened Auction, including among other things, the Debtors' determination that the WIPL APA is a higher or otherwise better bid, are preserved." Order Reopening Auction, ¶ 5. Further, the Order Reopening Auction states, "any and all rights of SCE to the SCE Bid Protections pursuant to the terms of the Order Granting Debtors' Emergency Motion to Amend Bid Procedures and Other Related Relief [Docket No. 813] are preserved." Order Reopening Auction, ¶ 7.

7.  The basis on which the Debtors requested that the Auction be reopened, and the basis on which the Court granted such relief was, at least in part, that WIPL had submitted a bid of $30 million or "50% more" than the SCE bid, which bid WIPL would close on or before December 22, 2021. *See* Transcript of Dec. 6, 2021 Hearing. At the time the Court granted this relief, the WIPL APA had been signed but the schedules not finalized.

8.  Approximately two days before the reopened auction, the Debtors finalized the WIPL APA. Despite having reopened the auction based on a $30 million unconditional bid that

3

would close on December 22, 2021, the WIPL APA proposed an outside closing date of January 21, 2021.

9.      Over SCE's objection, on December 17, 2021, the Debtors conducted an Auction, which continued to and concluded on December 18, 2021.  On December 18, 2021, the Debtors filed a notice designating WIPL and PHRT, jointly, the winning bidders, with a bid of $62 million, and SCE the Back-up Bidder, with a bid of $57 million [Doc. No. 948].  Prior to the reopened Auction, no party was advised that PHRT would be a joint bidder with WIPL.

## **OBJECTION**

10.     SCE has worked diligently with the Debtors to finalize the SCE transaction after being named the Winning Bidder pursuant to the Bidding Procedures Order.  Despite SCE providing the highest and best offer for the Debtors' assets, and SCE complying in all respects with the Bidding Procedures Order, the Auction was reopened over the objection of SCE for a bid, which introduced a new joint bidder, that would close a month later than the date on which SCE was prepared to close – December 22, 2021.  Thus, SCE hereby renews its objection to the Order Reopening Auction and, accordingly, objects to the sale to WIPL and PHRT as contrary to the Bidding Procedures Order, as neither bidder was Qualified Bidder as of the deadline set by the Bid Procedures Order.  Accordingly, SCE reserves all rights with respect to its contention that it was the successful bidder and asserts that the reopened auction and bids submitted in connection therewith were improper and *void ab initio*.

11.     Additionally, notwithstanding WIPL and PHRT submitting a higher price at the conclusion of the reopened auction, SCE contends that the bids it submitted at the reopened auction, which contemplated a closing on December 22, 2021, were at each stage a higher or otherwise better bid for the Debtors' estates and stakeholders.  This is because the Debtors and

certain of the other interested parties failed to adequately assess and properly consider the closing risk attendant to the WIPL and PHRT bid being consummated on or before the new closing date of January 21, 2022, as required by their bid. Indeed, SCE contends that WIPL and PHRT's bid is a little more than the purchasing of an option of the refinery assets, and if they fail to close the sale transaction on or before January 21, 2022, SCE reserves all rights regarding its Back-up Bid.

12.    Additionally, as noted above, the Auction was reopened on the premise that WIPL would close the sale transaction on or before December 22, 2021, and bid 50% more than SCE's existing bid at that time. *See* Transcript of Dec. 6, 2021 Hearing at 31:19-25; 62:1-7; 84:1-6; 97:13-14. Approximately two days before the reopened auction, WIPL submitted a bid with a new closing date of January 21, 2022.  This last minute change prejudiced SCE and other bidders because they understood that the sale closing would remain December 22, 2021, and financing was sought to close the sale on December 22, 2021, not a later date.  Indeed, that expectation was the very premise on which the auction was reopened.  It is indisputable that by changing the outside closing date to January 21, 2022, WIPL's bid was not a higher and better bid of 50% more than SCE's bid with a closing date by December 22, 2021, as had been represented to the Court.  Indeed, based on the facts established at the Auction, the WIPL bid was at most $5 million more.  As such, the premise on which the Auction was reopened was false and, accordingly, WIPL's $30 million bid was not submitted in good faith and its last minute change of the closing date and the introduction of new joint bidder constituted a material change to the sale process, which has severely prejudiced SCE.

13.    Finally, SCE also contends that its bid was a higher or otherwise better bid for the island of St. Croix and the United States Virgin Islands because, among other reasons, not only did it have less of a risk of closing, but also (i) the SCE bid would enable SCE to immediately

begin the process of restarting the refinery using the Debtors' existing permits, which permits do not require the consent of the EPA to transfer; (ii) the SCE bid would not require certain regulatory approvals, which the WIPL bid requires; and (iii) the SCE bid was submitted by individuals living on the island of St. Croix, who are committed to restarting the refinery, preserving the environment, and willing to remain responsible to the citizens of St. Croix.

## REQUEST FOR ADJOURNMENT

14. If WIPL is going to be permitted to abandon its represented December 22, 2021 closing date, SCE objects to the timing of the re-opened Auction and Sale Hearing and requests that the Auction remain open and the Sale Hearing, currently schedule for December 21, 2021, be adjourned to a date no earlier than January 14, 2022.

15. Keeping the Auction open and continuing the Sale Hearing will likely result in more value and will not prejudice the Debtors' and their estates. Given WIPL and PHRT's extended closing date, there is no reason the Sale Hearing must proceed as currently scheduled. Indeed, at no time during the reopened Auction, did WIPL and PHRT agree to close on their bid on December 22, 2021, or on any date prior to January 21, 2022. Adjourning the Sale Hearing to January 14, 2022, will thus provide the best opportunity for the Debtors to receive a higher or better offer from SCE and maximize the value of their estates, the exact basis on which the Debtors requested this Court to reopen the Auction in the first place. Further, there is no prejudice to the Debtors' estates if the Sale Hearing is adjourned to January 14, 2022, in light of the new closing date for WIPL and PHRT's bid.

## RESERVATION OF RIGHTS

16. SCE expressly reserves all rights it has to assert claims under the SCE Bid Protections and the Bankruptcy Code. SCE also expressly reserves all rights regarding its Back-up Bid. SCE further expressly reserves its rights to supplement this Objection at any time prior to

the Sale Hearing and to raise additional or further objections to the Sale Motion.  For the avoidance of doubt, this Objection renews SCE's objection to the Order Reopening Auction and all appellate rights with respect to that interlocutory order are expressly preserved.

## CONCLUSION

For the foregoing reasons, SCE requests that the Court deny the Sale Motion as to the WIPL and PHRT sale or, alternatively, adjourn the Sale Hearing to January 14, 2022, and grant such other and further relief as the Court may deem just and proper.

Dated: December 19, 2021
      New York, New York

Respectfully submitted,

**ROPES & GRAY LLP**

/s/ *Gregg M. Galardi*
Gregg M. Galardi (admitted *pro hac vice*)
Matthew M. Roose (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
gregg.galardi@ropesgray.com
matthew.roose@ropesgray.com

Stephen L. Iacovo (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Tel: (312) 845-1200
stephen.iacovo@ropesgray.com

-and-

**USVI LAW, LLP**
Scot Fitzerald McChain
5030 Anchor Way Ste. 13
Christiansted, VI 00820
Tel: 340-773-6955
smcchain@usvi.law

*Counsel to St. Croix Energy, LLLP*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Objection was served by electronic delivery on all persons and entities receiving ECF notice in this case on December 19, 2021.

/s/ *Gregg M. Galardi*
Gregg M. Galardi