IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | CASE NO.: 21-32351 (DRJ) |
| Debtors. | (Jointly Administered) |

**DEBTORS' OMNIBUS RESPONSE TO: (I) BAY, LTD.'S SUPPLEMENTAL OBJECTION TO THE PROPOSED SALE AND RESERVATION OF RIGHTS; AND (II) ST. CROIX ENERGY, LLLP'S OBJECTION TO, REQUEST TO ADJOURN HEARING ON, AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL CLAIMS, LIENS, LIABILITIES, RIGHTS, INTERESTS, AND ENCUMBRANCES**

Limetree Bay Services, LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (collectively, the "**Chapter 11 Cases**"), hereby submit this omnibus response (the "**Response**")[2] to the: (i) *Supplemental Objection to the Proposed Sale and Reservation of Rights* (Doc. 952) (the "**Supplemental Bay Objection**") filed by Bay, Ltd. ("**Bay**");[3] and (ii) *Objection to, Request to Adjourn Hearing on, and Reservation of Rights to Debtors' Motion for Entry of an Order Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests, and Encumbrances* (Doc. 957) (the "**SCE Objection**" and together

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] The Debtors also incorporate by reference the *Debtors' Response to Bay, Ltd.'s Preliminary Objection to the Proposed Sale to St. Croix Energy, LLLP and Emergency Motion to Delany the December 7 Sale Hearing to Permit Limited Discovery* (Doc. 873) in its entirety.

[3] The Supplemental Bay Objection supplements the *Preliminary Objection to the Proposed Sale to St. Croix Energy, LLLP and Emergency Motion to Delay the December 7 Sale Hearing to Permit Limited Discovery* (Doc. 835) that Bay filed on December 1, 2021 (the "**Preliminary Bay Objection**" and together with the Supplemental Bay Objection, the "**Bay Objections**").

with the Supplemental Bay Objection, the "**Objections**")[4] filed by St. Croix Energy, LLLP ("**SCE**"). In support thereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. As with the Preliminary Bay Objection, the Objections represent nothing more than unsuccessful bidders seeking to put their interests ahead of that of the Debtors' estates (the "**Estates**") and their creditors. The reopened Auction (defined below) significantly benefitted all parties (other than Bay and SCE) because the purchase price *more than doubled from $30 million to $62 million*. No party has any legitimate basis to argue reopening the Auction did not significantly benefit the Estates and all creditors. This is particularly apparent when considering the crux of the Objections' arguments—which are both procedurally and legally flawed.

2. Both Objections contain similar arguments. For example, both Objections improperly ask this Court to reconsider its order reopening the Auction (Doc. 913) (the "**Auction Order**"). But, procedurally, an "objection" is not a proper mechanism for the relief sought in the Objections. Rather, the proper procedure for such relief would have been for Bay and SCE to file motions for reconsideration. They did not—and, even if they had, they do not satisfy their burden of proving they are entitled to such relief. And factually, both Objections argue the Auction should not have been reopened *regardless of what price was ultimately obtained*, which is conclusive evidence that Bay and SCE believe their interests should trump those of the Debtors, their Estates, and their creditors. Moreover, this Court already considered—and overruled—all objections to reopening the Auction. The Objections are just attempts to get a second bite of the apple.

3. Both Objections also argue the Court should ignore binding Fifth Circuit precedent that states a court should defer to the debtor's business judgment—which the Debtors and their

---

[4] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Objections.

professionals reasonably exercised in designating the WIPL Bid (defined below) as the Winning Bid as defined in the Bid Procedures (defined below), and SCE as the Back-up Bidder.

4. Aside from the above, the Objections seek different relief. For example, if the Court were to find it improperly reopened the Auction (which it did not), the Bay Objections request this Court disregard the Debtors' and their professionals' reasonable business judgment in selecting SCE as the Winning Bidder (as defined in the Bid Procedures) and instead designate Bay as the Winner Bidder.

5. In contrast, the SCE Objection argues that, even if the Auction was appropriately reopened (which it was), the Court should disregard the Debtors' and their professionals' reasonable business judgment in selecting the $62 million bid (the "**WIPL Bid**") of West Indies Petroleum Limited and Port Hamilton Refining and Transportation, LLP (together, "**WIPL**") as the Winning Bidder and instead designate SCE's $57 million bid (the "**SCE Bid**") as the Winning Bidder. Further, SCE requests this Court adjourn the sale hearing scheduled for December 21, 2021 despite the fact that the (i) Bid Procedures *and* (ii) asset purchase agreements of SCE *and* WIPL require the sale hearing to occur on that day.

6. Indeed, SCE's entire argument is falsely predicated on the assertion that the Debtors and their highly qualified professionals "failed to adequately assess and properly consider the closing risk attendant to the [WIPL] bid being consummated on or before the new closing date of January 21, 2022." SCE Objection, ¶ 11. To support this false assertion, SCE states the WIPL Bid "is a little more than the purchasing of an option of the refinery assets[.]" *Id.* But WIPL is required to make a nonrefundable deposit equal to 15% of the purchase price, or roughly $9.3 million in accordance with the Bid Procedures. Of course, SCE offers no evidence that WIPL would be willing to simply walk away from this $9.3 million "option." SCE also fails to explain why its

service as the Back-up Bidder does not mitigate this risk, which is why this Court approved the concept of a back-up bidder in the Bid Procedures.

7.      Further, in an apparent attempt to circumvent the Bid Procedures, SCE has contacted the DIP Lender about buying the DIP Loan—and, because the Debtors are in default thereunder, they run the risk that a buyer may foreclose on the assets prior to a sale transaction closing. This would obviously cause risk of harm to the Estates and create uncertainty and cost with respect to contesting a potential DIP Loan foreclosure post-auction.

8.      Importantly, this Court need not confirm the Debtors' determinations of bid values because (i) the Objections are effectively improper motions for reconsideration disguised as "objections" and (ii) SCE lacks standing to object to the Sale. But, even if the Court considers the Objections as proper motions for reconsideration and finds SCE has standing, they cannot overcome the Debtors' business judgment in designating WIPL as the Winning Bidder because the Debtors' calculations were fair and reasonable.

## BACKGROUND

9.      On July 26, 2021, the Debtors filed the *Emergency Motion for Entry of Order: (I) Establishing Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief* (Doc. 191) (the "**Original Bid Procedures Motion**") seeking approval of the bid procedures contained therein (as amended, the "**Bid Procedures**").

10.     On August 11, 2021, the Court entered an order granting the Bid Procedures Motion and approving the Bid Procedures (Doc. 392) (the "**Original Bid Procedures Order**").

11.     On September 10, 2021, the Debtors filed the *Emergency Motion to Amend Milestones and Bid Procedures Deadlines* (Doc. 565) (the "**Amended Bid Procedures Motion**")

4

seeking to amend the Bid Procedures and extend certain Milestones and Bid Procedures Deadlines (as defined therein).

12. On September 15, 2021, the Court granted the Amended Bid Procedures Motion (Doc. 583) (the "**Amended Bid Procedures Order**" and together with the Original Bid Procedures Order, the "**Bid Procedures Orders**").

13. On November 18, 2021, the Debtors conducted the Auction. The Auction was conducted by two industry-leading, and well-respected financial advisory firms: Jefferies LLC ("**Jefferies**") and B. Riley Advisory Services ("**B. Riley**").

14. On November 30, 2021, the Debtors filed the *Notice of (I) Designation of Winning Bid and Back-up Bids and (II) Sixth Notice of Extension of Milestones and Bid Procedures* (Doc. 829) (the "**Withdrawn Designation of Winning Bid**").

15. On December 6, 2021, the Debtors filed the *Emergency Motion to (I) Reopen Auction Pursuant to Bidding Procedures, (II) Approve Schedule and Procedures for Continued Auction, and (III) Grant Related Relief* (Doc. 862) (the "**Motion to Reopen**") seeking to reopen the Auction and designate WIPL as a Qualified Bidder (as defined in the Bid Procedures).

16. After a hearing held on December 6, 2021, the Court entered the Auction Order on December 10, 2021, which granted the Motion to Reopen, reopened the Auction, and declared WIPL as a Qualified Bidder (Doc. 913) (the "**Auction Order**").

17. On December 7, 2021, the Debtors filed the *Notice of Withdrawal of: (I) Notice of Designation of Winning Bid and Back-up Bids and Sixth Notice of Extension of Milestones and Bid Procedures Deadlines; and (II) Notice of Emergency Sale Hearing* (Doc. 888) withdrawing the Withdrawn Designation of Winning Bid.

18. On December 17, 2021, the reopened Auction commenced in accordance with the Auction Order and was again conducted by Jefferies and B. Riley. The reopened Auction concluded on December 18, 2021.

19. After carefully considering the structure and value of all bids, and after consulting with the Notice Parties, the Debtors selected WIPL as the Winning Bidder because it was the highest and best bid.

20. On December 18, 2021, the Debtors filed the *Notice of Designation of Winning Bid and Back-up Bid* (Doc. 948) designating WIPL as the Winning Bid and SCE as the Back-up Bid.

21. Notably, the Committee, the Prepetition Secured Lenders, and the DIP Agent have not objected to the designation of the WIPL Bid as the Winning Bid—and those parties unquestionably have a substantial financial interest in ensuring the Debtors' assets are sold for the highest and best price.

22. As explained below, Bay and SCE are not entitled to any of the relief they seek and the Court should overrule the Objections in their entirety.

## LAW & ARGUMENT

23. The Court need not consider the merits of Bay's and SCE's arguments because (i) they are effectively improper motions petitioning the Court to reconsider its Auction Order and (ii) the case law makes clear that SCE—a non-creditor, unsuccessful bidder—lacks standing to object to the sale. However, even if the Court considers the Objections as appropriate motions to reconsider *and* finds that SCE has standing (which it does not), the Debtors reasonably exercised their business judgment in selecting the WIPL Bid as the Winning Bid. Bay and SCE cannot overcome the deference this Court should provide the Debtors in making that selection.

### A. The Objections' Requests To Reopen The Auction Are Motions to Reconsider And Should Be Denied

24. The Objections are merely motions to reconsider the Court's Auction Order loosely disguised as "objections." Rule 60(b), made applicable by Bankruptcy Rule 9024, provides:

> On motion and just terms, the court may relief a party…from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P 60(b).

25. The movant seeking relief from an order pursuant to Bankruptcy Rule 9024 bears the burden of proof. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398 n.11 (5th Cir. 2001) (stating the movant under Rule 60(b) generally bears the burden of proof). *See also In re Gordon*, No. 07-36315-H3-7, 2009 Bankr. LEXIS 1047 (Bankr. S.D. Tex. Feb. 27, 2009) (same); *In re Wehmeyer*, No. 05-40531-H3-13, 2006 Bankr. LEXIS 1871 (Bankr. S.D. Tex. Aug. 7, 2006) (same).

26. Here, the Objections fail to even mention Rule 60 or Bankruptcy Rule 9024—much less satisfy Bay's and SCE's burden of proving they are entitled to relief in accordance thereof. Moreover, none of the six justifications enumerated under Rule 60 are applicable. No mistake was made; new evidence has not been discovered after entry of the Auction Order; there has been no fraud, misrepresentation, or misconduct by the Debtors; the Auction Order is not void; the Auction Order is not based on an earlier judgment that has been reversed or vacated; and no other reason justifies the reversal.

27. Simply, the Objections are procedurally improper and, even if the Court were to consider them as legitimate motions to reconsider, neither Bay nor SCE has sufficiently met its burden of establishing it is entitled to reversal of the Auction Order. Accordingly, the Court should overrule the arguments in the Objections related to reversing the Auction Order.

**B.      SCE Does Not Having Standing to Object To The Sale**

28. SCE lacks standing to object to the sale. In *In re Quanalyze Oil & Gas Corp.*, the court explained that "it is especially important that only parties with standing be able to object to bankruptcy sales, for few things could more thoroughly undermine the sale process in bankruptcy than the prospect of strangers to the transaction having the ability to file papers to interfere or frustrate the sales process." 250 B.R. 83, 89 (Bankr. W.D. Tex. 2000).

29. A "competing bidder normally lacks standing to even challenge a sale[.]" *Id*. *See also In re Gulf States Steel*, 285 B.R. 739, 742 (Bankr. N.D. Ala. 2002) ("[A] non-creditor, whose only connection with a bankruptcy case is that the party was an unsuccessful bidder at a bankruptcy sale, lacks standing to challenge the right of other bidders to consummate the sale."); *In re Condere Corp.*, 228 B.R. 615, 624 (Bankr. S.D. Miss. 1998) ("The Court does agree with the Debtor that a prospective purchaser has no standing to object to a sale."); *In re HST Gathering Co.*, 125 B.R. 466, 468 (W.D. Tex. 1991) (finding an unsuccessful bidder lacks standing to appeal a sale order).

30. Some courts have found that unsuccessful bidders have standing, but only in very limited circumstances. *See, e.g., Kabro Assocs., LLC v. Colony Hills Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 274 (2d Cir. 1997) (finding appellate standing where claim attacks the "intrinsic fairness" of the sale transaction such that the purchaser is not a "good faith purchaser"); *In re REA Holding Corp.*, 447 F.Supp. 167, 169 (S.D.N.Y. 1978) (stating that appellate standing

8

for unsuccessful bidder requires "some evidence of fraud, deceit, mistake of fact or other inequitable overreaching").

31. A non-creditor, unsuccessful bidder does not have standing to challenge a sale because it would be antithetical to the fundamental principles of the Bankruptcy Code. Indeed, "the purposes of the [bankruptcy statutes] would be hindered, not furthered, by permitting a stranger to the estate to object to a sale to which no party in interest objected." *HST Gathering*, at 468 (citing *In re Nepsco, Inc.*, 36 B.R. 25 (Bankr. D. Me. 1983)). Put another way, "the statutes governing the sale of assets of bankruptcy estates are intended to protect the creditors of such estates and not prospective purchasers." *Id.*

32. As a non-creditor, SCE is a "stranger" to the Debtors' Estates and is improperly seeking to overturn the Debtors' selection of the WIPL Bid as the Winning Bid—a bid that the Debtors have reasonably determined to be the most valuable to the Debtors and their Estates, their creditors, and all parties in interest. Indeed, SCE's "only connection with [these Chapter 11 Cases] is that [it] was an unsuccessful bidder at [the] bankruptcy sale." *Gulf States Steel*, 285 B.R. at 742. As such, SCE lacks standing to object to the sale.

33. For these reasons, and in accordance with applicable case law, this Court should overrule the SCE Objection in its entirety for lack of standing.

C. **The Debtors Exercised Their Reasonable Business Judgment In Designating WIPL As The Winning Bidder And The Sale Hearing Should Not Be Adjourned**

34. Even assuming, *arguendo*, that SCE has standing to object to the Sale, Bay and SCE are still not entitled to the relief they seek because the Debtors exercised their reasonable business judgment in designating the WIPL Bid as the Winning Bid.

35. Pursuant to Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or auction. Fed. R. Bankr. P. 6004(f)(1). The paramount

goal of any proposed sale of property of a debtor is to maximize the value received by the estate. *See, e.g., Official Committee of Subordinated Bondholders v. Integrated Resources. Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("It is a well-establish principal of bankruptcy law that the Debtors' duty with respect to [Section 363] sales is to obtain the highest price or greatest overall benefit possible for the estate"), *quoting Cello Bag Co. v. Champion Int'l Corp. (In re Atlanta Packaging Prods., Inc.)*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988).

36. To that end, debtors are granted significant latitude in devising and implementing bidding and sale procedures under Section 363 of the Bankruptcy Code. Indeed, bankruptcy courts have made clear that a debtor's business judgment is entitled to substantial deference with respect to the bid procedures to be used in selling assets of the estate. *See, e.g., In re Integrated Resources, Inc.*, 147 B.R. at 656–57 (noting that overbid procedures and break-up fee arrangements that have been negotiated by a debtor are to be reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid"); *See ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("The business judgment standard in section 363 is flexible and encourages discretion."); *see also GBL Holding Co. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005) ("Great judicial deference is given to the Trustee's exercise of business judgment."), (citing *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala.2002)); *see also In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836–37 (Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best interests."); *see also In re Global Crossing, Ltd.*, 295 B.R. 726, 744 n. 58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors….").

37. The designation of a winning bidder necessarily falls within the purview of bidding and sale procedures—and, thus, courts give deference to a debtor when exercising its business judgment in selecting a winning bidder. *See, e.g., In re Mt. States Rosen, LLC*, 619 B.R. 750, 753 (Bankr. D. WY 2020) ("Under the business judgment standard, the court examines the sale's process and procedure and gives deference to Debtor's choice of the winning bid."). Indeed, a trustee or debtor in possession "has great judicial deference in deciding which bid to accept as the best and highest bid. Even though the discretion is not without limit, a Court should not step in and assume a role and responsibility placed in the hands of the trustee." *Gulf States Steel*, 285 B.R. at 516 (citations omitted). *See also In re Castre, Inc.*, 312 B.R. 426, 430–31 (Bankr. D. Colo. 2004) (finding a debtor in possession "is entitled to great judicial deference in deciding which bid to accept as the best and highest offer on the sale of the Debtor's assets"); *In re Colo Sun Oil Processing LLC*, No. 10-24424-SBB, 2011 Bankr. LEXIS 3109 at *25–26 (Bankr. D. Colo. Aug. 12, 2011) (same); *In re Borders Group, Inc.*, 453 B.R. 477, 482–83 (Bankr. S.D.N.Y. 2011) ("In the context of auctions, courts defer to a debtor's business judgment when selecting the highest and best bid. Indeed, the trustee or DIP is entitled to great judicial deference in deciding which bid to accept as the best and highest bid on the sale of the Debtor's assets[.]") (citations omitted).

38. The Debtors exercised their reasonable business judgment in designating the WIPL Bid as the Winning Bid. Contrary to Bay's and SCE's assertions and as explained above, the WIPL Bid provides the highest value to the Debtors and their estates, their creditors, and all parties in interest. The Debtors unquestionably exercised their reasonable business judgment in selecting the WIPL Bid because it, among other things, provides a much higher cash value to the Estates and their creditors. SCE's assertion that its bid is "higher and better" is also predicated on its alleged plan to restate the refinery, but the Debtors believe the EPA has rejected that plan.

11

39. Further, adjourning the sale hearing—as SCE requests—does nothing but unnecessarily prolong this sale process. And, the Bid Procedures, the WIPL asset purchase agreement, and SCE asset purchase agreement all require the sale hearing to be conducted on December 21, 2021. SCE does not set forth any legitimate basis for postponing the sale hearing and is only seeking to delay the Debtors' sale to WIPL. The Debtors exercised their reasonable business judgment in selecting the WIPL Bid as the Winning Bid and neither Bay nor SCE has sufficiently alleged any facts that warrant the relief they request, including the adjournment of the sale hearing.

40. Moreover, it is especially telling that the Committee, the Prepetition Secured Parties, and the DIP Agent have not filed any objection to either the designation of WIPL as the Winning Bidder or the sale process generally. Those parties have the most financial stake in the outcome of the Auction and benefit the most from the Debtors selecting the highest and best bid. Their decision not to support the Bay or SCE bids speak volumes regarding the risk, reward comparison between the SCE, Bay, and WIPL offers.

41. Simply, there are no facts that suggest the Debtors did not reasonably exercise their business judgment in selecting WIPL as the Winning Bidder. As such, the Court should provide the Debtors with the "substantial deference" courts afford debtors in making such selections and overrule the Motion in its entirety.

[*remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors respectfully request that the Court overrule the Objections in their entirety and grant the Debtors such relief as is appropriate.

Dated: December 21, 2021

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Facsimile:   407.841.0168
Email: egreen@bakerlaw.com
         jparrish@bakerlaw.com

**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
Email: jrose@bakerlaw.com

*Counsel for the Debtors and Debtors in Possession*

### Certificate of Service

I certify that on December 21, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Elizabeth A. Green*
Elizabeth A. Green