IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>LIMETREE BAY SERVICES, LLC, *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 (DRJ)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER REGARDING
INTERTEK USA INC.'S EMERGENCY MOTION FOR RELIEF FROM
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FOR WAIVER
OF THE 14-DAY STAY PURSUANT TO FED. R. BANKR. P. 4001(a)(3)**

This stipulation (the "**Stipulation**") and agreed order (the "**Agreed Order**") is entered into as of March 11, 2022, between (i) Limetree Bay Services, LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (collectively, the "**Chapter 11 Cases**"), and (ii) Intertek USA Inc. ("**Intertek**"). The Debtors and Intertek may be referred to hereinafter collectively as the "**Parties**" and each individually as a "**Party**." By and through their undersigned counsel, the Parties hereby stipulate and agree as follows:

A. On July 12, 2021 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**")—thereby commencing the Chapter 11 Cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

B. On December 6, 2021, Intertek filed its *Emergency Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d) and for Waiver of the 14-Day Stay Pursuant to Fed. R. Bankr. P. 4001(a)(3)* [Docket No. 868] (the "**Intertek Motion**").

C. On December 21, 2021, the Debtors filed their *Response to Intertek USA Inc.'s Limited Objection and Reservation of Rights to Sale* [Docket No. 969] (the "**Response**").

D. On February 1, 2022, the Court conducted a hearing on the Intertek Motion (the "**Hearing**"). During the Hearing, the Court inquired whether the Intertek Motion must be brought as an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"). The Parties agreed to continue the Hearing in order to discuss the potential waiver of Bankruptcy Rule 7001, to the extent applicable, and resolution of the Intertek Motion as a contested matter pursuant to Bankruptcy Rule 9014.

E. The Parties have reached an agreement to resolve the Intertek Motion as a contested matter pursuant to Bankruptcy Rule 9014 on the terms set forth herein and, based thereon, stipulate to entry of the within Agreed Order.

Based on the agreement of the Parties, and, after due and adequate consideration, finding good and sufficient cause appearing therefore, **IT IS HEREBY ORDERED THAT:**

1. The Stipulation is approved as set forth herein.

2. Subject to the terms of this Stipulation and Agreed Order, the Parties hereby agree to waive compliance with Bankruptcy Rule 7001, to the extent applicable, solely in connection with the resolution of the Intertek Motion and, based thereon, the Intertek Motion shall be treated as a contested matter pursuant to Bankruptcy Rule 9014.

3. For all purposes, the Parties agree that the Intertek Motion shall be treated as a motion arising out of a declaratory relief action filed by Intertek to resolve the issue of whether

the Intertek Equipment (as defined in the Intertek Motion) constituted property of the Debtors' bankruptcy estates pursuant to Section 541 of the Bankruptcy Code on the Petition Date. The Parties agree that resolution of this issue hinges on whether the transaction pertaining to the Intertek Equipment pursuant to Section 3.6 of the Contract (as defined in the Intertek Motion) constituted a "true lease" or financing transaction (express or disguised) under Section 1-203 of the Uniform Commercial Code as adopted and applied under applicable law (the "**Question Presented**").

4. The Parties may prepare and submit additional briefing on the Question Presented in accordance with the following deadlines:

   a. No later than March 24, 2022, Intertek may file its initial brief (the "Intertek Brief") and any and all supporting documents, exhibit, declarations or other supporting evidence;

   b. No later than April 25, 2022, Debtors may file their response brief ("Response Brief") and any and all supporting documents, exhibit, declarations or other supporting evidence; and

   c. No later than May 2, 2022, Intertek may file any reply brief.

5. The Parties shall negotiate in good faith to prepare and submit a joint statement of undisputed facts (the "**Joint Statement**") relevant to the resolution of the Question Presented and disposition of the Intertek Motion. The Parties shall file the Joint Statement no later than March 17, 2022. In the event the Parties are unable to reach agreement with respect to the inclusion of any fact(s) in the Joint Statement or any fact(s) is subject to a genuine dispute, each Party may file a separate statement of disputed facts (each, a "**Separate Statement**") in support of their respective

briefs.  Any Separate Statements shall be filed contemporaneously with the Party's initial brief, as provided in Paragraphs 4.a and 4.b.

6. In order to expedite the proceedings and avoid potentially-unnecessary discovery, the Parties agree that any and all direct testimony shall be presented exclusively by written declaration or affidavit.  The Party proffering such direct testimony shall file the subject written declaration or affidavit contemporaneously with the Party's initial brief, as provided in Paragraphs 4.a and 4.b.  The Parties reserve the right to conduct expedited, limited written discovery pertaining to any testimony proffered by written declaration or affidavit without leave of the Court; *provided, however*, the Parties reserve the right to seek Court intervention to compel, quash, limit, or otherwise protect their rights with respect to any discovery so propounded, to the extent permitted under applicable rules.  The Parties shall make any and all declarants and affiants available and the Parties shall be entitled to cross-examine any and all declarants and affiants during the Evidentiary Hearing (defined below).  Unless otherwise agreed by the Parties in writing, a Party's failure to present direct testimony via written declaration or affidavit in a timely manner shall constitute a waiver of the right to present such testimony during the Evidentiary Hearing or any other proceeding related to the Intertek Motion or Question Presented.

7. The Court shall hold a hearing to resolve the Question Presented and resolve the Intertek Motion (the "**Evidentiary Hearing**") on [_____], 2022, at __:__ a.m./p.m., or as soon thereafter as the Court may hear the matter.

8. The Parties may extend or continue any dates or deadlines provided herein, including, without limitation, the Evidentiary Hearing, by mutual agreement and notice to the Court.  Any continued date for the Evidentiary Hearing shall be subject to Court availability and approval.

9. Subject to Court approval, this Stipulation shall be deemed binding on, and shall inure to, the benefit of the Parties, and their successors and assigns. Each individual executing this Stipulation and Agreed Order represents and warrants that he or she has the authority to execute this Stipulation and Agreed Order on behalf of the Party he or she purports to bind and that when executed by the undersigned, the Parties will be bound hereunder. This Stipulation and Agreed Order may be executed by facsimile or electronic signature in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one instrument.

10. The Court shall retain jurisdiction for all purposes related to the interpretation and implementation of this Stipulation and Agreed Order.

11. None of the Parties will be considered to be the drafter of this Stipulation or any provision of it for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter. This Stipulation was drafted with substantial input by all Parties, all of whom were represented by counsel of their choosing.

12. In the event this Stipulation is not approved by the Court or is not executed by the Parties, (a) nothing herein shall prejudice or otherwise affect the rights of the Parties hereto for any reason and (b) the rights and obligations of the Parties under this Stipulation shall be null and void *ab initio*.

Dated: _____

Honorable David R. Jones
Chief United States Bankruptcy Judge

**STIPULATED AND AGREED:**

Dated: March 11, 2022                                                          **BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com

**Jorian L. Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jrose@bakerlaw.com

**Michael T. Delaney, Esq.**
*Admitted Pro Hac Vice*
OH Bar No. 99790
Key Tower, 127 Public Sq.
Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email: mdelaney@bakerlaw.com

*Counsel for the Debtors and Debtors in Possession*

Dated: March 11, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Vincent F. Alexander*
**Vincent F. Alexander, Esq.**
*Admitted Pro Hac Vice*
Fla. Bar No. 68114
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Tel.: 954-728-1280
Fax: 954-728-1282
Vincent.Alexander@lewisbrisbois.com

*Counsel for Intertek USA Inc.*

### Certificate of Service

**I HEREBY CERTIFY** that on March 11, 2022, a true copy of the foregoing was filed with the Court using the CM/ECF System, which will provide notice of such filing to all parties requesting such service.

*/s/ Elizabeth A. Green*
Elizabeth A. Green