## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LIMETREE BAY SERVICES, LLC, et al.,[1] | Case No. 21-32351 (DRJ) |
| Debtors. | (Jointly Administered) |

## OBJECTION OF WORLEY PAN-AMERICAN
## CORPORATION TO OFFICIAL COMMITTEE OF UNSECURED
## CREDITORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
## DISMISSING THE CHAPTER 11 CASES AND GRANTING RELATED RELIEF
### [Related to Docket No. 1212]

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY
JUDGE:

Worley Pan-American Corporation f/k/a Jacobs Pan-American Corporation ("Worley"),

by and through its undersigned counsel, hereby objects (the "Objection")[2] to the *Official*

*Committee of Unsecured Creditors' Emergency Motion for Entry of an Order Dismissing the*

*Chapter 11 Cases and Granting Related Relief* (the "Dismissal Motion") [Docket No. 1212]. In

support of its Objection, Worley respectfully represents as follows:

### PRELIMINARY STATEMENT[3]

1.      Worley is a construction contractor that performed engineering, design, and other

related services for the Debtor Limetree Bay Refining, LLC ("Refining"). After failing to receive

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Capitalized terms used herein that are not defined are defined in the Dismissal Motion.

[3] Capitalized terms used but not defined in the Preliminary Statement are defined later in this Objection.

payment for these services, and prior to the Petition Date, Worley commenced the process to file and perfect a Construction Lien on Refining's real property pursuant to U.S. Virgin Island law. Refining, along with the other Debtors, filed their chapter 11 petitions prior to Worley completing the process to perfect its Construction Lien. Following the Petition Date, Worley perfected its Construction Lien by timely filing a Notice of Perfection with this Court pursuant to section 546(b) of the Bankruptcy Code.

2.      Worley believes its Construction Lien Claim is part of the Other Secured Claims class established in the Debtors' proposed Plan with an estimated recovery of 100% on such claims. Consequently, Worley supports keeping these cases in chapter 11 and objects to the Committee's Dismissal Motion.

3.      In its Schedule D, Refining lists Worley's claim as disputed. In addition, the Debtors' proposed Plan indicates that Refining may seek to avoid Worley's Construction Lien. The Committee's Dismissal Motion, which calls for immediate distribution of all cash followed by dismissal of the Debtors' Chapter 11 Cases, does not provide or allow for a process to resolve disputes regarding liens asserted to the remaining cash held by the Debtors. For this reason, Worley further objects to the Committee's Dismissal Motion.

## BACKGROUND

4.      On February 1, 2018, prior to the Petition Date (as defined below), Worley and Refining contracted for Worley to perform engineering, design, and other related services to improve an oil refinery owned by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in Christiansted, St. Croix, U.S. Virgin Islands. Worley also supplied equipment and materials to the Debtors. Worley last performed work or furnished materials to the Debtors on or around May 14, 2021. Under U.S. Virgin Islands law, Worley's work and materials

entitled Worley to an inchoate construction lien on the Debtors' real property (the "Construction Lien"). 28 V.I.C. § 251 *et seq.*

5.      On or around June 23, 2021, pursuant to 28 V.I.C. § 261, Worley recorded a notice of lien ("Notice of Lien")[4] in the office of the recorder of deeds for St. Croix, U.S. Virgin Islands in the amount of $2,664,105.61. Under U.S. Virgin Islands law, a construction lien claim attaches when the claimant records the notice of lien in accordance with the statutory requirements. *See* 28 V.I.C. § 264(a) ("A claimant's lien does not attach and shall not be enforced unless he has, not later than 90 days after his final furnishing of materials or services, recorded a notice of lien.").

6.      On July 12, 2021, (the "Petition Date"), the Debtors each filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7.      On September 7, 2021, Refining filed its schedules of assets and liabilities [Docket No. 546] ("Schedule D"),[5] including Worley as a creditor with a claim secured by property in the amount of $2,664,105.61 and disputing such claim.

8.      On September 13, 2021, in lieu of commencing an action to foreclose its lien under U.S. Virgin Islands law,[6] Worley filed its *Notice Of Perfection Of Lien Under 11 U.S.C. § 546(b)* [Docket No. 570] (the "Notice of Perfection"),[7] thereby perfecting its Construction Lien pursuant to section 546(b) of the Bankruptcy Code.

---

[4] A copy of the Notice of Lien is attached as **Exhibit A**.

[5] A copy of the Schedule D is attached as **Exhibit B**.

[6] Under U.S. Virgin Islands law, a construction lien claim attaches when the claimant records the notice of lien in accordance with the statutory requirements. *See* 28 V.I.C. § 264(a) ("A claimant's lien does not attach and shall not be enforced unless he has, not later than 90 days after his final furnishing of materials or services, recorded a notice of lien.").

[7] A copy of the Notice of Perfection is attached as **Exhibit C**.

9.      On November 10, 2021, Worley timely filed a proof of claim against Refining in the amount of $2,664,105.61 for its valid, perfected Construction Lien [Claim No. 130].[8]

10.      On December 21, 2021, the Bankruptcy Court entered the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 977] ("Sale Order"), which, among other things, approved the sale ("Sale") of substantially all of the Debtors' assets, including all of Refining's real property (the "Purchased Assets"), to the winning bidder for the sum of $62 million. The Sale Order further authorized the Sale free and clear of all liens, claims, and interests, such that:

> [T]he holder of any valid Lien[9] . . . in the Debtors or the Purchased Assets shall, as of the Closing, be deemed to have waived and released such Lien . . . , without regard to whether such holder has executed or filed any applicable release, and ***such Lien . . . shall automatically, and with no further action by any party, attach to the portion of the purchase price ultimately attributable to the Purchased Assets against or in which they claim an interest, in the order of their priority, with the same validity, force, and effect, if any, which they now have against such Purchased Assets***, subject to any claims, defenses, and objections, if any, that the Debtors or their estates may possess with respect thereto.

Sale Order at 27-28, ¶ 21 (emphasis added).

11.      On January 21, 2022, the Debtors and winning bidder closed the Sale ("Closing").

---

[8] A copy of Claim No. 130 is attached as **Exhibit D**.

[9] The Sale Order defines "Lien" as "means any liens (as defined in Section 101(37) of the Bankruptcy Code), debts (as defined in Section 101(12) of the Bankruptcy Code), security interests, Claims, easements, mortgages, charges, indentures, deeds of trust, rights of way, encroachments, or any other encumbrances and other restrictions or limitations on ownership or use of real or personal property or irregularities in title thereto." App. 1, Sale Order at 7.

12.     On March 18, 2022, the Debtors filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* [Docket No. 1204] (collectively referred to as the "Plan").

13.     On March 22, 2022, the Official Committee of Unsecured Creditors (the "Committee") filed the Dismissal Motion, requesting the dismissal of the Chapter 11 Cases.

**OBJECTION**

**I.     Worley Objects To Dismissal Because Its Construction Lien Claim Will Be Paid In Full Under The Plan.**

14.     The Plan is obtuse and requires referring to a number of documents previously filed in the Chapter 11 Cases, particularly the final order approving debtor-in-possession financing for the Debtors [Docket No. 495] ("Final DIP Order").

15.     Under the Plan, secured creditors are broken up into several classes: (1) Prepetition Revolver Secured Debt Claims, (2) Prepetition Terms Secured Debt Claims, (3) Other Secured Claims, and (4) Prepetition Holdco Secured Debt Claims.

16.     Obviously, categories (1), (2), and (4) would not involve secured claims secured by mechanic's liens or construction liens. The Plan defines "Other Secured Claims" as:

> Claims (or portions thereof), except Prepetition Revolver Secured Debt Claims, Prepetition Term Secured Debt Claims, and Prepetition Holdco Secured Debt Claims that are secured by a lien on property in which any of the Debtors' Estates has an interest, which liens are valid, perfected and enforceable under applicable law, and are senior to the liens held by the Holders of the Prepetition Revolver Secured Debt Claims, Prepetition Term Secured Debt Claims, and Prepetition Holdco Secured Debt Claims.

Plan at 18-19, art. II, § A, ¶ 115. So, by exclusion, holders of claims secured by valid, perfected construction liens must be part of the Other Secured Claims class (i.e., Class 4).

17.     Pursuant to the Sale Order, Worley's Construction Lien attached to the portion of Sale proceeds attributable to the Purchased Assets, specifically Refining's real property, in which it claims an interest with the same priority and validity that existed prior to the Sale.

18.     The Plan proposes that holders of Other Secured Claims will receive a 100% recovery on their claims on or as reasonably practicable thereafter the effective date ("Effective Date") of the Plan. *See* Plan at 6, art. I, § C. The Plan also provides that the Debtors have 180 days after the Effective Date to challenge the validity, priority, or perfection of claims, including disputed Other Secured Claims. *See* Plan at 10, art. II, § A, ¶ 26. No challenge to Worley's Construction Lien has been commenced. Consequently, Worley anticipates a 100% recovery for its Construction Lien Claim and, therefore, does not support the dismissal of the Chapter 11 Cases.

## II.     Worley Objects To Dismissal Absent A Process For Adjudicating Disputed Claims.

19.     The Committee seeks dismissal of the Chapter 11 Cases without a process for resolving any disputes regarding claims to the Debtors' remaining cash. Through its Construction Lien Claim, Worley asserts a lien on the cash proceeds of the sale of Refining's real property. Refining disputes this. Indeed, Worley disputes all of the construction lien claims listed on its Schedule D. In calling for immediate dismissal of the Chapter 11 Cases, the Committee fails to provide a suggested process for resolving disputed claims prior to the distribution of the Debtors' remaining cash. Such a process is needed. Consequently, Worley further objects to the Committee's Dismissal Motion.

## CONCLUSION

20.     For the foregoing reasons, Worley requests that the Court deny the Dismissal Motion.

Dated: April 1, 2022                    Respectfully submitted,

                                        **JONES WALKER LLP**

                                        */s/ John W. Mills*
                                        John W. Mills (SDTX No. 379871)
                                        1360 Peachtree Street NE, Suite 1030
                                        Atlanta, Georgia 30309
                                        Tel:    404-870-7517
                                        Fax:    404-870-7501
                                        Email: jmills@joneswalker.com

                                        -and-

                                        Gabrielle A. Ramirez (Texas Bar No. 24116937)
                                        811 Main Street, Suite 2900
                                        Houston, Texas 77002
                                        Tel:    713-437-1800
                                        Fax:    713-437-1810
                                        Email: gramirez@joneswalker.com

                                        ***Counsel to Worley Pan-American Corporation***
                                        ***f/k/a Jacobs Pan-American Corporation***

<u>**CERTIFICATE OF SERVICE**</u>

    I certify that, on April 1, 2022, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in this case.

                                        */s/ Gabrielle A. Ramirez*
                                        Gabrielle A. Ramirez