IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | CASE NO.: 21-32351 (DRJ) |
| Debtors. | (Jointly Administered) |

**DEBTORS' RESPONSE TO *SUA SPONTE* ORDER TO SHOW CAUSE
RE: CONVERSION OF CHAPTER 11 CASES TO CASE UNDER
CHAPTER 7 OF THE BANKRUPTCY CODE**

Limetree Bay Services, LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this response (the "**Response**") to the order to show why the Chapter 11 Cases should not be converted to cases under chapter 7 of the Bankruptcy Code (defined below) [*See* Docket No. 1237] (the "**Order to Show Cause**"). In support thereof, the Debtors respectfully submit as follows:

**Background**

1. On July 12, 2021 (the "**Petition Date**"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**")—thereby commencing the Chapter 11 Cases. On July 13, 2021, the Bankruptcy Court entered an order jointly administering the Chapter 11 Cases under *In re Limetree Bay Services, LLC*, Case No. 21-32351 (DRJ). *See* Docket No. 20. On or about July 26, 2021, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

in the Chapter 11 Cases. *See* Docket No. 189. The Debtors continue to manage their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.   On December 21, 2021, the Court approved the sale (the "**Sale**") of substantially all assets of the bankruptcy estates (collectively, the "**Estates**") pursuant to the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 977] (as amended and supplemented, the "**Sale Order**").[2] The Debtors and Purchaser (as defined in the Sale Order) closed the Sale and consummated the transactions provided therein pursuant to and in accordance with the Sale Order on January 21, 2022.

3.   Thereafter, the Debtors entered into a stipulation (as amended, the "**Cash Collateral Stipulation**") with the Prepetition Secured Parties (as defined in the Sale Order) to authorize the continued use of cash collateral while the Debtors worked with the principal interested parties in the Chapter 11 Cases, including the Committee and Prepetition Secured Parties, to devise the most advantageous exit strategy for the Debtors. To that end, the Debtors, Committee and Prepetition Secured Parties engaged in extensive discussions regarding potential exit strategies and the proposed administration of the remaining assets of the Estates, including, without limitation, the Avoidance Actions (as defined in the Plan (defined below)). While the parties agreed upon or were able to resolve issues with respect to the vast majority of terms for a

---

[2] St. Croix Energy LLLP and Berry Contracting LP, d/b/a Bay, Ltd (together, the "**Appellants**") filed appeals from the Sale Order and Auction Reopening Order (as defined in the Sale Order) to the United States District Court for the Southern District of Texas (collectively, the "**Appeals**"). The Debtors and Appellants have negotiated a settlement of the Appeals and, at present, are finalizing the settlement agreements (the "**Settlements**"). Once executed, the Debtors shall file motions to approve the Settlements and, upon approval, the Appeals shall be dismissed with prejudice.

consensual plan of liquidation, the parties were unable to resolve certain key issues, including, without limitation, the proposed disposition of potential Avoidance Actions with respect to creditors rendering services to the Debtors following the Petition Date.

4. Accordingly, on March 18, 2022, the Debtors filed the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* [Docket No. 1204] (as applicable, the "**Disclosure Statement**" or "**Plan**"). Thereafter, on March 22, 2022, the Committee filed the *Official Committee of Unsecured Creditors' Emergency Motion for Entry of an Order Dismissing the Chapter 11 Cases and Granting Related Relief* [Docket No. 1212] (the "**Committee Motion to Dismiss**"). Notwithstanding, the Debtors, Committee and Prepetition Secured Parties continued working together in a good faith effort to resolve the remaining disputes with respect to the Plan and proposed a consensual plan of liquidation.

5. On March 30, 2022, the Court issued the Order to Show Cause *sua sponte*.

6. The Debtors, Committee and Prepetition Secured Parties have resolved all material or monetary disputes with respect to the Plan, subject to documentation. In sum, the revisions to the Plan serve the dual objectives of (a) minimizing administrative expenses of the Estates and Liquidating Trust (as defined in the Plan) while (b) maximizing recoveries for the Beneficiaries (as defined in the Plan) of the Liquidating Trust. In particular, the resolution entails the following alterations to the Plan:

  a. The Plan shall be modified so that Avoidance Actions against post-petition vendors will not be preserved;

  b. The Plan shall be modified so that Avoidance Actions with potential exposure (after accounting for known defenses) of less than $100,000.00 against vendors of the Debtors will not be preserved;

  c. The Plan shall be modified to require the Prepetition Secured Parties (or any other parties entitled to such claims) to either (i) obtain final Court approval

<blockquote>

<blockquote>

of any superpriority administrative claims permitted under the Final DIP Order (as defined in the Plan) prior to the Effective Date (as defined in the Plan) or (ii) waive and release any such superpriority administrative claims against the Estates and their assets, including, without limitation, the Available Sale Proceeds; and

</blockquote>

d.  With respect to the Debtors', the Liquidating Trust's, the Liquidating Trustee's, and/or their assignees' pursuit of the Avoidance Actions, all demands, asserted claims, complaints and other efforts to collect Avoidance Actions will contain a written certification that the demanding and/or filing party, and its counsel, have complied with Section 547(b) of the Bankruptcy Code in asserting such demand or complaint.

</blockquote>

The parties are presently finalizing the terms of the revised consensual Plan, which the Debtors shall file, along with a redline comparison to the Plan, prior to the hearing regarding conditional approval of the Disclosure Statement (as amended), which is presently scheduled for April 5, 2022, at 1:00 p.m. (prevailing Central Time). Moreover, in light of the resolution and forthcoming consensual Plan, the Committee shall be withdrawing the Committee Motion to Dismiss.

**Response to Order to Show Cause**

7. The Debtors respectfully submit that the Plan, as modified by the aforementioned resolution, serves the best interests of the Estates and its creditors as the Plan (a) preserves the principal assets of the Estates, (b) preserves the administration of the Estates to date, including as much as possible of the $62 million sale of the Debtors' principal assets, (c) establishes a streamlined transition of the administration of the Debtors' assets to a Liquidating Trust, (d) provides for the efficient and cost-effective administration of the assets of the Estate by and through the Liquidating Trust, (e) provides for an equitable distribution of proceeds from the Liquidating Trust in accordance with applicable law and the orders of this Court, and (f) ensures the feasibility of the proposed liquidation by providing up to $1.25 million in initial funding and carve-outs for administrative expenses of the Liquidating Trust, which amounts shall be funded by the cash collateral of the Revolver Lenders (as defined in the Final DIP Order). Furthermore, as

modified, the Plan is supported by the principal interested parties of the Chapter 11 Cases, including the Committee and the Prepetition Secured Parties.

8.   Based on the foregoing, the Debtors respectfully request that the Court discharge the Order to Show Cause.

Dated: April 3, 2022

**BAKER & HOSTETLER LLP**

*/s/ Jorian L. Rose*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Facsimile:  407.841.0168
Email: egreen@bakerlaw.com
           jparrish@bakerlaw.com

**Jorian L. Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
Email: jrose@bakerlaw.com

**Michael T. Delaney, Esq.**
*Admitted Pro Hac Vice*
OH Bar No. 99790
Key Tower, 127 Public Sq.
Suite 2000
Cleveland, OH 44114
Telephone:  216.621.0200
Facsimile:  216.696.0740
Email: mdelaney@bakerlaw.com

*Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on April 3, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    */s/ Jorian L. Rose*
                                                    Jorian L. Rose

4892-7517-2634.1