

Kara E. Casteel, Esq.
Direct Line 651 289 3846 | kcasteel@askllp.com
2600 Eagan Woods Drive, Suite 400 | St. Paul, Minnesota | 55121
phone 651 406 9665 | fax 651 406 9676 | www.askllp.com

April 8, 2022

Hon. David. R. Jones
Chief Judge, United States Bankruptcy Court
Southern District of Texas
Courtroom 400, 515 Rusk Street
Houston, TX 77002

Re:   Limetree Bay Services, LLC, *et al.*, Case No. 21-32351-DRJ (Bank. Ct. S.D. Tex.)

Dear Judge Jones:

I write to you to address the comments made on the record April 5th, 2022, by Mr. Michael D. Warner of Pachulski Stang Ziehl & Jones LLP ("Pachulski"), counsel to the Official Committee of Unsecured Creditors, at a hearing in the Limetree Bay Services, LLC ("Limetree") case concerning our firm, ASK LLP ("ASK"). I reviewed the audio file made publicly available, and I was disturbed and disheartened to hear our firm's reputation, and our ethical and professional practices, publicly disparaged in such a manner. ASK submits this letter *not* to make arguments about which, if any, avoidance actions should be pursued in this matter, as that is left to the parties who have negotiated the same. Rather, this letter is intended to address comments made about our firm at a hearing for which we were not present and therefore not able to address in the moment. Irrespective of whether ASK will be retained in this matter, we have appeared before your Honor in other matters, and may do so in the future, and therefore felt it important to address and refute statements made about our firm.

Specifically, Mr. Warner stated:

> …our firm has massive history with collection entities that pursue avoidance actions. Entities such as ASK. ASK and others will send demand letters for the *full* amount of the transfers. They do that in the demand hoping to recover something beyond what the reasonable defenses have been applied and resulting in recoveries. We changed that. We want the demands to be clear. We want the demands to provide the 547 coverage, and we want it to be pursued only against the larger potential recoveries. That's the deal. The structure before the deal was offensive to the creditors. (*See* D.I. 1254, audio file 19:20-20:13).

At the outset, it is simply untrue that ASK sends demand letters for the full amount of the transfers. In the vast majority of cases, ASK sends demand letters on behalf of its clients offering a settlement discount *after* applying reasonably known subsequent new value amounts.[1] There are, of course, exceptions to this rule, and we have had cases where a settlement discount is made

---

[1] A review of the past 25 cases in which my firm has sent demand letters revealed that 20 of those cases had letters providing a settlement offer *after* subsequent new value was applied.

ask | ATTORNEYS AT LAW

April 8, 2022
Page 2

off the gross transfers. However, that decision is made after consultation with a client on a case-by-case basis as to whether the new value represented in invoices could have been provided on a date significantly earlier than the invoice date, such as when vendors are primarily service-based, there are lien/construction issues, or there are questions about the accuracy of the debtors' invoice data. Additionally, *all* demand letters sent out by ASK disclose that subsequent new value and ordinary course of business ("OCB") defenses are potentially available to vendors, and provide guidance on how to provide new value and OCB data to our firm so that we can evaluate the same. The picture painted by Mr. Warner is one of an unscrupulous law firm threatening vendors to extract payments based on their lack of legal knowledge of preferences, and one that could not be further from the truth.

As Mr. Warner indicated to the Court, Pachulski has a "massive history" with ASK, and has therefore had access to our demand letters providing just this information. In fact, ASK has been co-counsel with Pachulski in several cases where we both worked on recovering preferences. In those cases, and certainly where his firm has defended preference actions filed by our clients, the firm was aware of the fair and thorough approach to recognizing defenses undertaken by ASK.

In every matter for which ASK prosecutes preferences, we perform an exhaustive amount of due diligence behind the scenes to screen debtors' payment data prior to sending demand letters to remove cases for which recovery is either unviable or not advisable. That due diligence continues prior to filing suit, where the determination is often made not to pursue vendors that received a demand letter. Our firm takes our professional and ethical responsibilities very seriously and has done so well before the 2019 amendments.[2] These amendments have seemingly invited other professionals to take shots at ASK's professionalism in the name of "zealous advocacy," and frankly it has grown tiresome.

To the extent your Honor has any questions concerning the foregoing, I and my firm are available at your convenience to address the same.

Very truly yours,

ASK LLP

*Kara E. Casteel*

Kara E. Casteel

---

[2] *See* the Small Business Reorganization Act of 2019 ("SBRA"), Pub. L. No. 116-54.