## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | CASE NO.: 21-32351 (DRJ) |
| Debtors. | (Jointly Administered) |

### DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER
### (I) AUTHORIZING AND APPROVING THE SETTLEMENT BY AND BETWEEN
### DEBTORS AND LIMETREE BAY TERMINALS HOLDINGS, LLC, LIMETREE BAY
### TERMINAL HOLDINGS II, LLC, LIMETREE BAY CAYMAN, LTD., LIMETREE BAY
### TERMINALS, LLC, AND LIMETREE BAY FINANCING, LLC, AND
### (II) GRANTING RELATED RELIEF

**A hearing will be conducted on this matter on May 18, 2022, at 11:00a.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk St., Houston, Texas 77002. You may participate in the hearing by audio/video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**If you object to the relief requested, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

**Relief is requested not later than May 18, 2022.**

Limetree Bay Services, LLC and its debtor affiliates (collectively, the "**Debtors**"), as debtors and debtors-in-possession in the above-captioned, jointly administered chapter 11 cases (the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**").

## Relief Requested

1.     By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), (i) approving the Settlement by and between the Debtors and Limetree Bay Terminals Holdings, LLC, Limetree Bay Terminal Holdings II, LLC, Limetree Bay Cayman, Ltd., Limetree Bay Terminals, LLC and Limetree Bay Financing, LLC (collectively, the "**Terminal Entities**") as provided herein ("**Settlement**") and (ii) granting related relief.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     The bases for the relief requested herein are Sections 105(a) and 363(b) of the title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Bankruptcy

Rule 9019, and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

**Background[2]**

4.      On July 12, 2021 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") in the Bankruptcy Court—thereby commencing the Chapter 11 Cases.[3]  On or about July 26, 2021, the United States Trustee appointed an Official Committee of Unsecured Creditors in these Chapter 11 Cases.  *See* Docket No. 189.  The Debtors continue to manage their businesses as debtors in possession pursuant to Sections 1107(a) and 1108.

5.      The Debtors owned and operated an oil refinery (the "**Refinery**") located on the island of St. Croix in the United States Virgin Islands ("**USVI**").  The Refinery is part of a 2,000-acre industrial complex located on the southern coast of St. Croix comprised of (a) the Refinery and (b) an oil storage facility (or terminal) and docks (the "**Terminal**") owned and operated by the Terminal Entities who are non-debtor affiliates of the Debtors.

6.      The Debtors and the Terminal Entities acquired the Refinery and Terminal, respectively, in or about December 2015.

7.      In connection with the Refinery and Terminal operations, Debtors Limetree Bay Refining, LLC ("**LBR**") and Limetree Bay Refining Marketing, LLC ("**LBRM**") entered into a series agreements with one of the Terminal Entities, Limetree Bay Terminals, LLC ("**LBT**"), regarding the use and occupancy of the Limetree Bay facility and business dealings between the

---

[2] Although each of the Terminal Entities supports the proposed Settlement and relief requested in this Motion, the recitation of facts and arguments contained herein are statements of the Debtors only and the Terminal Entities reserve their rights with respect to same.

[3] On July 13, 2021, the Bankruptcy Court entered an order jointly administering the Chapter 11 Cases under *In re Limetree Bay Services, LLC*, Case No. 21-32351 (DRJ).  *See* Docket No. 20.

Refinery and the Terminal, including without limitation, the Shared Services Systems Agreement dated as of November 30, 2018 (as amended and supplemented, the "**Shared Services Agreement**"). The Shared Services Agreement provides, in pertinent part, that the Debtors and the Terminal Entities authorize each other, subject to certain restrictions to avoid business interruption, to access and use the properties and facilities of the other for purposes of conducting the parties' respective business operations. The Shared Services Agreement further provides that the Debtors and the Terminal Entities share certain services (e.g. water, power, wastewater, etc.), facilities (e.g. on-site office space, employee housing, parking lots, etc.), employees, and insurance coverage, and allocate the costs of such services and facilities between the Debtors and the Terminal Entities.

8. In addition, LBRM, LBT, and third party J. Aron & Company entered into a Terminal Services Agreement (Included Locations), effective as of March 3, 2020, pursuant to which LBT agreed to store and facilitate the delivery and transportation of certain hydrocarbons in certain identified tanks ("**Tanks**") and pipelines ("**Pipelines**") at the terminal owned by LBT and provide other related services (**Terminal Services Agreement Included Locations**") and LBRM and LBT entered into a Terminal Services Agreement (Not Included Locations), effective as of March 3, 2020, pursuant to which LBT agreed to store and facilitate the delivery and transportation of certain hydrocarbons in the Tanks and the Pipelines and provide other related services (**Terminal Services Agreement Not Included Locations**") (together with the Terminal Services Agreement Included Locations, the "**Terminal Services Agreements**").

9. After the Petition Date, a dispute arose between the Debtors and the Terminal Entities as to the amounts owed in connection with the Terminal Services Agreements and the Shared Services Agreement.

10.     On July 27, 2021, the Debtors filed two separate motions to reject the Terminal Services Agreements (collectively, the "**Motions to Reject**").

11.     On August 18, 2021, the Terminal Entities filed their Motion to Allow and Compel Payment of Administrative Expenses in the amount of $7,826,641.61 in connection with various amounts they alleged were owed by the Debtors under the Terminal Services Agreements and the Shared Services Agreement (Doc. No. 435) ("**Initial Terminal Entities' Administrative Claim**").

12.     Thereafter, the Debtors and the Terminal Entities agreed to continue hearings on the Motions to Reject and the Initial Terminal Entities' Administrative Claim to allow the Debtors to focus efforts on a sale of the Refinery.

13.     Following the successful sale of the Refinery, the Debtors filed their Combined Disclosure Statement and Chapter 11 Plan of Liquidation on April 4, 2022 (Doc No. 1252) ("**Plan and Disclosure Statement**").  On April 6, 2022, the Court entered the Order Granting Debtors' Emergency Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (III) Approving the Form of Various Ballots and Notices in Connection therewith; and (iv) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan (Docket No. 1261) (the "**Disclosure Statement Order**"), which conditionally approved the Debtors' Disclosure Statement and set certain dates and deadlines related to confirmation of the Debtors' proposed plan.  On April 14, 2022, the Debtors filed the solicitation version of the Combined Disclosure Statement and Chapter 11 of Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors (Docket No. 1273) (the "**Plan of Liquidation**").

14.     On May 5, 2022, the Terminal Entities filed their Supplemental Motion for Allowance and Payment of Administrative Expenses (Doc. No. 1358) ("**Supplemental Administrative Expense Claim**") (together with the Initial Terminal Entities' Administrative Claim, the "**Administrative Expense Claim**").

15.     The Terminal Entities notified the Debtors of their informal objection to the Plan ("**Terminal Entities' Objection**") and Disclosure Statement, and the Debtors granted an extension to the Terminal Entities to file a formal objection while the parties conferred in an effort to resolve the Administrative Claim and the Terminal Entities' Objection.

16.     Ultimately, the Debtors and the Terminal Entities were able to reach an agreement that resolves the Administrative Claim and the Terminal Entities' Objection.

17.     The Debtors and the Terminal Entities (collectively, the "**Parties**") desire to settle all outstanding disputes including those disputes related to the Motions to Reject, the Administrative Claim, the Plan of Liquidation, and the Terminal Entities Objection, to, *inter alia,* avoid the delay, uncertainty, inconvenience and expense of litigation associated with such matters under the terms provided below.

**<u>The Proposed Settlement</u>**

18.     The terms of the settlement between the parties are as follows:

(i)     In full and complete satisfaction of the Terminal Entities prepetition claim and the Administrative Claim, the Debtors shall pay Limetree Bay Terminals, LLC $1,600,000.00 (the "**Settlement Payment**").  The Settlement Payment will be paid upon Bankruptcy Court approval of the proposed settlement and on the Effective Date of the Plan;

    (ii)    The Debtors will add the language provided in **Exhibit "A"** to any order confirming the Debtors' Plan of Liquidation ("**Confirmation Language**");

    (iii)    the Parties will exchange mutual general releases for any and all claims with the exception of a rejection damages claim as provided in the Confirmation Language;

    (iv)    the Terminal Entities will support the Debtors' Plan of Liquidation and will submits votes accepting the Plan of Liquidation, but, for the avoidance of doubt, will not be bound or subject to any third-party releases in the Plan.

## <u>Basis for Relief</u>

**A.**    **Consummating the Settlement is a Sound Exercise of the Debtors' Business Judgment.**

19.    It is well-established in this jurisdiction that a debtor may use property of the estate outside the ordinary course of business under Section 363(b)(1) of the Bankruptcy Code if there is a good business reason for doing so. *See, e.g.*, *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); 441 B.R. 813, 830 (Bankr. S.D. Tex. 2010); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Filene's Basement, LLC*, No. 11-13511 (KJC) (Bankr. D. Del. Apr. 29, 2014) (stating that, under the business judgment standard, once the debtor presents "a reasonable basis for its business decisions…courts will generally not entertain objections to the debtor's conduct").

20.     The Debtors respectfully submit that the Settlement represents a fair and reasonable compromise that is in the best interest of the Debtors', their estates, their creditors, and all parties in interest. The Settlement resolves significant and complex disputes with the Terminal Entities—the resolution of which are crucial to the effective and efficient administration of the Chapter 11 Cases.  In addition, the Settlement is the result of extensive arms-length negotiations among the Parties.  If approved by the Court, the Settlement will allow the Parties to avoid costly, time-consuming, and distracting litigation and, in so doing, remove a substantial obstacle to confirmation of the Debtors' Plan of Liquidation.

21.     Accordingly, the Debtors respectfully request that the Court enter the Proposed Order and authorize the Debtors to enter into the Settlement which a reasonable exercise of their business judgment and in the best interest of their bankruptcy estates.

**B.     The Settlement Satisfies the Standards of Bankruptcy Rule 9019 and Should be Approved.**

22.     Bankruptcy Rule 9019(a) provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, … and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

23.     Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See in re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, "approval of a compromise is within the sound discretion of the bankruptcy court." *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *Jackson Brewing*, 624 F.2d at 602–03.

24. In *Jackson Brewing*, the United States Court of Appeals for the Fifth Circuit set forth a three-factor balancing test under which bankruptcy courts are to analyze proposed settlements. The factors the Court must consider are: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *See Age Ref. Inc.*, 801 F.3d at 540 (internal citations omitted).

25. Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Id.*; *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

26. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

27. Based on the foregoing considerations, the Debtors respectfully submit that the Settlement represents a fair and reasonable compromise that is in the best interest of the Debtors, their estates, their creditors, and all parties in interest. The Debtors have determined in their reasonable business judgment that the benefits of the settlement outweigh their costs after evaluating and considering the probability of success in litigating the Parties' disputes, the

potential consequences to the Debtors and their Estates if the Debtors are not successful in defeating the Administrative Expense Claim and the Terminal Entities' Objection, the complexity and likely duration of litigation, related expenses and inconvenience, and all other factors bearing on the wisdom of the compromise, including the interests of the creditors and the extent to which the settlement is the product of an arms-length negotiation.

28.     The Debtors satisfy these standards with respect to the Settlement. The first two factors of the *Jackson Brewing* balancing test, taken together, suggest that the Settlement is fair, reasonable, and in the best interests of the Debtors, their estates, their creditors, and all parties in interest. Indeed, success in litigation is not guaranteed; moreover, any such litigation, without this settlement and compromise, would necessarily take a significant amount of time to litigate and result in the unnecessary expenditure of expenses, which the Debtors can ill-afford.  Moreover, if the Debtors did litigate and were unsuccessful, they could face an administrative claim of almost $15 million dollars which by itself could jeopardize confirmation.  In contrast, the settlement provides certainty in the amount of the Administrative Expense Claim and removes a significant obstacle to confirmation of the Debtors' Plan of Liquidation.

29.     The Settlement meets other factors that bear on approval of the compromise, as it benefits the creditors' interests and is truly the product of arms-length bargaining.  From the creditors' perspective, this Settlement eliminates over $13 million dollars in potential administrative claims and paves the way for confirmation of the Plan of Liquidation which benefits all creditors.

30.     Under the circumstances, the Settlement is clearly in the best interest of the Debtors' estates and the Debtors respectfully request that the Court approve the Settlement.

**Waiver of Bankruptcy Rule 6004(h) Stay**

31.     Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons discussed above, the Debtors request that the Court waive the 14-day stay under Bankruptcy Rule 6004(h) and order that the relief requested herein take immediate effect.

**Request for Emergency Relief**

32.     The Debtors respectfully submit that emergency consideration of this Motion is warranted as the Settlement resolves significant issues to the proposed confirmation of the Debtors' Plan of Liquidation currently scheduled for May 18, 2022.

**Notice**

33.     Notice of this Motion will be provided to the Master Service List, including: (a) the U.S. Trustee; (b) all secured creditors; (c) the Offices of the Attorney General of the State of Texas and the United States Virgin Islands; (d) the thirty (30) largest consolidated unsecured creditors for the Debtors; (e) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; (f) the Debtors' identified, interested government and regulatory entities; (g) other interested parties as identified by the Debtors; (h) the Committee members and their counsel, if known; (i) counsel to the Committee; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The method of service for each party will be described more fully in the certificate of service prepared by the Debtors' claims and noticing agent. The Debtors submit that no other or further notice is required.

## No Prior Request

34.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the Motion and granting all other relief that is appropriate under the circumstances.

Dated: May 16, 2022

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: egreen@bakerlaw.com

**Jorian Rose, Esq.**
*Admitted Pro Hac Vice*
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jrose@bakerlaw.com

**Michael T. Delaney, Esq.**
*Admitted Pro Hac Vice*
OH Bar No. 99790
Key Tower, 127 Public Square
Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
Email: mdelaney@bakerlaw.com

*Counsel for the Debtors and Debtors in Possession*

## **Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Elizabeth A. Green*
Elizabeth A. Green


## **Certificate of Service**

I certify that on May 16, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Elizabeth A. Green*
Elizabeth A. Green