United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 18, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LIMETREE BAY SERVICES, LLC, *et al.*,[1] | CASE NO.: 21-32351 (DRJ) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF ORDER
(I) GRANTING RELIEF FROM THE AUTOMATIC STAY AND (II) APPROVING
<u>ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT</u>**
(Docket No. 1414)

Upon motion ("**Motion**")[2] of the debtors and debtors in possession herein (collectively, the "**Debtors**") for entry of an order (this "**Order**") granting the USVI limited relief from the automatic stay, (ii) approving the assumption by the Debtors and assignment to the Port Hamilton Refining and Transportation, LLLP (the "**Purchaser**") of that certain Refinery Operating Agreement dated July 2, 2018 by and between Limetree Bay Refining, LLC and the United States Virgin Islands (the "**USVI Operating Agreement**"), a copy of which is attached to the Motion as <u>Exhibit B</u>, and (iii) granting related relief set forth herein; and the Court having jurisdiction to consider the Motion and the and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to all required parties and it appearing that no further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The automatic stay of section 362 of the Bankruptcy Code is hereby modified to allow USVI to issue default notices for the September Payment and December Payment under the USVI Operating Agreement. Based on the foregoing modification of the automatic stay, the USVI may issue the Proposed Certificates seeking to draw on the Letter of Credit for the Operating Agreement Payments, including, without limitation, certificates in the form attached to the Motion as <u>Exhibit E</u>.

3. The USVI Operating Agreement shall be assumed and assigned from the Debtors, as applicable to the Purchaser, or any other USVI entity as identified by Purchaser to act as assignee, effective as of receipt by the USVI of funds from the first draw on the Letter of Credit, pursuant to Section 365 of the Bankruptcy Code; *provided, however*, upon the filing of a Notice of Nonpayment, the assumption and assignment of the USVI Operating Agreement shall be deemed void *ab initio* and the USVI Operating Agreement shall be deemed rejected as of the effective date of any confirmed chapter 11 plan; *provided, further*, that any Notice of Nonpayment must be served by December 31, 2022; *provided, however*, that a Notice of Nonpayment will not be served until the earlier of (i) December 15, 2022 or (ii) the exhaustion of all good faith efforts by the USVI to draw on the Letter of Credit, including litigation to receive payment in full of the Cure Amount. In no event shall the Debtors, their bankruptcy estates, or any liquidating trust established by the Debtors (the "**Liquidating Trust**") be obligated to pay or be subject to any

litigation seeking to recover or compel payment of any "cure" payments associated with the assumption or assignment of the USVI Operating Agreement.

4.   The USVI acknowledges and agrees that the right to seek payment from the Letter of Credit is the sole recourse for any "cure" payments due in connection with the assumption and assignment to Purchaser of the USVI Operating Agreement. The Debtors, the Purchaser, and West Indies Petroleum Limited are not and shall not be deemed to have guaranteed payment of any "cure" amounts or the ability, if any, for the USVI to draw on the Letter of Credit in satisfaction of any Cure Amount or other obligations in connection with the assumption and assignment to Purchaser of the USVI Operating Agreement. The Debtors are not assuming any responsibility for the payment of any Cure Amount or other obligations in connection with the assumption and assignment to Purchaser of the USVI Operating Agreement; *provided, further,* that Purchaser and West Indies Petroleum Limited are not committing to pay any such "cure" obligations. The Purchaser, West Indies Petroleum Limited, and the Debtors shall not assume any liability for the Payment Defaults, the Cure Amount, or any amounts required to cure existing defaults under the USVI Operating Agreement.

5.   Upon entry of this Order, the USVI shall be deemed to have waived any and all administrative or secured claims against the Debtors and their respective estates arising under or related to the USVI Operating Agreement or any of the obligations thereunder, including, without limitation, any claim for payment of the Operating Agreement Payments or associated obligations, any claim(s) asserted under proof of claim number 1535 filed by the USVI in the Chapter 11 Cases, and any administrative priority claims against the Debtors or their respective estates. USVI's waiver of administrative and secured claims against the Debtors and their respective estates shall

be binding and irrevocable regardless of whether the USVI Operating Agreement is ultimately assumed and assigned to Purchaser or rejected.

6.  Upon Refinery Restart, the Purchaser must obtain new Financial Assurance in accordance with Section 8.5(B) of the USVI Operating Agreement.

7.  The Debtors are authorized and empowered to enter into and take any and all actions necessary to carry out and effectuate the terms, conditions and provisions of this Order.

8.  The fourteen (14) day stay of effectiveness imposed by Bankruptcy Rule 6004(h) is hereby waived and the relief granted herein shall take effect immediately upon entry of this Order.

9.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Signed: May 18, 2022.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE