United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **LIMETREE BAY SERVICES, LLC, *et al.*,**[1] | **CASE NO.: 21-32351 (DRJ)** |
| **Debtors.** | **(Jointly Administered)** |

**ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT BY AND BETWEEN DEBTORS AND LIMETREE BAY TERMINALS HOLDINGS, LLC, LIMETREE BAY TERMINAL HOLDINGS II, LLC, LIMETREE BAY CAYMAN, LTD., LIMETREE BAY TERMINALS, LLC, AND LIMETREE BAY FINANCING, LLC AND (II) GRANTING RELATED RELIEF** (Docket No. 1405)

Upon motion ("**Motion**") of the debtors and debtors in possession herein (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the settlement (the "**Settlement**") by and among the Debtors, as debtors and debtors in possession, on behalf of themselves and their bankruptcy estates, and Limetree Bay Terminals Holdings, LLC, Limetree Bay Terminals Holdings II, LLC, Limetree Bay Cayman, Ltd., Limetree Bay Terminals, LLC, and Limetree Bay Financing, LLC (collectively, the "**Terminal Entities**"); and this Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order on the Motion consistent with Article III of the United States Constitution; and the Debtors having provided adequate notice under the circumstances and no other or further

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

notice being needed; and a reasonable opportunity to object or be heard regarding the relief granted herein having been afforded pursuant to Bankruptcy Rule 6004(a); and upon the record of the hearing, and all proceedings had before this Court; and this Court having found that the relief granted hereby is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and the legal and factual bases set forth in the Motion and during the hearing on the Motion establishing just cause for the relief granted hereby; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled on the merits; after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Settlement as set forth in the Motion between the Debtors and the Terminal Entities is approved in its entirety pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 and its terms are incorporated fully herein as an order of this Court.

3. The confirmation language, as revised by the Debtors and the Terminal Entities, is attached hereto as **Exhibit A** to this Order and shall be incorporated into any order confirming the Debtors proposed Plan of Liquidation.

4. The Debtors are authorized and empowered to enter into and take any and all actions necessary to carry out and effectuate the terms, conditions and provisions of the Settlement and this Order

5. The fourteen (14) day stay of effectiveness imposed by Bankruptcy Rule 6004(h) is hereby waived and the relief granted herein shall take effect immediately upon entry of this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

**Signed: May 20, 2022.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# **Exhibit A**

**Payment of Settlement Payment.** On the Effective Date, and as a condition to occurrence of the Effective Date, the Debtors shall pay $1.6 million in Cash to Limetree Bay Terminals, LLC in full and complete satisfaction of the prepetition and postpetition claims of the Terminal Entities[1] against the Debtors (other than any claims for rejection damages, which shall be treated in accordance with this paragraph 16 as set forth below). For the avoidance of doubt, such condition to the Effective Date may not be waived without the consent of the Terminal Entities.

**Terminal Entities' Rights under Insurance Policies.** Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents or this Confirmation Order, including, without limitation, the transfer of Causes of Action to the Liquidating Trust, shall impact or alter any rights of the Terminal Entities under any Insurance Policies or to the proceeds thereof and all rights of the Terminal Entities with respect to the Insurance Policies and proceeds thereof, including, without limitation, the Terminal Entities' rights under Insurance Policies pursuant to which the Terminal Entities are an insured party, named insured, additional insured, or beneficiary, are expressly reserved and preserved. Notwithstanding anything in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order, no powers or rights transferred to the Liquidating Trustee under the Plan shall impact or alter the rights of the Terminal Entities under any Insurance Policies or impact or alter the rights of the Terminal Entities with respect to the proceeds of any Insurance Policies. The transfer of Causes of Action to the Liquidating Trust shall not impact or alter any Causes of Action, defenses, rights, or claims of the Terminal Entities against any party. Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order, including, without limitation, the transfer of Causes of Action to the Liquidating Trust, shall constitute an assignment of any rights of the Terminal Entities under the Insurance Policies. Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order, including, without limitation, the transfer of Causes of Action to the Liquidating Trust, shall modify any of the rights or obligations set forth in the Insurance Policies as it relates to the Terminal Entities. To the extent the Debtors, Liquidating Trustee or Liquidating Trust become aware of any judgment against or settlement to be paid out under the Insurance Policies, the Debtors, Liquidating Trustee or Liquidating Trust, as applicable, shall notify the Terminal Entities of such judgment or settlement.

**Cooperation with Respect to Mediation**. The Debtors are engaged in a mediation (the "**Mediation**") in the adversary proceeding styled *Limetree Bay Refining, LLC v. Cotton, et al. (In re Limetree Bay Services, LLC)*, No. 21-03791 (Bankr. S.D. Tex.) (the "**Adversary**") before the Honorable Marvin Isgur (the "**Mediator**"), concerning claims arising from the putative class action lawsuits styled *Cotton v. Limetree Bay Ventures, LLC*, Case No. 1:21-cv-00261 (D.V.I.) (the "**Cotton Action**"), *Shirley v. Limetree Bay Ventures LLC*, Case No. 1:21-cv-00259 (D.V.I.) (the "**Shirley Action**"), *Boynes v. Limetree Bay Ventures, LLC*, Case No. 1:21-cv-00253 (D.V.I.) (the "**Boynes Action**"), and *Charles v. Limetree Bay Ventures, LLC*, Case No. 1:21-cv-00260 (D.V.I) (the "**Charles Action**," and collectively

[1] The term "Terminal Entities" as used herein and in the Plan shall mean, collectively or individually, (i) Limetree Bay Terminals Holdings, LLC; (ii) Limetree Bay Terminals Holdings II, LLC; (iii) Limetree bay Cayman, Ltd.; (iv) Limetree Bay Terminals, LLC; and (v) Limetree Bay Financing, LLC.

with the Cotton Action, Shirley Action, and Boynes Action, the "**Putative Class Actions**"). Unless doing so would require the Liquidating Trustee or the Liquidating Trust to incur any costs that the Liquidating Trustee will be obligated to pay from the Liquidating Trust Assets, the Liquidating Trustee shall continue to participate in the Mediation on behalf of the Debtors or the Liquidating Trust to the extent necessary for the Bankruptcy Court to retain jurisdiction over the Adversary and Mediation and to the extent necessary for purposes of claims being made with respect to the applicable Insurance Policies, including, without limitation, cooperating in the submission of claims under the Insurance Policies relating to the Putative Class Actions, providing documents and responding to discovery, if necessary, in the Mediation and Putative Class Actions, provided that nothing in this paragraph shall excuse the Liquidating Trust or Liquidating Trustee from responding to formal discovery requests served on the Liquidating Trust or Liquidating Trustee in accordance with applicable law.

**Permits and Shared Authorizations**. Notwithstanding anything to the contrary in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order, any transfer of permits to the Refinery Transition Entity is limited to the retention of any rights of the Debtors under such permits and shall not transfer, alter or impact the rights of the Terminal Entities under any permits, all of which rights of the Terminal Entities are expressly reserved and preserved. The retention of permits by the Transition Refinery Entity and use of such permits remains subject to compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order imposes any obligation of the Purchaser, Transition Refinery Entity, or the Debtors to comply with applicable regulatory or governmental laws or authorities on the Terminal Entities.

**Rejection of Agreements between the Debtors and Terminal Entities**. On the Effective Date, all Executory Contracts between any of the Terminal Entities and any of the Debtors, including, without limitation, that certain Shared Services Systems Agreement dated November 30, 2018 by and among Limetree Bay Terminals, LLC, Limetree Bay Refining, LLC and Limetree Bay Refining Marketing, LLC (the "**SSSA**") shall be rejected, and any rights or claims of the Terminal Entities against any party under the SSSA or any other rejected contracts that survive rejection are expressly reserved and preserved, with any such potential claims against the Debtors being treated as a General Unsecured Claim. Nothing in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order obligates or requires, or shall be deemed to obligate or require, the Terminal Entities or Purchaser to provide any services or goods, including, without limitation, employees, fuel or power to the Terminal Entities or Purchaser, as the case may be.

**Release.** Notwithstanding anything to the contrary in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order, on the Effective Date, for good and valuable consideration, the Terminal Entities and each of their respective officers, directors, partners, employees, professionals and advisors (collectively, the "**Terminal Entities Released Parties**"), in each case solely in their capacity as such, on the one hand, and the Debtors (on behalf of themselves, the Debtors' Estates, the

Transition Refinery Entity, the Liquidating Trustee and the Liquidating Trust), on the other hand, release and discharge each other and the Debtors' Estates, the Transition Refinery Entity, the Liquidating Trustee, and the Liquidating Trust (as applicable) from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of each other, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity contract, tort, or otherwise, including any derivative claims, asserted or that could be asserted on behalf of the other), that such Person or its estates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other person claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Equity Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their Estates, the Transition Refinery Entity, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the Terminal Entities Released Parties, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Transition Refinery Entity, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Terminal Entities Released Parties, the restructuring of any Claim or Equity Interest before or during the Chapter 11 Cases, or any restructuring, contract, instrument, document, release, or other agreement or document created or entered into in connection with the Plan Documents and any related agreements, instruments, and other documents, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documentation, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, any rights or claims of the Terminal Entities against any party under the SSSA or any other rejected Executory Contracts that survive rejection are expressly reserved and preserved, with any such potential claims against the Debtors being treated as a General Unsecured Claim. For the avoidance doubt, the Terminal Entities are not subject to or bound by any third-party release provisions contained in the Plan, including, without limitation, Article XIV.B of the Plan and the Terminal Entities shall not be considered affiliates of the Debtors for purposes of any release or other provisions under the Plan. For the further avoidance of doubt, the releases in this paragraph are only applicable to acts, omissions or other occurrences taking place on or before the Effective Date but not acts, omissions or other occurrences taking place after the Effective Date, and the rights of the parties to enforce the provisions of the Confirmation Order and Plan are not subject to the releases in this paragraph.

For the avoidance of doubt and notwithstanding anything contained herein, any claims of the Putative Class Members against the Terminal Entities Released Parties are not released and remain in full force and effect and the Terminal Entities Released Parties reserve all rights and defenses against the Putative Class Members with respect to any such claims.

**Liquidating Trust Assets.** Notwithstanding anything to the contrary in the Plan, Plan Supplement, Administrative Claim Settlements, Plan Documents, or this Confirmation Order, the defined term "Liquidating Trust Assets" in the Plan shall not include any claim or Cause of Action against the Terminal Entities Released Parties, and no such claim or Cause of Action shall vest in, be transferred to or be pursued by the Liquidating Trust or its representatives.

The rights of the Purchaser under the Sale Order are preserved, including without limitation the Purchaser's rights under Paragraph 22 of the Sale Order, and nothing in the settlement with the Terminal Entities (see Doc. No. 1405 (the "**Terminal Settlement Motion**") and the order approving the Terminal Settlement Motion), the Plan, the Plan Supplement, the Plan Documents, the Administrative Claim Settlements, or this Confirmation Order shall impact any such rights. All rights of the Terminal Entities under the Sale Order are similarly preserved.