IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § CASE NO. 21-32351-11 |
| | § (JOINTLY ADMINISTERED) |
| LIMETREE BAY SERVICES, LLC, | § HOUSTON, TEXAS |
| ET AL, | § FRIDAY, |
| | § MAY 20, 2022 |
| DEBTORS. | § 9:30 A.M. TO 10:52 A.M. |

CONFIRMATION HEARING DAY TWO (VIA ZOOM)

BEFORE THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES: SEE NEXT PAGE

(Recorded via CourtSpeak)

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 ELDRIDGE ROAD, #144
SUGAR LAND, TEXAS 77478
(281) 277-5325 (office)
www.judicialtranscribers.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

APPEARANCES (VIA ZOOM):

| | |
|---|---|
| FOR THE DEBTORS, LIMETREE BAY SERVICES, LLC, ET AL.: | BAKERHOSTETLER<br>Elizabeth A. Green, Esq.<br>200 S. Orange Avenue<br>SunTrust Center, Suite 2300<br>Orlando, FL 32801<br>407-649-4000 |
| | BAKERHOSTETLER<br>David J. Richardson, Esq.<br>11601 Wilshire Blvd.<br>Suite 1400<br>Los Angeles, CA 90025<br>310-442-8858 |
| FOR LIMETREE BAY TERMINALS, LLC: | HUNTON ANDREWS KURTH, LLP<br>Joseph Peak Rovira, Esq.<br>600 Travis Street<br>Suite 4200<br>Houston, TX 77002<br>713-220-4609 |
| FOR PORT HAMILTON REFINING AND TRANSPORTATION, LLP, ET AL.: | BAST AMRON, LLP<br>Jaime B. Leggett, Esq.<br>1 SE Third Avenue<br>Suite 1400<br>Miami, FL 33131<br>305-379-7904 |
| FOR CERTAIN CLASS ACTION PLAINTIFFS: | NYE STIRLING HALE & MILLER, LLP<br>Joel M. Walker, Esq.<br>1145 Bower Hill Road<br>Suite 104<br>Pittsburgh, PA 15243<br>412-857-5350 |
| FOR IRONSHORE INDEMNITY, INC.: | DUANE MORRIS, LLP<br>Ron Oliner, Esq.<br>Spear Tower<br>One Market Plaza<br>Suite 2200<br>San Francisco, CA 94105<br>415-957-3104 |

**HOUSTON, TEXAS; FRIDAY, MAY 20, 2022; 9:30 A.M.**

THE COURT: Good morning everyone. This is Judge Jones. The time is 9:30 Central, today is May 20, 2022. This is the docket for Houston, Texas, although greetings to everyone from sunny Corpus Christi today.

On the 9:30 docket we have jointly-administered cases under Case Number 21-32351, Limetree Bay Services, LLC. Folks, please don't forget to record your electronic appearance. That's a quick trip to my website, a couple of mouse clicks. You can do that at any time prior to the conclusion of the hearing, but that is the way that we will record your appearance today.

The first time that you speak, if you would please state your name and who you represent. That really does give the court reporters a good point of reference when they are preparing the transcript. We are recording this morning using CourtSpeak and we'll have that audio up on the docket available for your download shortly after the conclusion of the hearing this morning.

All right. Ms. Green, are you starting us off this morning?

MS. GREEN: I am, Your Honor. Elizabeth Green on behalf of the Debtors.

THE COURT: Good morning.

MS. GREEN: Good morning. So as you know, we're

here because we had some changes to the confirmation order. We submitted the confirmation order to the Court last night. I believe that there's sign-off on all of the language in the confirmation order by all parties, except for the language related to SAP, which you will recall is the cloud host of the Debtors' information.

The purchaser has been talking with SAP trying to work out language, and of course when you push out one place in this case, it comes out somewhere else, and so Terminals have to also look at that language to make sure that they're comfortable with it. That is the last outstanding issue in the order.

THE COURT: And so let me ask, is the order that was -- that was uploaded at 1434 has actually got more than just that one blank in it, so you're telling me there's another version that you have been able to reach accommodation on? One, that I'm thinking was specifically there was an additional language insert with respect to Mr. Walker's clients that was in that order. I just want to make -- is there another version that I need to be looking at?

MS. GREEN: I'm going to defer to Mr. Richardson on Mr. Walker's language --

THE COURT: Sure.

MS. GREEN: -- because he's been the one working on it.

THE COURT: Mr. Richardson.

MR. RICHARDSON: Good morning. Thank you, Your Honor. David Richardson on behalf of the Debtors. The parties came to agreement last night on two inserts. In Section 19A we are adding a paragraph that's already in the order three times confirming that nothing here in this paragraph releases their claims, whatnot, it's just a fourth time repeating that paragraph to confirm that 19A is not in conflict with that concept.

The issue that was discussed yesterday, the larger issue of bad faith claims, will be in a new section that is 19E. I could briefly describe it, or read the terms if Your Honor would like.

THE COURT: No, my comment was a different one. If you will -- so I'm looking at 1434 and that was what -- that's the last proposed order that I saw so that's the one I read last night and this morning. And if we look at Paragraph 19E, the last sentence in bold, which is intended to be a place holder and I got that, I just want to make sure that I'm looking at the right one, it says, Additional language under discussion between the Debtors and putative class action plaintiffs, which suggests to me --

MR. RICHARDSON: Your Honor --

THE COURT: -- something that -- more.

MR. RICHARDSON: Yes, that is the one additional

sentence we hadn't reached agreement on when this was filed last night. That simply confirms that if insurance claimants obtain a judgment on their claims and they are not able to obtain the consent of the Trustee to go after proceeds as 19A requires, they do have the right to come into court to petition the Court for relief. We can get the statement of the law, but it provides everybody with comfort.

THE COURT: I got that, I just -- so you're telling me there's another version of the confirmation order that I just haven't seen.

MR. RICHARDSON: Yes, Your Honor.

THE COURT: Okay. That's all -- that's all I was after. I wasn't trying to -- I wasn't trying to tweak the language or anything, I just wanted to make sure that I had the most current version.

And then, Ms. Green, let me ask you, I saw the reservations with respect to SAS and so let me ask you is -- have you all agreed upon a way of proceeding, are you looking for suggestions, what -- where are you in the process? And I'm not trying to insert myself, but I'm happy to if I need to.

MS. GREEN: So as I understand it the Debtors have agreed with the SAP language and the Trust has agreed with the SAP language. The issue is the purchaser of course got the Debtors' books and records under the sale order and is wanting

to make sure that they're able to access those, and that's the language we're working on.

THE COURT: Got it. So let me -- in terms of what we are going to do today or going forward do you want me to give you another place holder hearing for say Monday just in case, or -- I mean I know you need to get this order entered but I -- until we have the language on -- I can do this one of two ways. I can say, Here's a place holder, if you get this done, you know, happy to sign it over the weekend. I can also -- I can also make suggestions of how to deal with this. So it's totally up to you, I'm not trying, again, not trying to insert myself.

MS. GREEN: I think we're fairly close actually and maybe a break might be in order. I would like to ask Mr. Rovira if that would work for him because I think he's reviewing the language with his client, Terminals.

THE COURT: Okay. Mr. Rovira, good morning.

MR. ROVIRA: Hi, Your Honor. Joseph Rovira, can you hear me?

THE COURT: I can now, thank you. You did exactly what you should have done, I just didn't see it. Thank you.

MR. ROVIRA: All right. Thank you, Your Honor. For the Record, Joseph Rovira for the Terminal entities. I think a break to have an opportunity to speak with counsel for the purchaser would be helpful to see if we can resolve the issue.

I'm available right now, so maybe a 30 or 45 minute break would be enough time, if that works for Your Honor's calendar first, to see if we can figure it out.

THE COURT: I will figure out how to make it work. What do you -- so I have 9:35 -- 9:37 Central, you know, you want ten o'clock, you want 10:15, what do you need?

MR. ROVIRA: I think 10:15 just to be safe.

THE COURT: Okay. Let me ask, Mr. Walker, are you satisfied that everything that you had wanted addressed has been addressed?

MR. WALKER: Yes, Your Honor. Joel Walker on behalf of a certain class plaintiffs. We're satisfied. Thank you, Your Honor.

THE COURT: All right. Thank you.

And, Mr. Leggett, you've got -- you've got this one -- you've got this one issue but everything else is to your satisfaction?

(No audible response.)

THE COURT: Ah, fair enough. And I think you've got me muted, Mr. Leggett, or you haven't hit five star, or both.

(No audible response.)

THE COURT: Or I could take a thumbs up or a thumbs down. Okay. There we go.

(Laughter.)

THE COURT: All right. Let me just ask, is there

anyone else, again subject to seeing this language that Mr. Rovira is reviewing right now, are there any other issues that any party needs to raise? I have one person raise their hand. 415 area code.

MR. OLINER: Thank you. I'm Ron Oliner, I'm an attorney with Duane Morris, counsel for Ironshore. We have been most interested in the colloquy between the Debtor and Mr. Walker and their respective clients. If that's all sewn up and all that's left is what Mr. Rovira and Ms. Green are describing and discussing, I don't intend to appear again this afternoon, just knowing that everything else is sewn up.

THE COURT: Oh, just fine. But if we're reappearing this afternoon it means things have gone terribly wrong. I'm hoping we're going to get this done in the next 30-45 minutes. But if you don't need to appear, I was trying to moderately funny, no need to reappear. And thank you for your statement.

MR. OLINER: Thank you. I'll tell you, it's 7:30 in the morning here in San Francisco, so my clock is a little messed up in Texas. Thank you.

THE COURT: Got it. I would have had to have really been funny for you to have smiled. I got it. If it's within -- hopefully you can get -- you can get a start on your weekend.

MR. OLINER: I am smiling, you just can't tell. Thank you, Your Honor.

THE COURT: Thank you. All right. Anyone else?

(No audible response.)

THE COURT: All right. Then let's do this, and again, I'll figure out how to make this work out. We'll use th time to move stuff around. I'll see everybody back at 10:15 Central. And again, just so a point of reference it is now 9:39 Central Time. Okay.

MS. GREEN: Thank you, Your Honor.

THE COURT: All right. Thank you. We'll be adjourned.

(Recess taken from 9:39 a.m. to 10:14 a.m.)

AFTER RECESS

THE COURT: Do you all need a little more time or are we going to be ready to go?

MS. GREEN: I think if we could have 15 more minutes, we have language proposed that's been tentatively approved by Terminals and the purchaser's talking with their counsel -- with their client.

THE COURT: Why don't we do this, I'll sit right here and tell everyone that you need 15 more minutes. Take it and we'll be right here at 10:30. Okay?

MS. GREEN: Okay. Perfect. And I have my paralegal uploading this version of the order with this language in with the hopes that it's going to work.

THE COURT: Okay.

MS. GREEN: Okay. Thank you.

(Recess taken from 10:15 a.m. to 10:29 a.m.)

AFTER RECESS

THE COURT: Folks, as you dial back in, if you had previously hit five star, you'll have to do that again if you want to be heard.

MS. GREEN: Your Honor.

THE COURT: Yes, ma'am.

MS. GREEN: Mr. Leggett proposed some language that Terminals is checking with their client on, and I apologize, but I can -- I'm kind of at the mercy here of other parties, so.

THE COURT: Got it. So you need -- you need another --

MS. GREEN: Yes, for 15 minutes.

THE COURT: All right. So I'll do that so long as you tell me -- how many burner phones do you have? I mean not (indiscernible) --

(Laughter.)

MS. GREEN: Oh, actually I have --

THE COURT: Don't even -- don't even answer that. I am -- folks, as you dial back in, again, I think the parties think they're close, they've asked for an additional 15 minutes. We'll resume at 10:45.

MS. GREEN: All right. Thank you.

THE COURT: Ma'am.

(Recess taken from 10:30 a.m. to 10:45 a.m.)

AFTER RECESS

THE COURT: All right. Folks, we are back on the Record, the time is 10:45 Central. We are -- we're of course the jointly-administered cases under Case Number 21-32351, Limetree Bay Services.

Ms. Green, have we gotten there?

MS. GREEN: Yes, we have, Your Honor. Elizabeth Green on behalf of the Debtors. I have some language to add to Paragraph 40 of the order. I sent to Mr. Alonzo, or Danielle Morilla (phonetic) sent to Mr. Alonzo the Word version of the order and a PDF redline. I don't know if you want us to make the changes and re-upload it, or if you want to add this in.

THE COURT: So it is just one sentence?

MS. GREEN: It is is one sentence.

THE COURT: And so let me ask, I'm looking at -- because I want to do this so that just we can trace this back for historical purposes, so 1438 is the last version of the order that I see on the docket. Is that the order that we would add the sentence to?

MS. GREEN: Hold on one second.

THE COURT: Actually, let's do it this way because I don't want -- I want to make sure we get this right. The

intervals have caused my other case to settle, they got tired of waiting on me, so that's perfect, thank you. So let's do this, I'm going to sit right here, make the change, make sure it's right, and then just shoot Mr. Alonzo a text when it's been uploaded and I will immediately sign it before I do anything else. Okay?

MS. GREEN: All right. Perfect. Thank you, Your Honor, and we appreciate your indulgence.

THE COURT: Happy to.

Anyone else have any issue they need to raise? Ah, we have one person it looks like from Florida.

MR. LEGGETT: Thank you, Your Honor. I apologize I'm a minute late, I had to start -- dial again. So this is Jaime Leggett of Port Hamilton, the purchaser. And so I believe that Liz just -- sorry, Ms. Green from the Debtors informed you that we agreed on some language to preserve our rights, and I'm not sure how much background she gave you, but basically as the purchaser we purchased the asset.

So we're now at confirmation and the Debtor, by this conformation order, is conveying some of the assets that we purchased over to a third party, and then it becomes, you know, basically our burden to get those assets. And we have now learned this morning that that third party, Terminals, is refusing to give us assets for reasons unrelated to the bankruptcy.

And so we've reviewed this data as being, you know, our purchased assets, we bought these files and records pursuant to the asset purchase agreement and the sale order. And so we -- at the end of the day we want to get our purchased assets and we wanted this language to preserve our right, notwithstanding the fact that Terminals has indicated that they do not want to give us access to the data or the data itself.

THE COURT: All right. So let me ask one question because you came in late. What we discussed is Ms. Green said that she had one line to add to the order. So I've told her I'm going to sit right here, let's make the change, obviously I want to make -- I want you to approve it, and I -- the next thing I do today is going to be to sign that order so we all know that it gets done.

If you've got other issues with respect to enforcement of the sale order, again, no one has to -- everyone's rights are preserved, but if you believe that you are entitled to something under my order that hasn't been, you know, I act fairly quickly and fairly harshly with respect to these things, because my order is my order until somebody overturns it. So if you've got issues, tee it up and I will deal with it.

I never -- I am never reluctant to deal with an issue, so I, you know, I'm here if you can't resolve it. I'm

not one of those folks who says, Go out in the hall and solve it. That's just not the way I'm wired. So if you need help, I'm here.

MR. LEGGETT: Okay. Thank you, Your Honor.

THE COURT: All right. Then anyone else have anything they need to raise? Oh, we have one more -- somebody just went away. Okay.

Then with that, Ms. Green, again, I'm going to sit right here -- oops, hand raise again, hold on. I have somebody from 713 area code.

(No audible response.)

THE COURT: So -- oh, you were hitting it multiple times, Mr. Rovira. Got it. Okay. How about now?

MR. ROVIRA: Yes, Your Honor, Joseph Rovira for the Terminal entities. Your Honor, I appreciate your statement, but I just wanted to put on the Record Mr. Leggett's characterization is -- we don't believe it's accurate. We have not refused to do anything, we do not believe we're violating any orders of the Court. We reserve all our rights, and if they file pleadings, we'll respond accordingly.

But, Your Honor, we just want to make sure that Your Honor's aware there's a lot of factual issues, it's not nearly as simple as Mr. Leggett presents it in our view, and so while we appreciate you'll move quickly, we may have a different view of what is appropriate to be able to present you with a

fulsome record to address these issues if they're brought to you. And we just wanted to say that we reserve our rights. Thank you, Your Honor.

THE COURT: I got it. I thought I did that for everybody, but you are more eloquent than I, so I'll just (indiscernible). But it's got to be teed up and then when folks are ready to put their name on a pleading under 9011, then you will get my undivided attention. Till then I understand what it's like to be a lawyer. Hadn't been gone so long that I've forgotten.

MR. ROVIRA: Thank you.

THE COURT: Then --

MR. LEGGETT: Thank you, Your Honor.

THE COURT: -- I'm going to sit right here and I'll wait for -- I'll wait for the email or text to Mr. Alonzo saying that the final order has been uploaded. Again, I really, really appreciate everyone's attention and hard work. Thank you for working together to get this done. This is one of those that, you know, no one really loves the outcome but indeed it happened, and I appreciate all of the hard work from everyone. So enjoy your weekend and I'll see everybody soon.

MS. GREEN: Thank you, Your Honor. It's been a pleasure to be in your personal courtroom. Hopefully we'll be in-person next time.

THE COURT: Yeah. No, it's so fun when that

happens. But anyway, everyone, take care. We'll be adjourned.

MS. GREEN: Thank you. Bye-bye.

MR. LEGGETT: Yeah, thank you.

(Hearing adjourned 10:52 a.m.)

* * * * *

*I certify that the foregoing is a correct transcript to the best of my ability due to the condition of the electronic sound recording of the ZOOM/video/telephonic proceedings in the above-entitled matter.*

/S/ MARY D. HENRY

*CERTIFIED BY THE AMERICAN ASSOCIATION OF*

*ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

*JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

*JTT TRANSCRIPT #65884*

*DATE FILED: JUNE 5, 2022*