IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> LIMETREE BAY SERVICES, LLC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 21-32351 (CML) <br><br> (Jointly Administered) |

**LIQUIDATING TRUSTEE'S THIRD MOTION TO
EXTEND THE DEADLINE TO FILE CLAIM OBJECTIONS**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. A HEARING DATE AND TIME HAS BEEN REQUESTED. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT https://ecf.txsb.uscourts.gov/ WITHIN 21 DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN 21 DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

David M. Dunn, the liquidating trustee (the "Liquidating Trustee") of the LBR Liquidating Trust (the "Trust"), successor-in-interest to various rights and interests of Limetree Bay Services, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), files this *Liquidating Trustee's Third Motion to Extend the Deadline to File Claim Objections* (the "Motion"). In support of the Motion, the Liquidating Trustee respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222).

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

**BACKGROUND**

**A.    General Case Background**

2. On July 12, 2021 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On May 20, 2022, the Court entered an order [D.I. 1454] (the "Confirmation Order") confirming the *Combined Disclosure Statement and Chapter 11 Plan of Liquidating of Limetree Bay Services, LLC and Affiliated Debtors* [D.I. 1413-1] (including any exhibits and schedules thereto and as may be amended, supplemented, or modified, the "Plan")[2].

4. On June 10, 2022, the Debtors filed that certain *Notice of Occurrence of Effective Date* [D.I. 1511], setting forth that, *inter alia*, the Effective Date occurred on June 10, 2022 (the "Effective Date").

5. On the Effective Date, (i) David Dunn of Province, Inc. was appointed to serve as the Liquidating Trustee, and (ii) the Trust was established and certain assets of the Debtors were transferred and assigned to the Trust as set forth in the Plan and the Liquidating Trust Agreement establishing the Trust (the "Trust Agreement"). *See* Plan Art. IX.B.

6. Under the Plan, the Liquidating Trustee is tasked with "(i) administering, monetizing and liquidating the Liquidation Trust Assets, (ii) resolving all Disputed Claims and (iii) making all Distributions from the Liquidating Trust as provided for in the Plan and the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

Liquidating Trust Agreement," and is "responsible for all payments and distributions to be made under the Plan to the Holders of Allowed Claims." *See* Plan Art. I.B.

**B.      Deadline to Object to Claims**

7.      Article XI.C of the Plan provides that, "any objection to any Claim [shall be filed and served] no later than the Claims Objection Deadline; provided, however, the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion of the Debtors or the Liquidating Trustee, as applicable, and notice to the Bankruptcy Rule 2002 service list and all parties holding claims as to which the objection is to be extended for cause." *See* Plan Art. XI.C.

8.      The Plan further provides that the initial Claims Objection Deadline is "no later than 180 days after the Effective Date," (the "Claims Objection Deadline"). *See* Plan Art. II.A.26.

9.      On December 6, 2022, the Liquidating Trustee filed the *Liquidating Trustee's Motion to Extend the Deadline to File Claim Objections* [D.I. 1634] and requested the Court to extend the Claims Objection Deadline from December 7, 2022 to June 5, 2023, which motion was granted by the Court on December 7, 2022 in the *Order Granting Liquidating Trustee's Motion to Extend the Deadline to File Claim Objections* [D.I. 1636].

10.     On May 25, 2023, the Liquidating Trustee filed the *Liquidating Trustee's Second Motion to Extend the Deadline to File Claim Objections* [D.I. 1710] and requested the Court to extend the Claims Objection Deadline from June 5, 2023 to December 5, 2023, which motion was granted by the Court on July 18, 2023 in the *Order Granting Liquidating Trustee's Second Motion to Extend the Deadline to File Claim Objections* [D.I. 1715].

11.     Accordingly, the deadline to object to claims is presently December 5, 2023.

**C.    The Claims Reconciliation Process**

12.    On September 7, 2021, the Debtors each filed their Statement of Financial Affairs and Schedules of Assets and Liabilities [D.I. 540-551].

13.    On July 14, 2021, the United States Trustee filed the Notice of Chapter 11 Bankruptcy Case (the "Notice") that included a deadline for filing proofs of claims for all creditors (except a governmental unit) of November 15, 2021 (the "Bar Date") [D.I. 106]. The Notice further indicated that the deadline for governmental entities to file a proof of claim was January 10, 2022. *Id.*

14.    On November 15, 2021, the Debtors filed the *Stipulation and Agreed Order Concerning Bar Date* wherein the Bar Date for Putative Class Members was extended from November 15, 2021 to January 15, 2022 [D.I. 769].

15.    The Plan required Holders of Administrative Expense Claims to file such claims by May 5, 2022. *See* Plan Art. II.A.2.

16.    Prior to entry of the Confirmation Order, the Debtors settled 25 of the filed Administrative Expense Claims. *See* Confirmation Order at pp. 23-25.

17.    As to the remaining Creditor Claims, including the Claims of General Unsecured Creditors, the Plan classified such Claims in eight separate classes, and provided that Creditors holding Allowed Claims would be entitled to receive varied classes of beneficial interests in the Liquidating Trust.

18.    As of the Effective Date, over 3,000 claims had been filed against the Debtors' estates in an aggregate amount exceeding $1 billion dollars

**D.     The Trust**

19.     On the Effective Date, the Liquidating Trust was initially funded with the amount of $500,000.  *See* Plan Art. I.B. and Art. X.D.  The Plan also contemplated the Liquidating Trust would have access to additional funding for administrative expenses from other Liquidating Trust Assets, including, but not limited to, recoveries from litigation brought by the Liquidating Trust. *See* Plan Art. X.D.

20.     The primary assets of the Liquidating Trust are various Claims and Causes of Action. *See* Plan Art. I.B.; Plan. Art. IX.D.  Since the Effective Date, the Liquidating Trustee has been working to maximize the value of the Liquidating Trust Assets, including pursuing litigation recoveries, for the ultimate benefit of the Liquidating Trust beneficiaries.  For instance, on or about September 28, 2022, the Liquidating Trustee commenced eighteen adversary proceedings seeking the avoidance and recovery of certain transfers.  The Liquidating Trustee has also commenced an adversary proceeding, with co-plaintiff Limetree Bay Terminals, LLC, against various insurers of the Debtors seeking, among other things, recovery of amounts which were expended by the Debtors in connection with covered claims, but not reimbursed by such insurers.

21.     In addition, immediately after the Effective Date, the Liquidating Trustee commenced his investigation of various potential Claims and Causes of Action held by the Liquidating Trust, and has issued subpoenas to various third parties pursuant to Bankruptcy Rule 2004 in connection with that investigation.  [D.I. 1613-1614, 1624-1627, 1630]. While that investigation remains ongoing, in part, that investigation has already confirmed the Liquidating Trust has Claims and Causes of Action against certain third parties, and the Liquidating Trustee has engaged litigation counsel to represent it with respect to those Claims and Causes of Action.

22. Finally, the Liquidating Trustee has worked diligently to resolve certain priority claims, including contacting claimants, reconciling claimed amounts, and satisfying Administrative Expense Claims and other priority claims as permitted under the Plan.

## RELIEF REQUESTED

23. The Liquidating Trustee respectfully requests a six (6) month extension of the Claims Objection Deadline, to June 5, 2024, to allow the Liquidating Trustee to continue his investigation and pursuit of Claims and Causes of Action, and liquidation of other Liquidating Trust Assets, prior to incurring the significant expense of continuing the Claims reconciliation process.

24. Pursuant to the Plan, the Liquidating Trustee is authorized to seek an extension of the Claims Objection Deadline. *See* Plan Art. XI.C.  Additionally, Bankruptcy Rule 9006(b)(1) provides, in pertinent part, "when an act is required or allowed to be done at or within a specified period by these rules or by a notice…or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of" such period. *See* Fed. R. Bankr. P. 9006(b)(1). Moreover, Bankruptcy Code section 105(a) provides that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

25. Under the circumstances in this case, an extension of the Claims Objection Deadline is appropriate to ensure the Trust's limited resources are not expended on analyzing the thousands of claims asserted against the Debtors, and then preparing and filing potentially numerous objections, before the Liquidating Trustee can even ascertain whether assets will be

6

available for distribution to creditors (and which creditors) on account of their beneficial interests in the Liquidating Trust.

26. While the Liquidating Trustee has been actively working towards a reconciliation of certain claims since the Effective Date, that reconciliation process has been surgical to preserve the limited resources of the Liquidating Trust and prioritize resolution of Administrative Expense and Other Priority Claims as contemplated in the Plan.  The reconciliation and objection process for all other claims will necessarily require the Liquidating Trust to deploy far more resources, and will only be necessary if and when it becomes clear that the Liquidating Trust will have assets sufficient to make a distribution to such creditors. Thus, cause exists to extend the Claims Objection Deadline to preserve the Liquidating Trust's assets and facilitate an efficient, cost-effective Claims reconciliation process, including providing time for the Liquidating Trustee to continue consensually resolving as many disputed Claims as possible to avoid unnecessary litigation expenses.

27. For the reasons set forth above, the Liquidating Trustee respectfully requests that the Court extend the Claims Objection Deadline to June 5, 2024.

## **NOTICE**

28. Notice of this Motion will be served *via* the Court's CM/ECF system, email, or first-class mail, as applicable, on affected claimants and on any other party entitled to notice under the Bankruptcy Rules or Local Rules.

**WHEREFORE,** the Liquidating Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated: November 28, 2023

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

*/s/ Joseph R. Dunn*

By: Joseph R. Dunn (*Pro Hac Vice*)
CA State Bar No. 238069
jrdunn@mintz.com
3580 Carmel Mountain Rd., Suite 300
San Diego, California 93210
T: (858) 314-1500
F: (858) 314-1501

Abigail V. O'Brient (*Pro Hac Vice*)
CA State Bar No. 265704
aobrient@mintz.com
2029 Century Park East, Suite 3100
Los Angeles, California 90067
T: (310) 586-3200
F: (310) 586-3202

*Counsel for David Dunn, as Liquidating Trustee of the LBR Liquidating Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2023, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

>  */s/ Joseph R. Dunn*
>  Joseph R. Dunn