IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LIMETREE BAY SERVICES, LLC., *et al.*, | Case No. 21-32351 (DRJ) |
| Debtors.¹ | (Jointly Administered) |

**USVI CLAIMANTS' MOTION FOR LEAVE TO NAME LIMETREE BAY REFINING, LLC AS A NOMINAL DEFENDANT**
[Related Docket No. 1647]

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Plaintiffs and counsel in the USVI Actions² (collectively the "USVI Claimants")

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222).

² As used herein, "USVI Actions" refers to *Boynes et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21- cv-253 ("*Boynes* Action"); *Shirley et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00259-WAL- EAH ("*Shirley* Action"); *Charles et al. v. Limetree Bay Refining, LLC et al.*, D.V.I. case no. 1:21-cv-00260-WAL- EAH ("*Charles* Action*"); Cotton et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00261-WAL- EAH ("*Cotton* Action"); *Liger v. Limetree Bay Ventures, LLC et al.*, St. Croix Superior Court case no. SX-2022-cv- 301 (the "*Liger* Action"); and *Wooten v. Limetree Bay Terminals et al.*, St. Croix Sup. Ct. case

respectfully move for leave to name Limetree Bay Refining, LLC ("LBR") as a nominal defendant in the USVI Actions pursuant to the Court's order [D.I. 1454] (the "Confirmation Order") confirming the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* [D.I. 1413-1] (including any exhibits and schedules thereto and as may be amended, supplemented, or modified, the "Plan") and the Court's order [DI 1685] granting the Liquidating Trustee's Emergency Motion [D.I. 1647] to Enforce the Conformation Order.  In support thereof, the USVI Claimants state as follows:

## RELIEF REQUESTED

1. The USVI Claimants respectfully request that this Court implement the provisions of the Confirmation Order allowing LBR to be named as a nominal defendant in the USVI Actions, with relief from the permanent injunction imposed by the Plan and any other order of this Court to the extent required, for the purpose of (a) establishing Claims[3] against the Debtors and their Estates and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose, subject to any leave required by the US District Court for the District of the Virgin Islands (the "USVI District Court") or the Superior Court of the Virgin Islands, as appropriate.

2. To ensure the absence of any potential prejudice to the Liquidating Trustee and LBR Liquidating Trust (together, the "Trust Parties") or LBR, the USVI Claimants agree to request a stay of proceedings (solely) against LBR for 120 days after the filing of any amended complaint to allow the Trust Parties to confirm insurance coverage for LBR.

---

no. SX-2023-cv-052 (the "*Wooten* Action"). The *Boynes*, *Charles*, *Cotton* and *Shirley* Actions are referred to collectively as the "USVI Federal Actions."

[3] "Claims," "Debtors," and "Estates" have the meanings provided for them in the Plan.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this Emergency Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

**BACKGROUND**

4. In late May and early June 2021, the USVI Claimants filed several putative Class Actions against multiple defendants, including LBR, in connection with the negligent and disastrous restart of the Limetree Bay Refinery (the "Refinery Restart"), which spewed pitch oil and other toxins into the surrounding communities and contaminated water supplies. *See, e.g.*, *Cotton et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. 1:21-cv-00261 at ECF No. 1-3.

5. On July 12, 2021, LBR and several other Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code in this Court, commencing the Bankruptcy Case. *See* [D.I. 1]. The USVI Actions against LBR were automatically stayed pursuant to 11 U.S.C. § 362(a) by the filing of the Bankruptcy Case. Additionally, by voluntary agreement of the Parties, certain of the USVI Federal Actions were also stayed against the non-debtors while the Parties engaged in Bankruptcy Mediation. *See Limetree Bay Refining, LLC v. Cotton et al.*, Bankr. S.D. Tex. case no. 21-03791 at ECF No. 126.

6. On May 20, 2022, this Court entered the Confirmation Order after negotiations among the USVI Claimants, the Debtors, and other interested entities. Upon information and belief, David Dunn (who subsequently was appointed as the Trustee) was kept apprised of those negotiations. Significantly, the Confirmation Order provided—regardless of the Release by the Releasing Parties and the Plan Injunction—that:

> the Insurance Claimants and their counsel may file, assert, and/or continue to assert their Claims and/or related litigation, including the Putative Class Action Litigation, against any of the Debtors as nominal defendants for the purpose of (a) establishing claims against the Debtors and their Estates, and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose.

*Id.* at 36, 39 (emphasis added).[4] In addition, paragraph 19.e of the Confirmation Order confirms that "Nothing in the Plan or Confirmation Order shall constitute or be deemed to be a release of any claim, if any, the Insurance Claimants may have under any relevant Insurance Policies."

7. The Bankruptcy Mediation of the Class Actions continued until its termination on September 26, 2022, and the litigation stay was later lifted. *See, e.g., Cotton* at ECF No. 132, 196, 435. In conjunction with the resumption of the USVI Actions in early 2023, the USVI Claimants amended (or sought leave to amend) their complaints and included or sought to name the Liquidating Trust, the Trustee, and LBR as defendants. As relates to LBR, the USVI Claimants sought to add them solely as a "nominal defendant for the purpose of (a) establishing Claims against the Debtors and their Estates, and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose." *Cotton* at ECF No. 143. The USVI Claimants also filed for a Preliminary Injunction that initially included LBR as a party from which they sought relief. *Id.* at ECF No. 170. In response, the Liquidating Trustee filed an Emergency Motion in the Bankruptcy Court. [D.I. 1647]

8. In connection with the filing of that emergency motion, the USVI Claimants

---

[4] The Confirmation Order defines "Insurance Claimant(s)" as "any Holder of a Claim, which may be covered by any Insurance Policies or the proceeds of any Insurance Policies, including but not limited to: (a) all individuals and entities who have asserted Claims against the Debtors and filed a Proof of Claim and (b) **all Named Plaintiffs and all Putative Class Members in the Putative Class Actions**." *Id*. at 16 (emphasis added). That term therefore includes the USVI Federal Actions.

dismissed the Liquidating Trust and Trustee as defendants (ultimately with prejudice). *See, e.g.*, *Cotton* at ECF No. 169, and 277. However, the USVI Claimants continued to assert that LBR was properly named as a nominal defendant *and* that it could be included in the Motion for Preliminary Injunction for insurance purposes. *See* [D.I. 1668]. On February 17, 2023, U.S. Bankruptcy Judge David R. Jones implemented a "gatekeeping" order, which the Plan did not contemplate nor did the Trustee request, requiring that:

> The plaintiffs in the USVI Federal Actions and their counsel shall immediately take all steps necessary to withdraw the TRO/PI Motions pending against [LBR], without prejudice…
>
> \*\*\*\*
>
> No party, including the plaintiffs in the USVI Actions and their counsel, may seek or obtain any relief (monetary, equitable, or otherwise) against the Trust Parties or LBR (as a nominal defendant or otherwise), whether by complaint, motion, application, or otherwise, without first obtaining an order of this Court, on notice to the Liquidating Trustee and Port Hamilton Refining and Transportation, LLLP ("Port Hamilton"), authorizing such party to seek such relief (emphasis added)….

*See Gatekeeping Order* [D.I. 1685]. Although, Plaintiffs maintain that the Gatekeeping Order is inconsistent with the Plan, the USVI Claimants immediately withdrew "their PI Motion, without prejudice, against Limetree Bay Refining, LLC [but not Limetree Bay Terminals, LLC]" in compliance with Judge Jones's separate gatekeeping order. *Cotton* at ECF No. 223. Notwithstanding its inconsistency with the Plan, Judge Jones's gatekeeping order remains in place, though Judge Jones has since resigned, and USVI Claimants file the instant Motion seeking leave to name LBR as a nominal defendant in accordance with Judge Jones's order.

9. The USVI Federal Actions later were consolidated "for all purposes," and Plaintiffs were granted permission to file a Consolidated Amended Complaint ("CAC"). *Cotton* at ECF No. 584. In that CAC, which was filed on March 5, 2024, and in an abundance of caution in light of

5

the Gatekeeping Order, the USVI Claimants did not name LBR as a defendant, but instead stated:

> Limetree Bay Refining was one of the entities responsible for operating the Refinery at the time of the Incidents referenced in this Complaint. Limetree Bay Refining filed for Chapter 11 bankruptcy on July 14, 2021, in the United States Bankruptcy Court for the Southern District of Texas (the "Limetree Bay Refining Bankruptcy"). Pursuant to Court order, Plaintiffs do not name Limetree Bay Refining, LLC as a defendant in this Complaint, but reserve their right to do so…."

*Cotton* at ECF No. 587. As such, LBR is currently not a named defendant in the USVI Federal Actions.

10. The USVI Claimants did not, at the time of filing their CAC, press the issue of LBR's inclusion, because the USVI Claimants were hopeful that the matter would soon be moot, as the Liquidating Trustee would be successful in obtaining a defense from its insurers and USVI Claimants could name LBR as a nominal defendant before the litigation deadlines in the USVI District Court's scheduling order (*Cotton* at ECF No. 732) began to expire. *See Limetree Bay Terminals, LLC et al. v. Euclid Enviant, LLC et al.*, Case no. 22-03306 (Bankr. S.D. Tex.) ("*Insurance AP*"). Indeed, the Liquidating Trustee had represented to Class Action Plaintiffs the USVI Claimants and the Court that "[t]he Liquidating Trustee and LBT intend to resolve the Insurance AP expeditiously" (*Cotton* at ECF No. 178), and that the Liquidating Trustee would likely agree to LBR being a defendant in the USVI Actions once insurance was obtained. *See Bankruptcy Case* at [D.I. 1676, para. 34].

11. On January 20, 2023, the Liquidating Trustee filed a motion in the *Insurance AP* seeking partial summary judgment that LBR's pollution insurers must provide coverage for the USVI Actions. *Insurance AP* at ECF 38. At the time, former U.S. Bankruptcy Judge David R. Jones, was presiding over the instant proceeding until his termination from this matter on October 13, 2023, upon his resignation from the bench.

6

12. USVI Claimants' ability to name LBR as a nominal defendant in accordance with the Plan and for the purpose of preserving rights with respect to insurance coverage for their Claims, has been further delayed by Judge Jones's termination. When this Court took over this bankruptcy proceeding on October 26, 2023, the matter had been pending for more than two years, and the docket had reached nearly 1800 filings. This Court understandably has required time to get up to speed on this matter.

13. On September 11, 2024, nearly two years after the Liquidating Trustee filed its motion for summary judgment this Court denied the motion, finding that a determination of LBR's right to coverage under the Pollution Tower (as defined in the Court's order) "requires a fact analysis. And the Court cannot decide factually intensive matters on summary judgment." (*Insurance AP* at ECF No. 82). Accordingly, the Trustee's current efforts to obtain insurance coverage through the *Insurance AP* are likely to take significant time and cause still further delay.

14. This extended delay creates a potential issue in connection with the USVI Claimants' rights, as enshrined in the Confirmation Order, to preserve "rights with respect to insurance coverage" because, while LBR is fully on notice of the USVI Claimants' claims. In June 2024, the USVI District Court entered a scheduling order setting trial in 2026. Moreover, the passage of time might generate arguments (however flawed) about statutes of limitations pertaining to the claims held by the USVI Claimants against LBR.

15. LBR, however, has other insurance assets available that the Trustee has not tapped. In particular, Limetree Bay Terminals, LLC ("LBT") LBR's co-permittee for the Limetree Bay Refinery and co-insured under the insurance policies, already has obtained a commitment for at least partial defense insurance coverage from the Contractors Pollution Liability ("CPL") Tower

7

for some of the USVI Federal Actions. (*See Insurance AP Second Amended Complaint* ("*SAC*"), ECF No. 70, Para. 69). The insurance coverage afforded under the CPL Tower applies to liability for certain damage resulting from "Pollution Conditions caused by Covered Operations" and LBR is the first "Named Insured" on the CPL Tower policies. *See Insurance AP* at ECF No. 76-15; ECF No. 76, Paras. 39-40.

16. LBT's insurance coverage from the CPL Tower policies was (seemingly) triggered by allegations in the CAC that the Refinery Restart damaged USVI Claimants' water supplies and other property, giving rise to liability sounding in negligence, nuisance and other torts. Though LBR is not named as a nominal defendant in the CAC, the CAC contains factual allegations that LBR engaged in the same tortious conduct as LBT that caused the failed Refinery Restart and resulting harm to Claimants, including that LBR operated the Refinery alongside LBT, that "each entity was responsible for the entirety of the Limetree Bay Facility, including the Refinery," and that each entity negligently caused the Refinery to spew pitch oil and other toxins into the surrounding communities and contaminating Claimants' properties. *See, e.g.*, *Cotton* at ECF No. 587 (CAC, ¶¶ 60, 121, 134 *et seq*).

17. The USVI District Court has also determined that USVI Claimants were likely to succeed on the merits of their claims against LBT, which claims are based on allegations that closely track USVI Claimants' factual allegations relating to LBR. In April and June 2023, the USVI District Court granted USVI Claimants' motion for a preliminary injunction that LBT, LBR's closely related sister entity, provide clean drinking water to UVIA Claimants living below certain income thresholds. After bifurcated evidentiary hearings lasting eight days, the USVI District Court concluded that USVI Claimants were likely to succeed on the merits of their claims against LBT, because USVI Claimants "provided adequate evidence for the Court to conclude

that" the Refinery Restart "negligently caused a thing—namely, petroleum products—to enter [Claimants'] land, and the presence of the same caused harm to [USVI Claimants'] and their property." *Cotton* at ECF 335 (Mem. Op. at 18). The same evidence shows that USVI Claimants would likely succeed on the merits of negligence and other tort claims against LBR, because LBR and LBT operated the Refinery, and botched the Refinery Restart, together. In August 2024, the United States Circuit Court for the Third Circuit Court of Appeals affirmed the USVI District Court's injunction and, in doing so, acknowledged the exigent nature of USVI Claimants' claims, noting that the "[e]xtraordinary harm" to USVI Claimants by the Refinery Restart warrants "extraordinary relief." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 608 (3d Cir. 2024).

18. The allegations set forth in the CAC describe conduct by LBR that is the same or similar to conduct sufficient to trigger insurance coverage of USVI Claimants' claims against LBT, and the CAC should trigger coverage for LBR, just as it did for LBT. Because, as the Third Circuit recognized, that conduct caused "extraordinary harm" to USVI Claimants, because allegations of such conduct were sufficient to trigger insurance coverage for LBT, and because, under the USVI District Court's scheduling order, time is quickly running out, USVI Claimants respectfully request leave to name LBR as a nominal defendant in the USVI Actions for the purpose of (a) establishing Claims against the Debtors and their Estates and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose.

## BASIS FOR RELIEF

19. The Plan and Confirmation Order give USVI Claimants a clear and express right to name LBR as a nominal defendant in the USVI Actions.

20. The Gatekeeping Order requires the USVI Claimants to seek leave of this Court to

proceed with naming LBR as a nominal defendant in the USVI Actions—but the Gatekeeping Order does not otherwise alter, amend, or limit the USVI Claimants' rights under the Plan or Confirmation Order.

21. Neither LBR nor the Trust Parties will be prejudiced to any extent not already approved by the Plan and Confirmation Order, because LBR will be named as a nominal defendant for the purpose of (a) establishing Claims against the Debtors and their Estates and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose.

22. Naming LBR as a nominal defendant is especially appropriate now, because LBR should be able to use its status as the first named insured on the CPL Tower policies to obtain the same insurance coverage from the CPL Tower that LBT has obtained. *See Supra.*

23. The USVI Claimants already have waited more than two years to name LBR as a nominal defendant. Further delay may prejudice the USVI Claimants' ability to move forward with the USVI Actions in an efficient manner, to forestall even the possibility of arguments regarding applicable statutes of limitations for claims against LBR, and to ultimately resolve their claims against LBR as a nominal defendant.

24. To facilitate the naming of LBR for the purpose preserving rights with respect to insurance coverage for Claims against the Debtors and the Estate, the USVI Claimants shall ask the USVI District Court to stay any proceedings against LBR (only) for 120 days after the filing of any complaint or amended complaint naming LBR as a nominal defendant to allow LBR and the Liquidating Trustee to confirm that the CPL Tower and/or other carriers will provide a defense to LBR, as the insurers already are providing to LBT in the USVI Actions.

## CONCLUSION

25. The USVI Claimants ask this Court to implement the terms of the Plan and Confirmation Order and allow them to name LBR as a nominal defendant in the USVI Actions for the purpose of (a) establishing Claims against the Debtors and their Estates and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose.

Dated: November 20, 2024

Respectfully submitted,

*/s/ Tristan E. Manthey*
Tristan E. Manthey TX. Bar No. 24042731
SDTX No. 438312
Kerry J. Miller (admitted *pro hac vice*)
Rebekka C. Veith (admitted *pro hac vice*)
**FISHMAN HAYGOOD, L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone:(504) 586-5252
tmanthey@fishmanhaygood.com
kmiller@fishmanhaygood.com
rveith@fishmanhaygood.com
*Counsel for the Boynes Plaintiffs*

*/s/ Joel M. Walker*
Joel M. Walker (admitted pro hac vice)
**NYE, STIRLING, HALE, MILLER & SWEET LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Tel: (412) 443-4145
jmwalker@nshmlaw.com
*Counsel for the Cotton Plaintiffs*
*Objection also submitted on behalf of the*
*Charles (now Moorhead), Liger, and Shirley*
*Plaintiffs, with permission*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Court's ECF system on November 20, 2024, which sent notice to all counsel of record.

*/s/ Tristan E. Manthey*