**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| LIMETREE BAY SERVICES, LLC., *et al.*, | Case No. 21-32351 (DRJ) |
| Debtors.¹ | (Jointly Administered) |

**REPLY IN SUPPORT OF USVI CLAIMANTS' MOTION FOR LEAVE TO NAME
LIMETREE BAY REFINING, LLC AS A NOMINAL DEFENDANT
[D.I. 1830]**

Plaintiffs and counsel in the USVI Actions² (collectively the "USVI Claimants") respectfully file this (Reply) to the *Liquidating Trustee's Response to USVI Claimants' Motion for Leave to Name Limetree Bay Refining, LLC as Nominal Defendant* [D.I. 1840] (Liquidating Trustee's Response), and the *Joinder of Port Hamilton Refining & Transportation, LLLP in Liquidating Trustee's Response to Motion for Leave to Name Limetree Bay Refining, LLC* [D.I. 1853] (Port Hamilton's Response), and respectfully state as follows:

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222).

² As used herein, "USVI Actions" refers to *Boynes et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21- cv-253 ("*Boynes* Action"); *Shirley et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00259-WAL- EAH ("*Shirley* Action"); *Charles et al. v. Limetree Bay Refining, LLC et al.*, D.V.I. case no. 1:21-cv-00260-WAL- EAH ("*Charles* Action*"); Cotton et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00261-WAL-EAH ("*Cotton* Action"); *Liger v. Limetree Bay Ventures, LLC et al.*, St. Croix Superior Court case no. SX-2022-cv- 301 (the "*Liger* Action"); and *Wooten v. Limetree Bay Terminals et al.*, St. Croix Sup. Ct. case no. SX-2023-cv-052 (the "*Wooten* Action"). The *Boynes*, *Charles*, *Cotton* and *Shirley* Actions are referred to collectively as the "USVI Federal Actions."

**BACKGROUND**

1. On November 20, 2024, the USVI Claimants filed their Motion for Leave to Name Limetree Bay Refining, LLC (LBR) as a Nominal Defendant [D.I. 1830] (Motion). Plaintiffs filed the Motion in compliance with the Order Granting Liquidating Trustee's Emergency Motion to Enforce the Confirmation Order that was previously entered by the Court. *See* [D.I. 1685] (the "Gatekeeping Order").

2. Consistent with the "Confirmation Order" [D.I. 1454], the Motion asked the Court to allow the USVI Claimants to name Limetree Bay Refining, LLC (LBR) as a nominal Defendant in the USVI Actions (only) "for the purpose of (a) establishing Claims against the Debtors and their Estates, and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose."

3. Additionally, the Motion proposed that to avoid any prejudice to the Liquidating Trustee, once an amended complaint was filed, "the USVI Claimants [would] agree to request a stay of proceedings (solely) against LBR for 120 days after the filing of any amended complaint to allow the Trust Parties to confirm insurance coverage for LBR." *See* Motion at Paras. 2, and 24.

4. The Motion also discussed (some of) the insurance that LBR can access, including a Contractors Pollution Liability ("CPL") Tower that LBR's co-permittee for the Limetree Bay Refinery and co-insured under the insurance policies already has obtained a commitment for at least partial defense insurance coverage for some of the USVI Federal Actions. *See* Motion at Paras. 10-18.

5. In response to the Motion, the Liquidating Trustee did ***not*** argue about the availability of insurance coverage that LBR should have access to, or that it would suffer any prejudice, but instead ***only*** argued that it must be provided a copy of the "proposed amended

2

complaint or petition that the USVI Claimants intend to file adding Limetree Bay Refining, LLC as a nominal defendant" so that it can "ensure compliance with the Confirmation Order." *See* Liquidating Trustee's Response at Paras. 5-8.

6. Similarly, in response to the Motion, Port Hamilton Refining & Transportation, LLLP ("Port Hamilton"), stated (without explaining why) that it may be prejudiced by naming LBR as a nominal Defendant in the USVI Actions, and that therefore it too needs to see the amended complaint before the Court grants the Motion. *See* Port Hamilton's Response at Para. 2. Port Hamilton further argued that it somehow (again without explanation) may ultimately face the costs of defending any action brought by the USVI Claimants, and therefore in addition to being provided the amended complaint, the USVI Claimants must also identify "any insurance that would provide coverage for their proposed potential action." *Id.* at Para. 3.

## REPLY

**I. The Liquidating Trustee's Objection is moot because a copy of the proposed amendments to the USVI Claimants' Complaint has been provided.**

7. As relates to the sole footing of the Response by the Liquidating Trustee, USVI Claimants have provided a copy of the proposed amendments to the complaint in the United States District Court for the Virgin Islands that pertain to naming LBR as a Nominal Defendant and conferred with the Liquidating Trustee regarding the proposed amendments. *See* Ex. A (a redline of the proposed edits to the operative complaint related to LBR). The Liquidated Trustee has indicated that its objection would be resolved with the addition of certain language, which USVI Claimants have now added.

8. Consistent with the Confirmation Order, Paragraphs 12, 63, and 236 of this draft amended complaint provide that Limetree Bay Refining, LLC is a nominal defendant "for the purpose of (a) establishing Claims against the Debtors and their Estates, and (b) preserving rights

with respect to insurance coverage for such Claims, if any, and for no other purpose." A similar statement is added to the Request for Relief. With those provisions, the Liquidating Trustee's objection has been resolved.

9. Further, the Court should not delay granting the Motion, because as set forth therein, after nearly three years since the incident at the center of the USVI Actions, delaying the addition of LBR to the USVI Actions "may prejudice the USVI Claimants' ability to move forward with the USVI Actions in an efficient manner, to forestall even the possibility of arguments regarding applicable statutes of limitations for claims against LBR, and to ultimately resolve their claims against LBR as a nominal defendant."

## II. Port Hamilton lacks standing to object, and its purported basis for objection is without merit.

10. Turning to Port Hamilton's Response, Port Hamilton argues (without basis) that absent identification of "any insurance that would provide coverage for their proposed potential action," the addition of LBR as a Nominal Defendant to the amended complaint may result in an "impermissible risk" that "Port Hamilton would face the costs of defending any action brought by the USVI Claimants." *See* Port Hamilton's Response at Para. 3.

11. As an initial matter, Port Hamilton makes no effort to explain its "impermissible risk," or how naming LBR as a Nominal Defendant would run afoul of "the protections of the Sale Order." Notably, Port Hamilton does not explain why, if USVI Claimants cannot ultimately recover from the LBR insurance proceeds, it could be on the hook for the pre-sale liabilities of LBR.

12. "Standing is a threshold issue in every federal litigation." *In re Teligent, Inc.*, 417 B.R. 197, 209 (Bankr. S.D.N.Y. 2009); *see also, e.g., In re Balanced Plan, Inc.,* 257 B.R. 921, 923 (Bankr. W.D. Mo. 2001) ("Standing of a party to appear in and object to a motion is a threshold

4

inquiry as it is jurisdictional in nature") (citing *Gordon v. Basroon (In re Plaza Mortgage and Fin. Corp.*), 187 B.R. 37, 40 (Bankr.N.D.Ga.1995)). In order to have standing, a party must have a "personal stake in the outcome of the controversy and suffer, or be threatened with, some actual injury." *Rion v. Spivey (In re Springer),* 127 B.R. 702, 705 (Bankr. M.D. Fla. 1991).

13. Here, however, Port Hamilton *admits* that it cannot identify an actual injury by arguing that "[a]bsent the identification of insurance, Port Hamilton has to *assume* that even a nominal suit would present it with liability in violation of the Confirmation Order." Port Hamilton's Response at Para. 3 (emphasis added).

14. Port Hamilton does not identify any basis for that unwarranted assumption.

15. Perhaps more glaring, Port Hamilton ignores that the Motion explicitly detailed the Contractors Pollution Liability CPL Tower and why it should provide coverage to LBR. *See* supra at Para. 4.

16. Moreover, the Motion makes extensive reference to the Adversary Proceeding that the Liquidating Trustee has filed in connection with LBR's insurance coverage, which details four specific towers of insurance that may (and should) cover LBR in connection with the USVI Actions. *See Limetree Bay Terminals, LLC et al. v. Euclid Enviant, LLC et al.* (*In re Limetree Bay Services, LLC*), Case No. 4:22-ap-03306, at ECF. No. 70 (Bankr. S.D. Tex.) (describing LBR's Insurance Program) (attached as Ex. B).

17. In short, Port Hamilton's purported ignorance of the insurance at issue is not a proper basis for any objection, let alone good cause to delay granting the Motion.

## CONCLUSION

18. Respectfully, this Court should grant the Motion, and allow the USVI Claimants to implement the terms of the Plan and Confirmation Order and allow them to name LBR as a

nominal defendant in the USVI Actions for the purpose of (a) establishing Claims against the Debtors and their Estates and (b) preserving rights with respect to insurance coverage for such Claims, if any, and for no other purpose.

Dated: December 20, 2024                    Respectfully submitted,

*/s/ Tristan E. Manthey*
Tristan E. Manthey TX Bar No. 24042731
SDTX No. 438312
Kerry J. Miller (admitted *pro hac vice*)
Rebekka C. Veith (admitted *pro hac vice*)
**FISHMAN HAYGOOD, L.L.P.**
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone:(504) 586-5252
tmanthey@fishmanhaygood.com
kmiller@fishmanhaygood.com
rveith@fishmanhaygood.com
*Counsel for the Boynes Plaintiffs*

*/s/ Joel M. Walker*
Joel M. Walker (admitted pro hac vice)
**NYE, STIRLING, HALE, MILLER & SWEET LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Tel: (412) 443-4145
jmwalker@nshmlaw.com
*Counsel for the Cotton Plaintiffs*
*Objection also submitted on behalf of the Charles (now Moorhead), Liger, and Shirley Plaintiffs, with permission*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Court's ECF system on December 20, 2024, which sent notice to all counsel of record.

*/s/ Tristan E. Manthey*