IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| **LIMETREE BAY SERVICES, LLC, et al.,**[1] | § | CASE NO. 21-32351 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |

## STIPULATION AND AGREED ORDER REGARDING THE CLAIMS OF THE USVI CLAIMANTS

This stipulation and agreed order (the "Stipulation and Agreed Order") is entered into by and among David Dunn, the Liquidating Trustee (the "Liquidating Trustee") of the LBR Liquidating Trust ("Trust") and the Claimants related to the USVI Actions[2] who filed a proof of claim in this bankruptcy proceeding (the "USVI Claimants")[3] (together, the Liquidation Trustee and the USVI Claimants are collectively referred to as the "Parties" and each as a "Party"). The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222).

[2] The term "USVI Actions" means *Boynes, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-253 (D.V.I.) ("Boynes Action"); *Shirley, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-00259-WAL-EAH (D.V.I.) ("Shirley Action"); *Charles, et al. v. Limetree Bay Refining, LLC, et al.*, No. 1:21-cv-00260-WAL-EAH ("Charles Action"); *Cotton, et al. v. Limetree Bay Ventures, LLC, et al.*, No. 1:21-cv-00261-WAL-EAH ("Cotton Action"); *Liger v. Limetree Bay Ventures, LLC, et al.*, No. SX-2022-cv-301 (St. Croix Superior Court) ("Liger Action"); and *Wooten v. Limetree Bay Terminals, et al.*, No. SX-2023-cv-052 (St. Croix Sup. Ct.) ("Wooten Action") and any other matter in which a person or entity is claiming personal injury and/or property damage resulting from the restart of the Limetree Bay Refinery.

[3] For purposes of this Stipulation and Agreed Order, the term USVI Claimants include those individuals related to the USVI Actions who filed a proof of claim in this bankruptcy proceeding.

## RECITALS

A. **WHEREAS**, in late May and June 2021, certain of the USVI Claimants filed the USVI Actions against multiple defendants, including Limetree Bay Refining, LLC ("LBR"), alleging they were damaged by the negligence in the restart of the Limetree Bay Refinery.

B. **WHEREAS,** on July 12, 2021 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

C. **WHEREAS**, the USVI Claimants filed the proofs of claims identified in **Schedule 1** to this Stipulation and Agreed Order (collectively, the "USVI Proofs of Claim").

D. **WHEREAS,** on May 20, 2022, the Court entered an order [Docket No. 1454] (the "Confirmation Order") confirming the *Combined Disclosure Statement and Chapter 11 Plan of Liquidating of Limetree Bay Services, LLC and Affiliated Debtors* [Docket No. 1413-1] (including any exhibits and schedules thereto and as may be amended, supplemented, or modified, the "Confirmed Plan").

E. **WHEREAS**, On June 10, 2022, the Debtors filed that certain *Notice of Effective Date* [Docket No. 1511], setting forth that, *inter alia*, the Effective Date occurred on June 10, 2022 (the "Effective Date").

F. **WHEREAS**, on the Effective Date, (i) David Dunn of Province, Inc. was appointed to serve as the Liquidating Trustee, (ii) the Trust was established, and (iii) certain assets of the Debtors were transferred and assigned to the Trust as set forth in the Plan and the Liquidating Trust Agreement establishing the Trust (the "Trust Agreement"). *See* Plan Art. IX.B.

G. **WHEREAS**, under the Confirmed Plan, the Liquidating Trustee is tasked with "(i) administering, monetizing and liquidating the Liquidating Trust Assets, (ii) resolving

all Disputed Claims and (iii) making all Distributions from the Liquidating Trust as provided for in the Plan and the Liquidating Trust Agreement," and is "responsible for all payments and distributions to be made under the Plan to the Holders of Allowed Claims." *See* Plan Art. I.B.

H. **WHEREAS**, on July 24, 2024, the Liquidating Trustee filed the Motion for Entry of an Order (I) Approving Omnibus Claims Objection and Liquidation Procedures for Certain Litigation Claimants and (II) Granting Related Relief [Doc. No. 1790].

I. **WHEREAS**, on August 19, 2024, the Court entered the Order (I) Approving Omnibus Claims Objection and Liquidation Procedures for Certain Litigation Claims and (II) Granting Related Relief [Doc. No. 1792].

J. **WHEREAS**, the Parties have engaged in settlement negotiations to liquidate the amount of claims of the USVI Claimants and the USVI Proofs of Claim.

K. **WHEREAS**, the Parties have agreed to resolve the Liquidation Trustee's objections to the claims of the USVI Claimants and USVI Proofs of Claim as set forth herein and enter into this Stipulation and Agreed Order to allow the claims solely against the Debtors of the USVI Claimants as a single Class 5 General Unsecured Claim in the cumulative amount of One Hundred Fifty Million and 00/100 United States Dollars ($150,000,000.00).

**NOW, THEREFORE**, after good-faith, arms-length negotiations, in consideration of the foregoing, it is hereby **STIPULATED AND AGREED**, and upon approval by the Bankruptcy Court of this Stipulation and Agreed Order, it is so **ORDERED**:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth fully herein.

2. This Stipulation and Agreed Order shall have no force or effect unless and until entered by the Bankruptcy Court.

3. The USVI Proofs of Claim, against solely the Debtors and their bankruptcy estates shall be Allowed as a single allowed Class 5 General Unsecured Claim in the amount of One Hundred Fifty Million and 00/100 United States Dollars ($150,000,000.00) (the "<u>Allowed Claim</u>"). The One Hundred Fifty Million and 00/100 United States Dollars ($150,000,000.00) amount is based on settlement negotiations and represents a compromised value only and shall serve no other purpose apart from as relates to this Stipulation and Agreed Order.

4. The Litigation Trustee, upon making a distribution to holders of Allowed Class 5 General Unsecured Claims, shall only make a single distribution on account of the Allowed Claim (a "<u>USVI Distribution</u>") to the escrow account of the undersigned counsel for the USVI Claimants and such counsel for the USVI Claimants shall be responsible for handling further disbursement of the USVI Distribution to the USVI Claimants.

5. For the avoidance of doubt, if any additional USVI Plaintiff[4] files a proof of claim (each a "<u>Late Filed Claim</u>") and such Late Filed Claim is ultimately allowed, (a) the holder of the Late Filed Claim shall not receive any additional distributions on account of such Late Filed Claim from the LBR Bankruptcy Estate or the Liquidating Trust, and (b) the amount of the Allowed Claim shall not be increased on account of such Late Filed Claim. The holder of any USVI Proof of Claim shall only look to share in the distribution(s) made on account of the Allowed Claim.

6. To the extent not allowed herein, the USVI Proofs of Claim are disallowed for the purpose of receiving distributions from the Debtors' estates and the Trust.

7. Nothing in this Stipulation and Agreed Order constitutes a waiver or release of the right of the USVI Claimants, and the Plaintiffs and putative class members in the USVI Actions to file, assert, and/or continue to assert any claims and any putative class action litigation against any

---

[4] The term "USVI Plaintiffs" shall mean any current, past or future plaintiff in any USVI Action or in any other action or proceeding consolidated with any USVI Action.

of the Debtors as nominal defendants for the purpose of (a) establishing Claims against the Debtors and their Estates and (b) preserving rights with respect to insurance coverage for such Claims, or as otherwise permitted by the Confirmation Order.

8. Nothing in this Stipulation and Agreed Order constitutes a waiver or release of any claim that any USVI Claimants or any other person may have under any insurance policies that insure any of the Debtors and, in some instances, other non-debtor parties.

9. To be clear, notwithstanding this Stipulation and Agreed Order, the USVI Claimants and the Plaintiffs and putative class members in the USVI Actions have not waived or released any rights to pursue claims under the insurance policies of any of the Debtors, whether directly against the insurers or nominally against the Debtors.

10. Nothing in this Stipulation and Agreed Order constitutes a waiver or release of any rights contemplated by the Confirmation Order in connection with any insurance policies (including, but not limited to, the rights set forth in Paragraph 19(e) of the Confirmation Order).

11. Nothing in this Stipulation and Agreed Order shall prejudice the rights of the USVI Claimants or the Plaintiffs or putative class members in the USVI Actions to have the merits of their claims alleged in the USVI Actions tried and determined by a court of competent jurisdiction, outside of this Bankruptcy Case, subject to Paragraph 19(a) of the Confirmation Order, Article XIV of the Confirmed Plan and Paragraph 3 of the Order Granting Liquidating Trustee's Emergency Motion to Enforce the Confirmation Order.

12. Nothing in this Stipulation and Agreed Order shall amend, limit, remove or otherwise modify Paragraph 19(a) of the Confirmation Order, Article XIV of the Confirmed Plan and Paragraph 3 of the Order Granting Liquidating Trustee's Emergency Motion to Enforce the Confirmation Order and such provisions shall remain in full force and effect.

13. The undersigned counsel who executes this Stipulation and Agreed Order on behalf of the USVI Claimants represents that he/she is duly authorized to execute this Stipulation and Agreed Order on behalf of the USVI Claimants which that counsel represents and is operating within the scope of his/her authority.

14. The Debtors' claim agent may modify the claims register in accordance with this Stipulation and Agreed Order without further order of the Court.

15. Nothing contained herein shall be construed as a waiver by the Liquidation Trustee of his right to object to any and all claims scheduled by the Debtors or proofs of claim that may be filed by any other party in the Debtors' Chapter 11 Cases.

16. This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

17. The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party that they represent.

18. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court. No statement made or action taken in the negotiation of this Stipulation and Agreed Order may be used by any Party for any purpose whatsoever.

19. The Bankruptcy Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Agreed Order. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation and Agreed Order, and the matters agreed to by the Parties, shall be brought on proper notice and

in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

Signed: _____, 2025

                                       **CHRISTOPHER M. LOPEZ**
                                       **UNITED STATES BANKRUPTCY JUDGE**

IN WITNESS WHEREOF, this Stipulation and Agreed Order has been executed and delivered as of the day and year first below written.

Dated: January 15, 2025

By: /s/ *Aaron M. Guerrero*
**BONDS ELLIS EPPICH SCHAFER JONES LLP**

Ken Green
Texas State Bar No. 24036677
Aaron M. Guerrero
Texas State Bar No. 24050698
Bryan Prentice
Texas State Bar No. 24099787
402 Heights Blvd.
Houston, Texas 77007
(713) 335-4990 telephone
Email: ken.green@bondsellis.com
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

**COUNSEL FOR DAVID DUNN, THE LIQUIDATING TRUSTEE OF THE LBR LIQUIDATING TRUST**

Dated: January 15, 2025

**ATTORNEYS FOR USVI CLAIMANTS**

/s/ *Kerry J. Miller*
Kerry J. Miller, Esq.
Paul C. Thibodeaux, Esq.
E. Blair Schilling, Esq.
Rebekka C. Veith, Esq.
C. Hogan Paschal, Esq.
Carly J. McCleskey, Esq.
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Email: kmiller@fishmanhaygood.com
pthibodeaux@fishmanhaygood.com
bschilling@fishmanhaygood.com
rveith@fishmanhaygood.com
hpaschal@fishmanhaygood.com
cmccleskey@fishmanhaygood.com

/s/ *Lee J. Rohn*
Lee J. Rohn, Esq.
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
Email: lee@rohnlaw.com

/s/ *John K. Dema*
John K. Dema, Esq. (V.I. Bar. No. 357)
LAW OFFICES OF JOHN K. DEMA, PC
1236 Strand Street, Suite 103
Christiansted, St. Croix, VI 00820
Telephone: (340) 773-6142
Email: jdema@demalaw.com

/s/ *Vincent Colianni, II*
Vincent Colianni, II, Esq.
Vincent A. Colianni, Esq.
Marina Leonard, Esq.
COLIANNI & LEONARD LLC
2120 Company Street
Christiansted, VI 00820
Telephone: (340) 719-1766
Email: vinny@colianni.com
vince@colianni.com
marina@colianni.com

s/ *Martial A. Webster*
Martial A. Webster, Sr., Esq.
LAW OFFICE OF MARTIAL A. WEBSTER, SR.
116 Queen Cross St.
Frederiksted, VI 00840
PO Box 1568
Kingshill, VI 00851
Tel.: (340) 772-3555
Email: attywebster@hotmail.com